EILEEN M. DECKER
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
Assistant United States Attorney
National Security Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1786
     Facsimile: (213) 894-6436
     E-mail:    anthony.lewis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 14-173-CAS |
|---|---|
| Plaintiff, | [PROPOSED] ORDER DENYING MOTION |
| v. | |
| KEITH PRESTON GARTENLAUB, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Keith Preston Gartenlaub's Motion for Disclosure of FISA Material and Memorandum of Point and Authorities to Suppress the Fruits or Derivatives of Any Evidence Collected Pursuant to FISA or Other Foreign Intelligence Gathering (CR 70,[1] the "Motion"). For the reasons set forth below, it is ORDERED that the defendant's Motion is DENIED.

---

[1] "CR" refers to the Clerk's Record and is followed by the applicable docket control number.

Background

On August 27, 2014, Gartenlaub ("defendant") was arrested upon a complaint charging him in the Central District of California with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).  (CR 1.)  On August 27, 2014, the government filed its Notice of Intent to Use Foreign Intelligence Surveillance Act ("FISA") Information.  (CR 9.)  On October 23, 2014, a grand jury in the Central District of California returned an indictment charging the defendant with one count of attempted receipt and receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2)(A) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2). (CR 36.)

On February 2, 2015, the defendant filed his Motion, which seeks:  (1) review by this Court of all FISA applications and warrants ("the FISA materials"); (2) disclosure of these documents to defense counsel; (3) that this Court conduct an evidentiary hearing pursuant to Franks v. Delaware; and (4) suppression of any evidence obtained or derived from FISA search or surveillance ("the FISA information").  On May 4, 2015, the government filed a response in opposition[2] to the defendant's Motion, (CR 80, 82), and the defendant filed a reply on June 8, 2015.  (CR 90.)

---

[2] The government filed both a classified and an unclassified Memorandum in Opposition to the defendant's Motion.  All references herein to the government's response are to the unclassified memorandum.

## Findings

FISA contains specific and detailed procedures required for obtaining orders to authorize electronic surveillance and physical searches of a foreign power or an agent of a foreign power. To begin the FISA process, an application approved by the Attorney General that contains specific information is filed ex parte and under seal with the Foreign Intelligence Surveillance Court ("FISC") (50 U.S.C. §§ 1804(a), 1823(a)). The FISC must make necessary, specific findings after reviewing an application before entering an ex parte order (50 U.S.C. §§ 1805(a), 1823(a)), which specifically identifies the targeted facilities and directs how the electronic surveillance and physical searches are to be conducted. (50 U.S.C. §§ 1805(c)(1)-(2), 1824(c)(1)-(2)).

The Court has reviewed the defendant's Motion and the government's response and the Sealed Appendix thereto, including the FISA materials, as well as the defendant's reply to the government's response. After an in camera, ex parte review, and based on its analysis of all the materials submitted to the Court, and with the above in mind, the Court finds that:

(1) The President has authorized the United States Attorney General to approve applications to the FISC for electronic surveillance and for physical searches for foreign intelligence information and purposes;

(2) Each application was made by a federal officer and approved by the Attorney General (50 U.S.C. §§ 1805(a)(1), 1824(a)(1));

(3) Each application contained facts establishing probable cause to believe that the target of the electronic surveillance,

physical searches, or both, was at the time an agent of a foreign power (50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A));

(4)   No United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the United States Constitution (50 U.S.C. §§ 1805(a)(2)(A), 1824(a)(2)(A));

(5)   Each application made pursuant to 50 U.S.C. § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power (50 U.S.C. § 1805(a)(2)(B));

(6)   Each application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from, an agent of a foreign power or a foreign power (50 U.S.C. § 1824(a)(2)(B));

(7)   Each application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched contained foreign intelligence information (50 U.S.C. §§ 1823(a)(3)(B), 1824(a)(4));

(8)   The minimization procedures incorporated into the applications and orders met the requirements of 50 U.S.C. §§ 1801(h) or 1821(4) (50 U.S.C. §§ 1805(a)(3), 1824(a)(3)), and the government implemented such minimization procedures in conformity with an order of authorization or approval;

(9)   Each application contained all of the statements and certifications required by 50 U.S.C. §§ 1804 or 1823 (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

    (10)  No certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to 50 U.S.C. §§ 1804(a)(6)(E) or 1823(a)(6)(E) or any other information furnished under 50 U.S.C. §§ 1804(c) or 1823(c) (50 U.S.C. §§ 1805(a)(4), 1824(a)(4));

