1  EILEEN M. DECKER
   United States Attorney
2  PATRICIA A. DONAHUE
   Assistant United States Attorney
3  Chief, National Security Division
   ANTHONY J. LEWIS (Cal. Bar No. 231825)
4  Assistant United States Attorney
   Deputy Chief, Terrorism and Export Crimes Section
5  VICKI CHOU (Cal. Bar No. 248598)
   Assistant United States Attorney
6  OCDETF Section
        1500/1400 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone:    (213) 894-1786/8692
        Facsimile:    (213) 894-3713/0142
9       E-mail:  anthony.lewis@usdoj.gov
                 vicki.chou@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12              UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. SA CR 14-173-CAS

15            Plaintiff,              GOVERNMENT'S MOTION IN LIMINE #1
                                      TO EXCLUDE DEFENDANT'S PROPOSED
16            v.                      EXPERT TESTIMONY REGARDING
                                      DEFENDANT'S SEXUAL PREFERENCES;
17 KEITH PRESTON GARTENLAUB,          DECLARATION OF VICKI CHOU

18            Defendant.              Trial Date:  December 8, 2015
                                      Trial Time:  9:30 a.m.
19

20

21

22       Plaintiff United States of America, by and through its counsel

23 of record, the United States Attorney for the Central District of

24 California and undersigned counsel, hereby files the Government's

25 Motion in Limine #1 To Exclude Defendant's Proposed Expert Testimony

26 Regarding Defendant's Sexual Preferences.

27       This motion is based upon the attached memorandum of points and

28 authorities, the files and records in this case, and such further

1  evidence and argument as the Court may permit.  The government

2  respectfully requests the opportunity to supplement its motion as may

3  become necessary.

4

5  Dated: November 16, 2015          Respectfully submitted,

6                                    EILEEN M. DECKER
                                     United States Attorney
7
                                     PATRICIA A. DONAHUE
8                                    Assistant United States Attorney
                                     Chief, National Security Division
9

10                                        /s/
                                     _____
11                                   ANTHONY J. LEWIS
                                     VICKI CHOU
12                                   Assistant United States Attorneys

13                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

DESCRIPTION                                                                 PAGE

TABLE OF AUTHORITIES ............................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

I.    INTRODUCTION ................................................. 1

II.   BACKGROUND ................................................... 2

      A.   CHARGES ................................................ 2

      B.   PROFFERED EXPERT TESTIMONY ............................. 4

III.  ARGUMENT ..................................................... 5

      A.   DEFENDANT'S SEXUAL PREFERENCES HAVE NO RELEVANCE TO
           ANY FACT OF CONSEQUENCE IN THIS CASE ................... 6

      B.   ANY MINIMAL PROBATIVE VALUE OF DEFENDANT'S PROFFERED
           EXPERT TESTIMONY IS SUBSTANTIALLY OUTWEIGHED BY THE
           RISK OF THE MISLEADING, TIME-CONSUMING SIDESHOW ......... 9

      C.   THE PROPOSED EXPERT TESTIMONY IMPROPERLY OPINES ON THE
           ULTIMATE ISSUE OF FACT ................................ 14

      D.   ANY STATEMENTS FROM THE DEFENDANT OFFERED INTO
           EVIDENCE THROUGH THE EXPERT'S TESTIMONY WOULD
           IMPERMISSIBLY VIOLATE RULE 801(d)(2)(A) ............... 18

      E.   IF DEFENDANT FAILS TO COMPLY WITH RULE 16, THE COURT
           SHOULD ALSO EXCLUDE THE EXPERT TESTIMONY ON THAT BASIS .. 19

IV.   CONCLUSION .................................................. 20

## TABLE OF AUTHORITIES

DESCRIPTION                                                                    PAGE

**FEDERAL CASES**

Clark v. Arizona,
    548 U.S. 735, 126 S. Ct. 2709 (2006) ......................... 9

Daubert v. Merrell Dow Pharmaceuticals, Inc.,
    509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) ... 7, 13

People v. Stoll,
    49 Cal. 3d 1136, 265 Cal. Rptr. 111, 783 P.2d 698 (1989) ..... 16

United States v. Aguila-Montes de Oca,
    655 F.3d 915 (9th Cir. 2011) ................................. 9

United States v. Banks,
    36 M.J. 150 (C.M.A. 1992) ................................... 16

United States v. Benveniste,
    564 F.2d 335 (9th Cir. 1977) ................................ 13

United States v. Campos,
    217 F.3d 707 ................................................ 14

United States v. Cook,
    53 F.3d 1029 (9th Cir. 1995) ................................ 16

United States v. Demosthene,
    334 F. Supp. 2d 378 (S.D. N.Y. 2004) ........................ 19

United States v. Duran,
    41 F.3d 540 (9th Cir. 1994) ................................. 19

United States v. Esch,
    832 F.2d 531 (10th Cir. 1987) ............................... 15

United States v. Espinoza-Baza,
    647 F.3d 1182 (9th Cir. 2011) ............................... 13

United States v. Fernandez,
    839 F.2d 639 (9th Cir. 1988) ................................ 19

United States v. Gomez-Osorio,
    957 F.2d 636 (9th Cir. 1992) ................................ 15