    (11)  A "significant purpose" of the government's collection pursuant to FISA was to collect foreign intelligence information (50 U.S.C. §§ 1804(a)(6)(B), 1823(a)(6)(B));

    (12)  Each order issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(c) or 1824(c);

    (13)  Each order issued by the FISC satisfied the requirements of 50 U.S.C. §§ 1805(d) or 1824(d);

    (14)  The defendant made no preliminary or substantial showing of a false statement, nor of a false statement that was material, nor a statement that was made knowing or intending it was false or with reckless disregard for its truth, in the FISA applications that would entitle him to a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  As there is no indication of any such false statements in the FISA applications, a Franks hearing is not warranted in this matter;

    (15)  Disclosure to the defense of the FISA materials is not required because the Court was able to make an accurate determination of the legality of the electronic surveillance and physical searches without disclosing the FISA materials or any portions thereof; and

    (16)  Due process does not otherwise require disclosure of the FISA materials.

## Discussion

The defendant seeks materials that were presented to the FISC, including the resulting FISC orders, that provided the legal basis for the electronic surveillance and physical searches from which some of the evidence that will be used against him was obtained or derived. By requesting the disclosure of the FISA materials, the defendant is seeking discovery of material that FISA specifically protects from such disclosure, except as provided in 50 U.S.C. §§ 1806(f), (g) and 1825(g), (h) (i.e., if disclosure is necessary for the Court to make a determination of the legality of the surveillance, or if due process requires discovery or disclosure).[3]

The Attorney General has filed a sworn declaration in this case stating that disclosure of the FISA materials or an adversary hearing would harm the national security of the United States. Therefore, as mandated by FISA, this Court conducted an in camera, ex parte review of the FISA materials to determine whether the information was lawfully acquired and whether the electronic surveillance and physical searches were made in conformity with an order of authorization or approval (i.e., were lawfully conducted). This in camera, ex parte review process under FISA satisfies due process under the United States Constitution. See, e.g., United States v. Ott, 827 F.2d 473, 476-77 (9th Cir. 1987) (ruling FISA's

---

[3] Two distinct due process considerations governed this Court's consideration. First, this Court considered whether the in camera, ex parte review process mandated by FISA Sections 1806(f) and 1825(g) accorded with due process. It does, as set forth in the cases cited below. Second, this Court considered whether the FISA materials contain any information that due process requires be disclosed to the defendant (e.g., Brady material) under FISA Sections 1806(g) and 1825(h). They do not.

in camera, ex parte procedures do not deprive a defendant of due process); United States v. Daoud, 755 F.3d 479, 481-83 (7th Cir. 2014) (upholding FISA's in camera, ex parte procedures); United States v. El-Mezain, 664 F.3d 467, 567 (5th Cir. 2011); United States v. Abu-Jihaad, 630 F.3d 102, 117 (2d Cir. 2010); United States v. Damrah, 412 F.3d 618, 624 (6th Cir. 2005); United States v. Butenko, 494 F.2d 593, 607 (3d Cir. 1974); United States v. Warsame, 547 F. Supp. 2d 982, 988-89 (D. Minn. 2008); United States v. Spanjol, 720 F. Supp. 55, 58-59 (E.D. Pa. 1989).  In conducting that review, the Court may disclose the FISA materials "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or search]."  50 U.S.C. §§ 1806(f), 1825(g).

After conducting its own review of the FISA materials, the Court finds that it does not require the assistance of the defense to make an accurate determination of the legality of the electronic surveillance and physical searches.  Thus, there is no valid, legal reason for disclosure of any of the FISA materials to the defendant. See United States v. Duggan, 743 F.2d 59, 78 (2d Cir. 1984) (holding that disclosure should occur only if the court determines that such disclosure is necessary to make an accurate determination of the legality of the surveillance); Daoud, 755 F.3d at 485 (holding that because legality of surveillance was apparent from in camera, ex parte review, disclosure to defense was not necessary).

As a result of the Court's thorough in camera, ex parte examination of the materials in the Sealed Appendix, the Court finds that the FISA materials provide all of the information needed to address the defendant's Motion.  The Court finds that the government

satisfied FISA's requirements to obtain orders for electronic surveillance and physical searches; that the information obtained pursuant to FISA was lawfully acquired; and that the electronic surveillance and physical searches were made in conformity with an order of authorization or approval.