United States v. Hanna,
    293 F.3d 1080 (9th Cir. 2002) ............................... 17

United States v. Hicks,
    103 F.3d 837 (9th Cir. 1996) ................................ 10

1

**TABLE OF AUTHORITIES (CONTINUED)**

2       DESCRIPTION                                                    PAGE

3       United States v. Hunter,
            No. 10-50084, 445 Fed. Appx. 998,
4           2011 WL 3423802 (9th Cir. 2011) ............................ 10

5       United States v. Juvenile Male,
            864 F.2d 641 (9th Cir. 1988) ................................ 15
6
        United States v. Kessi,
7           868 F.2d 1097 (9th Cir. 1989) ............................... 17

8       United States v. Lewis,
            837 F.2d 415 (9th Cir. 1988) ............................. 15, 1
9
        United States v. Lord,
10          711 F.2d 887 (9th Cir. 1983) ................................ 15

11      United States v. Marin,
            669 F.2d 73 (2d Cir. 1982) .................................. 18
12
        United States v. Marsh,
13          26 F.3d 1496 (9th Cir. 1994) ................................. 8

14      United States v. McDaniel,
            398 F.3d 540 (6th Cir. 2005) ................................ 18
15
        United States v. Morales,
16          108 F.3d 1031 (9th Cir. 1997) ............................. 7, 17

17      United States v. Ortega,
            203 F.3d 675 (9th Cir. 2000) ............................ 18, 19
18
        United States v. Palow,
19          777 F.2d 52 (1st Cir. 1985) ................................. 18

20      United States v. Phelps,
            572 F. Supp. 262 (E.D. Ky. 1983) ........................... 19
21
        United States v. Pires,
22          642 F.3d 1 (1st Cir. 2011) .................................. 13

23      United States v. Powers,
            59 F.3d 1460 (4th Cir. 1995) ................................. 8
24
        United States v. Rodriguez-Rodriguez,
25          393 F.3d 849 (9th Cir. 2005) ................................. 9

26      United States v. Singaglio,
            942 F.2d 581 (9th Cir. 1991) ................................ 20
27
        United States v. Verduzco,
28          373 F.3d 1022, 1034 (9th Cir. 2004) ........................ 15

1

**TABLE OF AUTHORITIES (CONTINUED)**

2  DESCRIPTION                                                      PAGE

3  United States v. Wallenfang,
     568 F.3d 649 (8th Cir. 2009) ................................. 7

4

5  United States v. Weber,
     923 F.2d 1338 (9th Cir. 1990) ............................... 8

6  **FEDERAL STATUTES**

7  18 U.S.C. § 2252A ............................................. 3, 4

8  18 U.S.C. § 2256 ................................................. 4

9  **FEDERAL RULES**

10  Fed. R. Evid. 402 ............................................... 6

11  Fed. R. Evid. 403 ............................................... 9

12  Fed. R. Evid. 704 ........................................... 14, 17

13  Fed. R. Evid. 801 .............................................. 18

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant is charged with receipt and attempted receipt of child pornography, and with possession of child pornography.  The charges are based on a collection of dozens of videos depicting child pornography found on defendant's computers, and which collection appears in seven different locations on four hard drives.

Based on assertions by defense counsel, the government expects that defendant's defense at trial will be that he was not the one who placed the child pornography onto his hard drives, and he did not know the child pornography was there.  As part of this defense, defendant has provided notice on November 12, 2015 that he has retained Dr. Trayci Dahl as an expert witness who is expected to testify that defendant does not have the traits of a pedophile or someone interested in child pornography.  Dr. Dahl's testimony would therefore be that defendant is unlikely to have downloaded and/or viewed the child pornography on his computer and that the identity of the person likely to have downloaded/possessed/viewed the child pornography is someone unlike the defendant.  Defendant is in the process of obtaining a summary of the expert's findings and has not yet produced it.

Defendant's proposed testimony should be excluded as irrelevant, improper expert testimony that attempts an end-run around the rules of evidence barring hearsay.  Whether or not defendant is a pedophile is not relevant to any of the elements of the charged defenses, and thus would not assist the jury and would only serve to confuse the jury as to the actual facts at issue.  Although couched in terms of the identity of the person who did download and knowingly possess the

1   child pornography, the proffered expert testimony would render an

2   inadmissible opinion as to the ultimate fact at issue:   whether

3   defendant had the requisite state of mind to commit the crimes

4   charged.

5        Although defendant has not yet produced a summary of the

6   expert's findings, defense counsel has represented that the findings

7   are based on the expert's review of the circumstances of the

8   defendant's life, which the government believes would be obtained

9   solely or primarily through representations by defendant.   If

10  defendant does not testify, then the expert testimony would be a

11  vehicle for relaying defendant's statements and introducing

12  inadmissible hearsay.   If defendant does testify to the effect that

13  he does not like or seek child pornography, then the proffered

14  testimony would still be hearsay and would also be both cumulative

15  and would serve only to bolster defendant's own statements by

16  relaying them with the weight of an expert's testimony.