Additionally, there is no basis for disclosure of the FISA materials pursuant to 50 U.S.C. §§ 1806(g) and 1825(h). Such disclosure is only permitted if this Court's in camera, ex parte review disclosed that due process requires discovery or disclosure. The Court finds that due process does not require disclosure of the FISA materials to the defendant.

Although federal courts are not in agreement whether the FISC's probable cause determinations should be reviewed de novo or accorded deference, the Court finds that the materials that it has reviewed in camera, ex parte satisfy either standard. The Court also finds that the probable cause requirement of FISA comports with the requirements of the Fourth Amendment to the United States Constitution. See, e.g., United States v. Cavanagh, 807 F.2d 787, 790-91 (9th Cir. 1987) (ruling that Fourth Amendment's probable cause and particularity requirements are satisfied for an order targeting a facility used by a foreign power); El-Mezain, 664 F.3d at 568-70; Abu-Jihaad, 630 F.3d at 117-19; United States v. Isa, 923 F.2d 1300, 1304 (8th Cir. 1991). FISA's "significant purpose" standard is also constitutional under the Fourth Amendment. See United States v. Duka, 671 F.3d 329, 343-45 (3d Cir. 2011).

Furthermore, the certifications submitted in support of a FISA application should be "subjected only to minimal scrutiny by the courts," United States v. Badia, 827 F.2d 1458, 1463 (11th Cir.

1987), and are to be "presumed valid." Duggan, 743 F.2d at 77 & n.6 (citing Franks v. Delaware, 438 U.S. 154, 171 (1978)); United States v. Campa, 529 F.3d 980, 993 (11th Cir. 2008); United States v. Sherifi, 793 F. Supp. 2d 751, 760 (E.D.N.C. 2011) ("a presumption of validity [is] accorded to the certifications"); United States v. Nicholson, 2010 WL 1641167 at *5 (D. Or., Apr. 21, 2010) (quoting United States v. Rosen, 447 F. Supp. 2d 538, 545 (E.D. Va. 2006)); Warsame, 547 F. Supp. 2d at 990 ("a presumption of validity [is] accorded to the certifications"). If the target is a United States person, then the district court should also ensure that each certification is not "clearly erroneous." Campa, 529 F.3d at 994; Duggan, 743 F.2d at 77; United States v. Kashmiri, No. 09 CR 830-4, 2010 WL 4705159 at *2 (N.D. Ill. Nov. 10, 2010). A certification is clearly erroneous only when "the reviewing court on the [basis of the] entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005); United States v. Islamic American Relief Agency ("IARA"), No. 07-00087-CR-W-NKL, 2009 WL 5169536, at *4 (W.D. Mo. Dec. 21, 2009). Applying these standards, this Court finds that the certifications at issue here were made in accordance with FISA's requirements.

The defendant also seeks an adversarial hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). A defendant is entitled to such a Franks hearing only where he has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included" in the FISA materials and that the allegedly false

statement was necessary to the FISC's approval of the application. See id. at 155-56. The defendant has made no such substantial preliminary showing here as to any false statements, whether any such false statements were material, and whether any such false statements were made knowingly, intentionally, or with reckless disregard for their truth, and therefore, is not entitled to a Franks hearing. The Court is aware that the defendant has not reviewed the FISA materials. Therefore, the Court has made an independent review of all the materials and has determined that there is no indication of any false statements having been included in the FISA materials. Daoud, 755 F.3d at 484-85 (holding that district judge should determine viability of Franks challenge based on ex parte, in camera review).

Lastly, the Sixth Amendment's right to confrontation is not a basis for granting access to the FISA materials at issue. The right to confrontation is "not absolute" and may bow to accommodate legitimate interests in the criminal trial process without violating the defendant's Sixth Amendment rights. Isa, 923 F.2d at 1306-07; see Ott, 827 F.2d at 475, 477 (affirming district court's denial of motion to suppress FISA information where defendant challenged in camera, ex parte procedures based on Fifth and Sixth Amendment, and affirming denial of request to provide cleared counsel with FISA materials).

## Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that the defendant's Motion is DENIED; and

IT IS HEREBY FURTHER ORDERED that the government's FISA applications, orders, and other related materials and its classified

submissions for this matter are SEALED and shall be retained in accordance with established security procedures by the Classified Information Security Officer or his/her designee.

IT IS SO ORDERED.

This 6th day of August, 2015

```
                          _____
                          HONORABLE CHRISTINA A. SNYDER
                          United States District Judge
```

Presented by:

```
    /s/
_____
ANTHONY J. LEWIS
Assistant United States Attorney
```

11