17  II.   BACKGROUND

18        A.   CHARGES

19        Defendant has been charged in a two-count indictment with (1)

20  receipt and attempted receipt of child pornography between July 27,

21  2001 and December 31, 2005 and (2) possession of child pornography on

22  August 27, 2014.

23        These charges stem from files found on defendant's hard drives,

24  obtained from three different locations:   defendant's residence and

25  his two storage units.   The government has identified several dozen

26  unique child pornography files that appeared in each of the multiple

27  copies of that collection found on these different devices.   As the

28  government will be setting forth in its trial memorandum, the

government expects the evidence to show that between and on the dates charged, defendant obtained and collected child pornography on a number of different hard drives seized and searched by the government.

The government does not expect that defendant will contest that these devices were his; rather, defendant will contest that he downloaded the child pornography or knew of their existence on his devices.  The government expects that its proof of knowing receipt and possession will primarily derive from forensic testimony about what was done with the child pornography files, other files clearly linked to defendant, and other files in the vicinity of the child pornography files.

The elements of receipt of child pornography are:

(1)   First, that the defendant knowingly received a visual
       depiction of a minor engaged in sexually explicit conduct;

(2)   Second, that the defendant knew the visual depiction was of
       a minor engaged in sexually explicit conduct;

(3)   Third, that the defendant knew that production of the
       visual depiction involved use of a minor in sexually
       explicit conduct; and

(4)   Fourth, that the visual depiction had been mailed, shipped,
       or transported in or affected interstate or foreign
       commerce.

Ninth Circuit Model Criminal Jury Instruction No. 8.185 (Sexual Exploitation of Child -- Possession of Child Pornography); 18 U.S.C. § 2252A(a)(2)(A).

The elements of attempted receipt of child pornography are:

1         (1)   First, the defendant intended to commit the crime of

2                 receiving of child pornography; and

3         (2)   Second, that the defendant did something that was a

4                 substantial step toward committing the crime.

5 Ninth Circuit Model Criminal Jury Instruction No. 5.3 (Attempt), No.

6 8.185 (Sexual Exploitation of Child – modified); 18 U.S.C.

7 § 2252A(a)(2)(A)].

8     The elements of possession of child pornography are:

9         (1)   First, that the defendant knowingly possessed a computer

10                 disk or any other material that defendant knew contained a

11                 visual depiction of a minor engaged in sexually explicit

12                 conduct;

13         (2)   Second, that the defendant knew the visual depiction was of

14                 a minor engaged in sexually explicit conduct;

15         (3)   Third, that the defendant knew that production of the

16                 visual depiction involved use of a minor in sexually

17                 explicit conduct; and

18         (4)   Fourth, that the visual depiction had been mailed, shipped,

19                 or transported in or affected interstate or foreign

20                 commerce, or was produced using material that had been

21                 mailed, shipped, or transported in interstate or foreign

22                 commerce by computer or other means.

23 Ninth Circuit Model Criminal Jury Instruction No. 8.185 (Sexual

24 Exploitation of Child -- Possession of Child Pornography), modified

25 for 18 U.S.C. § 2252A(a)(5)(B); 18 U.S.C. § 2256.

26     **B.**   **PROFFERED EXPERT TESTIMONY**

27     Defendant's proffered expert testimony is that Dr. Dahl will

28 testify that Keith Gartenlaub does not have the traits of a pedophile

1   or one interested in child pornography and that, therefore, he is

2   unlikely to have downloaded and/or viewed the child pornography in

3   his computer and that the identity of the person likely to have

4   downloaded and/or possessed and/or viewed the child pornography is

5   someone very unlike Keith. (Declaration of Vicki Chou ("Chou

6   Decl.")).

7       In a telephone conversation about defendant's proposed expert

8   witness, defense counsel also represented that the testimony would be

9   based on various circumstances of defendant's life, such as his

10  marriage to an adult woman. (Chou Dec. ¶ 1.) Defense counsel also

11  represented that the expert's opinion regarding defendant's sexual

12  preferences assumed that defendant did not possess child pornography.

13  (Id.)[1]

14  III. ARGUMENT

15      The proffered expert testimony violates basic standards of

16  relevancy, the standards set forth for expert testimony under Rule

17  702 and 704, and furthermore introduces a time-consuming, misleading

18  sideshow to the jury. The bulk of the proposed defense testimony

19  will not be helpful to the jury in interpreting the evidence: the

20  government need not prove that defendant bears the characteristics of

21  a pedophile or any other category of person in order to show that he

22  knowingly downloaded, attempted to download, and knowingly possessed

23  videos containing child pornography.

24

25      [1] Previously, on January 26, 2014, counsel for defendant asked

26  if the government would oppose the defense offering an expert's
    opinion similar to the one now proffered. (Chou Decl. ¶ 4). The

27  government responded that it cannot take a position without any more
    detail than what was provided. (Id.) Defendant's current notice

28  does not provide any more detail. (Id. ¶ 3).

1    Much of the remaining testimony by the expert will likely be

2    subject to exclusion pursuant to a rule against hearsay.  The

3    government requests that the Court exclude the proposed defense

4    expert in its entirety as the limited probative value of the evidence

5    would be based only on defendant's own statements, and relay as

6    inadmissible hearsay those statements, whether defendant testifies or

7    not.  It is also likely to confuse the jury, as they need not find

8    that defendant is a pedophile, and is likely to extend the trial onto

9    issues extraneous to the facts before the jury.  Moreover, as

10   defendant has not yet given a complete notice, the government and the

11   Court do not have a basis on which to probe whether the proposed

12   expert's testimony is scientifically sound or generally accepted in

13   the relevant field of expertise.

14   **A.   DEFENDANT'S SEXUAL PREFERENCES HAVE NO RELEVANCE TO ANY
         FACT OF CONSEQUENCE IN THIS CASE**

15

16   Federal Rule of Evidence 402 provides, in part, that "[e]vidence

17   which is not relevant is not admissible."  Fed. R. Evid. 402.

18   Federal Rule of Evidence 702(a) governing expert testimony further

19   requires that expert testimony must assist the jury to understand the

20   evidence or to determine a fact in issue.[2]  Rule 702 requires that

21   there be a justification for an expert's testimony in the particular

22

23   [2] Rule 702 also requires that the expert's testimony be "based
     on sufficient facts or data" and be "the product of reliable

24   principles and methods."  Since defendant has not yet at this time
     produced any information regarding the expert's specific findings or

25   the bases or methods for those findings, the government is unable to
     provide briefing on these and other Daubert matters.  The government

26   reserves the right to move to exclude the expert on those grounds as
     well once the defendant has produced a summary of findings to the

27   government, but submits that the grounds asserted in this motion are
     a sufficient basis upon which the Court may rule to exclude the

28   expert.

6

1   case.  United States v. Morales, 108 F.3d 1031, 1035 (9th Cir. 1997)

2   (en banc).  To be admissible, expert testimony must be "sufficiently

3   tied to the facts of the case that it will aid the jury in resolving

4   a factual dispute."  Daubert v. Merrell Dow Pharmaceuticals, Inc.,

5   509 U.S. 579, 591, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)

6   (internal quotation marks and citation omitted).

7        In this case, Dr. Dahl's testimony will not be helpful to the

8   jury in understanding the evidence presented by the government or the

9   defense, which will in large part consist primarily of percipient

10  witness testimony regarding multiple searches and the findings of a

11  forensic expert.  The only evidence it could help the jury understand

12  would be defendant's own statements to the expert, which is both

13  hearsay and bootstrapping to present it through the testimony of an

14  expert.  Whether or not defendant's behavior conforms to that of a

15  pedophile or someone generally interested in child pornography is not

16  one of the facts at issue.

17       Defendant's sexual preferences are not on trial.  Defendant has

18  not been charged with touching or molesting any child or even with

19  having interest in children displayed in a sexual manner.  Whether or

20  not he has any sexual interest in children is beside the point and

21  does not address any element of any of the offenses.  Defendant could

22  have downloaded and kept child pornography out of curiosity, or to

23  trade for other kinds of pornography as an item of value, or any

24  myriad of reasons unrelated to sexual interest in children.  Why

25  defendant committed the offenses is not a matter the jury must

26  decide.  See United States v. Wallenfang, 568 F.3d 649, 660 (8th Cir.

27  2009) (affirming district court's decision to exclude expert's

28  testimony that defendant was not a pedophile where defendant's motive

7

1 in producing, distributing, and possessing child pornography was
2 immaterial and irrelevant since "the relevant factual inquiry in this
3 case is not whether the pictures in issue appealed, or were intended
4 to appeal, to [defendant's] sexual interests but whether, on their
5 face, they appear to be of a sexual character.") (citation omitted);
6 United States v. Powers, 59 F.3d 1460, 1472-73 (4th Cir. 1995)
7 (affirming exclusion of expert testimony that defendant did not fit
8 psychological profile of pedophile due to lack of valid scientific
9 connection to pertinent inquiry); United States v. Marsh, 26 F.3d
10 1496, 1502-03 (9th Cir. 1994) (affirming exclusion of proffered
11 expert witness testimony in an extortion case in part because the
12 connection between the proffered psychiatric testimony and
13 defendant's state of mind was "far too attenuated").

14      Indeed, the relevance expert's proffered testimony would be
15 based on a flawed premise--that defendant must have been a pedophile
16 in order to have wanted or actually received and possessed the videos
17 child pornography.  For example, in his motion to quash evidence
18 obtained from the search warrants, defendant cited Ninth Circuit
19 authority that noted three well-established categories of persons who
20 keep child pornography in their homes:  collectors, pedophiles, and
21 molesters.  (CR 67 at 8); United States v. Weber, 923 F.2d 1338, 1345
22 (9th Cir. 1990).  Under this Ninth Circuit law, collectors and
23 pedophiles are distinct categories of persons likely to have child
24 pornography in their homes.

25      Highlighting the proffered expert's inability to assist the
26 trier of fact in analyzing evidence is that her analysis is based on
27 defendant's statements to her long after the child pornography was
28 originally acquired, when defendant is in a very different position

1   with different incentives.   The indictment charges conduct beginning

2   in 2001, and forensic artifacts indicate that most of the child

3   pornography on defendant's devices was accumulated between then and

4   2006.   The expert's evaluation of defendant's current state has even

5   less bearing on the facts at issue.   Cf. United States v. Rodriguez-

6   Rodriguez, 393 F.3d 849, 856 (9th Cir. 2005) (upholding trial court's

7   exclusion of defendant's witness where expert's testimony would not

8   relate to conduct observed on the date of arrest), overruled on other

9   grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th

10  Cir. 2011).   Simply put, the expert's opinion would be based on

11  defendant's statements to her on the eve of trial a year after he has

12  been arrested for receiving and possessing child pornography,

13  approximately ten years after the child pornography was acquired.

14      Whether under Rule 402 or Rule 702, defendant cannot establish

15  the necessary connection between the proposed expert and any fact at

16  issue in the trial.   The Court should exclude the proposed defense

17  expert as irrelevant and not helpful to the jury in deciding any

18  actual fact of consequence.

19      **B.   ANY MINIMAL PROBATIVE VALUE OF DEFENDANT'S PROFFERED EXPERT
        TESTIMONY IS SUBSTANTIALLY OUTWEIGHED BY THE RISK OF THE**

20      **MISLEADING, TIME-CONSUMING SIDESHOW**

21      Federal Rule of Evidence 403 states:

22      [a]lthough relevant, evidence may beexcluded if its
        probative value is substantially outweighed by the danger

23      of unfair prejudice, confusion of the issues, or misleading
        the jury, or by considerations of undue delay, waste of

24      time, or needless presentation of cumulative evidence.

25  Fed. R. Evid. 403.

26      Exclusion of evidence based on the Rules of Evidence does not

27  contravene any constitutional rights of the defendants.   See Clark v.

28  Arizona, 548 U.S. 735, 770, 126 S. Ct. 2709 (2006) (internal

9

1    citations and quotations omitted) ("While the Constitution . . .

2    prohibits the exclusion of defense evidence under rules that serve no

3    legitimate purpose or that are disproportionate to the ends that they

4    are asserted to promote, well-established rules of evidence permit

5    trial judges to exclude evidence if its probative value is outweighed

6    by certain other factors such as unfair prejudice, confusion of the

7    issues, or potential to mislead the jury.").

8         Even if there were slight probative value to the testimony of

9    the proposed defense expert, it would divert the jury on a time-

10   consuming, misleading slideshow, and would therefore be excludable

11   under Rule 403.  See United States v. Hicks, 103 F.3d 837, 847 (9th

12   Cir. 1996) ("district court may exercise its discretion to exclude

13   expert testimony if it finds that the testimony would waste time,

14   [or] confuse or not materially assist the trier of fact").

15        Because any probative value would require defense counsel to

16   first establish that defendant did not have pedophilic impulses,

17   introduction of this expert testimony would then involve a mini trial

18   on defendant's sexual orientation, including, potentially, a

19   competing government expert.  This would waste time and unduly

20   lengthen the trial, particularly since defense counsel's proffer

21   suggests that the expert's opinion will involve recounting

22   defendant's sexual history.  See United States v. Hunter, No. 10-

23   50084, 445 Fed. Appx. 998, 2011 WL 3423802, at *2 (9th Cir. Aug. 5,

24   2011) (unpublished decision) (upholding district court's exclusion of

25   defendant's 'life-long' story where it was "not directly relevant to

26   the issue of her criminal intent and would have been diverting").

27        It would also necessarily open the proffered expert to cross

28   examination as to the bases for her opinion.  Here, the basis

1    proffered by defendant is the information defendant himself would

2    supply to here.  As noted above, however, the evidence at trial will

3    focus on the contents of, and the forensic artifacts left on,

4    defendant's computers.  Specifically, the government had agreed not

5    to introduce evidence in its case-in-chief regarding the presence of

6    a document titled "Child Prostitution and Sex Tourism:  Thailand,"

7    which is a research paper about the issue of child sex tourism in

8    Thailand.[3]  That document was titled "ecpat_sex_tourism_thailand.pdf"

9    and it was stored deep in sub-folders nearby defendant's child

10   pornography.  This document, while stored nearby to the child

11   pornography that defendant is expected to disavow, can be tied more

12   closely to defendant.

13       Specifically, an external hard drive was found at one of the

14   storage units that contained the contents of three folders, each of

15   which had been backed up on three specific dates in 2005 and 2006.

16   One of those folders was "OrigData," that contained defendant's child

17   pornography along with other personal correspondence and other files.

18   Another folder that was backed up contained a number of defendant's

19   documents, including those with his name in the title.  And the third

20   folder, which was backed up at the same time, contained Internet

21   _____

22       [3] The parties have discussed and agreed to certain issues that
     will not be raised at trial.  Specifically, the government had agreed
23   it would not raise this specific document in its case-in-chief, other
     than to refer to it generically as a file that moved between
24   different folder locations near the videos containing child
     pornography.  As noted in the government's Notice of Intent to
25   Introduce Business Records (CR 116 at 4), it has agreed to redact the
     contents of a photograph of defendant's genitals, although it will
26   introduce testimony as to what the photograph depicted without
     showing the photograph itself.  Defendant has agreed not to introduce
27   evidence related to the subject matter of the previous investigation
     of defendant unrelated to the charges for which defendant is pending
28   trial.

11

favorites, _i.e.,_ the websites he had bookmarked.  In addition to bookmarking a web page for the type of camera that took most of defendant's personal photographs, and a Yahoo! mail website, where defendant maintained an e-mail account, it also contained a folder for "Thailand," a country where defendant traveled.  The links in that folder contained the following:

- Bangkok Sexy Girls - Thai Massage - Escort Services and more... at One Night in Bangkok.url
- Thailand - TravelSexGuide Thai bargirls, Bangkok escorts, nightclubs and body massage.url
- Dexterhorns FIND SEX Thailand 2000 Book.url
- Main Index re Sex with Hookers in Thailand and Philippines.url
- World Sex Guide.url
- A Collection of Prostitution Reports from around the World..url
- Prostitution Information and Prostitution Database.url
- WorldSexGuide Region Overview.url

Logically, because defendant is likely the person who backed up his own files along with his Internet favorites, he is likely the person who researched prostitution in Thailand, and thus is also likely the person who stored a copy of a report about child sex tourism in Thailand, which was then moved from one folder to another.[4]  If the proffered expert's testimony is that defendant is not the type of person who would want or seek out child pornography based on the expert's discussions with defendant, the government is entitled to cross examine the expert based on this evidence that reflects at a minimum an interest in the subject.

---

[4] No witness interviewed by the government has stated that that they were aware of defendant having sex with children when he went to Thailand.  If defendant's expert, however, is testifying about the likelihood of defendant wanting the child pornography videos that were found on his computer, then the expert can be cross examined about other types of files that are tied to defendant's own computer use that reflect an interest in sex with children.

12

1    Furthermore, depending on what the results of Dr. Dahl's

2    findings are, the government may also seek to have defendant

3    evaluated by its own expert.

4    This sub-trial would also confuse the jury about the actual

5    facts at issue, suggesting that they would need to find defendant to

6    be a pedophile in order to find him guilty of the offenses charged,

7    which is not the law.  See United States v. Pires, 642 F.3d 1, 11

8    (1st Cir. 2011) (upholding district court's exclusion of expert

9    testimony on basis that such testimony might well "shift attention

10   away from [a] key question - whether defendant had knowledge of the

11   contents of the videos - to a wholly irrelevant one - whether or not

12   he is a pedophile.")  There is also high potential prejudice to

13   admitting the testimony.  As the Supreme Court stated in Daubert,

14   expert "evidence can be both powerful and quite misleading because of

15   the difficulty in evaluating it."  Daubert, 509 U.S. at 591, 595

16   (internal quotation marks and citation omitted).

17   Here, particularly where the expert's testimony would suggest

18   the jury's decision should be made on an irrelevant or improper

19   basis, the Court should exclude it.  See United States v. Benveniste,

20   564 F.2d 335, 339 (9th Cir. 1977) (affirming exclusion of

21   psychiatrist's testimony concerning drug dealer's psychological

22   susceptibility to the government's inducement and lack of

23   predisposition on grounds of likely jury confusion where entrapment

24   was an issue).

25   Under Ninth Circuit precedent, "even a 'small risk of misleading

26   the jury' substantially outweighs the probative value of minimally

27   probative evidence."  See United States v. Espinoza-Baza, 647 F.3d

28   1182, 1189-90 (9th Cir. 2011) (upholding district court's exclusion

13

of evidence that defendant's grandfather was born in United States where evidence would have created substantial risk of confusion and "might have caused the jury to base its verdict on highly speculative evidence rather than Espinoza-Baza's guilt or innocence"). Given the crimes charged and the anticipated evidence, the expert testimony will only confuse and mislead the jury and should be excluded under Rule 403.

### C. THE PROPOSED EXPERT TESTIMONY IMPROPERLY OPINES ON THE ULTIMATE ISSUE OF FACT

The most arguably relevant testimony in this case -- that defendant is unlikely to have intended to download child pornography or known it was on his computers -- is separately excludable as an improper opinion on an ultimate issue of fact. Fed. R. Evid. 704(b). Rule 704(b) bars an expert from stating an opinion or an inference as to whether a defendant had the mental state or condition constituting an element of the charged offense or attendant defense. It states:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed. R. Evid. 704(b).

The Ninth Circuit routinely upholds district court rulings under Rule 704(b) excluding expert testimony about the state of mind of a defendant. See, e.g., United States v. Campos, 217 F.3d 707, 711-12 (affirming exclusion of expert polygraph testimony in marijuana possession and importation trial, explaining that a prohibited "opinion or inference" under Rule 704(b) is "testimony from which it necessarily follows, if the testimony is credited, that the defendant

14

1   did or did not possess the requisite mens rea."); United States v.

2   Lord, 711 F.2d 887, 889, 892 (9th Cir. 1983) (finding that district

3   court properly excluded expert psychiatrist's testimony that

4   defendant was unusually susceptible to entrapment).

5       An expert may not substitute her judgment as to the defendant's

6   state of mind by testifying that because of the defendant's

7   personality, he would not have acted in a particular manner.  See

8   United States v. Esch, 832 F.2d 531, 535 (10th Cir. 1987) (affirming

9   exclusion in a child sexual exploitation case of psychologist's

10  testimony regarding defendant's values regarding sexuality and nudity

11  on the ground that the issue of intent is for the jury); see also

12  United States v. Verduzco, 373 F.3d 1022, 1034 (9th Cir. 2004)

13  (affirming exclusion of expert witness's testimony offered to

14  establish defendant's subjective fear of police authorities, stating

15  "only sharp limitations could conceivably have protected the

16  testimony from running afoul of Rule 704(b)"); United States v.

17  Gomez-Osorio, 957 F.2d 636, 642 (9th Cir. 1992) (holding that

18  government expert witness's testimony that defendant structured

19  monetary transactions to avoid reporting requirements violated Rule

20  704(b)); United States v. Lewis, 837 F.2d 415, 418 (9th Cir. 1988)

21  (affirming exclusion of proffered psychiatrist's testimony as to

22  defendant's mental state and motivation in a murder case even though

23  defendant's defense was that he believed the severe corporal

24  punishment he inflicted on his child was necessary); United States v.

25  Juvenile Male, 864 F.2d 641, 647-48 (9th Cir. 1988) (affirming

26  exclusion of doctor's expert testimony as to whether defendant had

27  requisite criminal intent even though defendant was charged with a

28

1   specific intent crime and alleged his intoxication negated formation

2   of requisite intent).

3        In United States v. Cook, 53 F.3d 1029, 1031 (9th Cir. 1995),

4   the Ninth Circuit disapproved expert witness testimony that had the

5   intended effect of defendant's proposed testimony.  In Cook, the

6   government elicited testimony from its psychiatric expert that

7   entering a bank, demanding money from a teller, claiming to have a

8   gun and threatening the teller, is inconsistent with a delusional

9   belief that one has money in the bank.  53 F.3d at 1031.  The Ninth

10  Circuit criticized the admission of such testimony, because it "went

11  very close to stating an 'inference as to whether the defendant did

12  or did not have the mental state or condition constituting an element

13  of the crime charged,' the very kind of testimony forbidden by Rule

14  704(b)."  Id. (citation omitted).

15       In order to expedite the Court's consideration of the issue, the

16  government notes that defendant has cited People v. Stoll, 49 Cal. 3d

17  1136, 265 Cal. Rptr. 111, 127, 783 P.2d 698, 714 (1989), to support

18  his position that the evidence would be admissible.  That case,

19  however, is distinguishable because it rests on California caselaw

20  and statutory law that explicitly permits persons accused of

21  committing lascivious acts with children to tender evidence of

22  nondeviance.  Id. at 1152-53.  The basis for the Stoll decision does

23  not exist under federal law.  See United States v. Banks, 36 M.J.

24  150, 165 & n.17 (C.M.A. 1992) (noting that "federal and state courts

25  have almost unanimously rejected opinion evidence of the type

26  tendered by appellant," i.e., pedophile profile evidence, and noting

27  Stoll as the outlier).

28

Juries routinely decide without expert testimony whether defendants had the culpable mental state at the time of their crimes; it is a subject uniquely within the province of juries.  The House Judiciary Committee report on Rule 704(b) recognized this, stating:

> [N]o person can be said to have expertise regarding the legal and moral decision involved.  Thus, with regard to the ultimate issue, the psychiatrist, psychologist or other similar expert is no more qualified that an lay person.

H.R. Rep. No. 577, 98th Cong., 1st Sess. 16 (1983), quoted in Morales, 108 F.3d at 1036.  The subject of defendant's mental state at the time of the crime is no more the proper province of expert testimony here than in any other case.  Fed. R. Evid. 704(b); see United States v. Kessi, 868 F.2d 1097, 1108 (9th Cir. 1989) (testimony by defendant's psychiatric expert as to whether defendant had the requisite intent to commit the crimes charged was inadmissible under Fed. R. Evid. 704(b)).

If admitted, there is therefore significant danger that the jury will substitute what Dr. Dahl says and what they understand Dr. Dahl's findings to be for their own fact-finding on the issue of defendant's intent.  See United States v. Hanna, 293 F.3d 1080, 1086-87 (9th Cir. 2002) (holding admission of expert witness testimony assessing whether letters constituted threats was error because it "created a significant danger" that the jurors would defer to the expert rather than rely on their own judgment).  This Court should exclude any testimony that purports to opine on what defendant's state of mind likely was with regard to the child pornography on his digital devices.

**D.    ANY STATEMENTS FROM THE DEFENDANT OFFERED INTO EVIDENCE THROUGH THE EXPERT'S TESTIMONY WOULD IMPERMISSIBLY VIOLATE RULE 801(d)(2)(A)**

Based on what defense counsel has proffered will be the basis of Dr. Dahl's findings, namely the circumstances of defendant's life, likely communicated to Dr. Dahl by defendant, the government believes that much of the expected testimony from Dr. Dahl will be an impermissible echo chamber of self-serving hearsay, regardless of whether the statements concern the defendant's supposed sexual interests and history or his personal background.

Fed. R. Evid. 801(d)(2)'s prefatory phrase provides that an admission by a party-opponent must be offered against the party. As one court observed, "the requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them." United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985). Numerous courts have expressly recognized that to be admissible under Rule 801(d)(2)(A), an admission must be offered against the defendant who made it, not by the defendant who made it. See, e.g., United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (district court properly barred defendant from eliciting defendant's post-arrest statements through cross-examination of agent); United States v. McDaniel, 398 F.3d 540, 545-46 (6th Cir. 2005) (defendant charged with mail theft was not entitled to introduce, as admissions by party-opponent, evidence of his own out-of-court statements to postal inspector, regardless of inculpatory or exculpatory nature of statements; allowing defendant to introduce evidence of statements would enable him to effectuate end-run around adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or

being subjected to first-hand scrutiny by jury); United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) (defendant's statement to police that co-defendant put bag in car, when offered by defendant, was inadmissible hearsay under Rule 801(d)(2)(A)); United States v. Demosthene, 334 F. Supp. 2d 378, 381 (S.D. N.Y. 2004) (defendant generally may not introduce his own prior statement for the truth of the matters asserted therein); United States v. Phelps, 572 F. Supp. 262, 265 (E.D. Ky. 1983) (defendant's attempt to introduce into evidence, through arresting officer's testimony, that he told officer that cocaine-filled gym bag was not his but the co-defendant's was inadmissible under Rule 801(d)(2)(A)).

Accordingly, Rule 801(d)(2)(A) provides yet another basis for excluding the proposed expert testimony of Dr. Dahl at trial. See Ortega, 203 F.3d at 682; United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (permitting defendant to introduce his own statements would place them "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids"). The jury should be the one to evaluate any statements made by defendant, not to have them relayed or amplified with the weight of an expert's opinion.

### E.   IF DEFENDANT FAILS TO COMPLY WITH RULE 16, THE COURT SHOULD ALSO EXCLUDE THE EXPERT TESTIMONY ON THAT BASIS

Thus far, defendant has not yet provided the disclosures required by Federal Rule of Criminal Procedure 16, though has promised to provide a summary by December 1, 2015. Should defendant not provide a summary sufficient to meet the requirements of Rule 16, this Court may preclude the proffered expert testimony on this basis alone. See Fed. R. Crim. P. 16(d)(2); United States v. Duran, 41

1   F.3d 540, 545-56 (9th Cir. 1994) (affirming district court's ruling

2   to exclude defense evidence because of a failure to comply with Rule

3   16).

4   IV.   CONCLUSION

5        District courts "have wide latitude to exclude expert

6   testimony." <u>United States v. Singaglio</u>, 942 F.2d 581, 584 (9th Cir.

7   1991).   For the foregoing reasons, the government respectfully

8   submits that the Court should exclude the proffered testimony of Dr.

9   Dahl, or any substantially similar testimony, at trial in the above-

10  entitled matter.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF VICKI CHOU

I, Vicki Chou, hereby declare

1.   I am an Assistant United States Attorney for the Central District of California.   In that capacity, I have been assigned responsibility for handling the prosecution in <u>United States v. Keith Gartenlaub</u>, No. SA CR 14-173-CAS.

2.   On November 10, 2015, AUSA Anthony Lewis and I had a telephone conference with defense counsel Mark Werksman.   During that telephone conference, Mr. Werksman described that the expert witness (at that time noticed as Dr. Hy Malinek) would testify that Mr. Gartenlaub did not have the traits of a pedophile or someone interested in child pornography based various circumstances of Mr. Gartenlaub's life, such as his marriage to an adult woman.

3.   Below is the text of the e-mail received by the government from defendant's counsel:

> We have decided to retain Dr. Trayci Dahl as our expert witness, and she will be available to testify on December 9 or 10, during the currently scheduled trial of this matter. Her background and experience are exceptional and can be found at her website, which is: www.drtdahl.com.  I will forward you her CV shortly.  If you wish to seek to exclude such evidence, please do so at once so we can resolve this issue without holding up our trial schedule.  The proffer I made in previous emails remains true of Dr. Dahl – basically, we expect her to testify that Keith Gartenlaub does not have the traits of a pedophile or one interested in child pornography and that, therefore, he is unlikely to have downloaded and/or viewed the child pornography in his computer and that the identity of the person likely to have downloaded and/or possessed and/or viewed the child pornography is someone very unlike Keith.  Because of the tight schedule we are on, I expect that Dr. Dahl will prepare a very short summary of her findings, rather than a lengthy report, which will be available prior to December 1, 2015.  I am available to discuss anytime.  All the best, and, as always, thank you for your patience and flexibility in dealing with this issue.

1       4.    I have also reviewed an e-mail sent by counsel for

2  defendant on January 26, 2015, in which counsel proffered a similar

3  expert's testimony and sought the government's position, and I have

4  reviewed the government's response on January 28, 2015 indicating

5  that insufficient detail had been provided and requesting a complete

6  expert notice under the Federal Rules of Criminal Procedure and the

7  Federal Rules of Evidence.

8       I declare under penalty of perjury that the foregoing is true

9  and correct to the best of my knowledge.

10

11      Executed this 16 day of November 2015, in Los Angeles,

12  California.

13

14                                    _____

15                                    VICKI CHOU

16

17

18

19

20

21

22

23

24

25

26

27

28