Mark J. Werksman, Esq. (State Bar No. 120767)
Kelly C. Quinn, Esq. (State Bar No. 197697)
WERKSMAN JACKSON HATHAWAY & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Defendant
KEITH PRESTON GARTENLAUB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEITH PRESTON GARTENLAUB,<br><br>    Defendant. | CASE NO.: 14-CR-00173<br><br>**DEFENDANT KEITH GARTENLAUB'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE #1 TO EXCLUDE DEFENDANT'S PROPOSED EXPERT TESTIMONY REGARDING DEFENDANT'S SEXUAL PREFERENCES; EXHIBIT A IN SUPPORT THEREOF**<br><br>Trial Date:   December 8, 2015<br>Trial Time:   9:30 a.m. |

# TABLE OF CONTENTS

**PAGE(S)**

MEMORANDUM OF POINTS AND AUTHORITIES .................... 3

I. INTRODUCTION .................................................. 3

II. BACKGROUND .................................................. 4

    A. CHARGES .................................................. 4

    B. PROFFERED EXPERT TESTIMONY .............................. 5

III. ARGUMENT .................................................... 5

    A. THE PROFFERED EXPERT TESTIMONY IS RELEVANT BECAUSE IT SHEDS LIGHT ON WHETHER IT WAS, IN FACT, MR. GARTENLAUB WHO DOWNLOADED AND SUBSEQUENTLY VIEWED THE CHILD PORNOGRAPHY ........ 6

    B. THE PROFFERED EXPERT TESTIMONY WILL HELP THE JURY DETERMINE THE LIKELY IDENTITY OF THE PERSON WHO DOWNLOADED AND SUBSEQUENTLY VIEWED THE ILLICIT MATERIALS ............................. 9

    C. THE PROFFERED EXPERT TESTIMONY'S PROBATIVE VALUE IS NOT SUBSTANTIALLY OUTWEIGHED BY THE RISK OF MISLEADING THE JURY OR WASTING TIME ......... 10

    D. THE EXPERT TESTIMONY HERE DOES NOT COMPEL THE JURY TO CONCLUDE THAT MR. GARTENLAUB DID NOT POSSESS THE REQUISITE MENTAL STATE ............. 12

    E. THE GOVERNMENT'S ARGUMENT THAT AN EXPERT CANNOT RELY ON HEARSAY IS UNFOUNDED ............... 14

II. CONCLUSION ................................................. 15

# TABLE OF AUTHORITIES

**PAGE(S)**

**FEDERAL CASES**

*Old Chief v. United States*, 519 U.S. 172 .................................................. 10

*United States v. Brown*, 893 F.2d 1066 .................................................... 6

*United States v. Busby*, No. CR 11-00188 SBA, 2013 WL 3296537 ................. 6

*United States v. Campos*, 217 F.3d 707 .................................................. 12

*United States v. Evans*, 728 F.3d 953 ..................................................... 5

*United States v. Finley*, 301 F.3d 1000 .............................................. 12, 13

*United States v. Gomez-Norena*, 908 F.2d 497 ........................................ 12

*United States v. Haischer*, 780 F.3d 1277 ................................................ 5

*United States v. Mehrmanesh*, 689 F.2d 822 ............................................ 6

*United States v. Morales*, 108 F.3d 1031 ................................................ 12

*United States v. Palow*, 777 F.2d 52 ..................................................... 14

*United States v. Pires*, 642 F.3d 1 ........................................................ 11

*United States v. Rahm*, 993 F.2d 1405 .................................................. 12

*United States v. Sebolt*, 460 F.3d 910 ..................................................... 6

*United States v. Sims*, 514 F.2d 147 ..................................................... 14

*United States v. Stever*, 603 F.3d 747 ..................................................... 5

*United States v. Wallenfang*, 568 F.3d 649 ............................................... 8

*United States v. Weber*, 923 F.2d 1338 ................................................... 7

**FEDERAL STATUTES**

18 U.S.C. § 2252A(a)(2)(A) ............................................................... 4, 5

18 U.S.C. § 2252A(5)(B) ..................................................................... 4

18 U.S.C. § 2256 ............................................................................... 4

Fed. R. Evid. 401 .............................................................................. 6

|  | PAGE(S) |
|---|---|
| Fed. R. Evid. 402 | 6 |
| Fed. R. Evid. 403 | 10 |
| Fed. R. Evid. 404(b) | 6 |
| Fed. R. Evid. 702(a) | 9 |
| Fed. R. Evid. 703 | 14 |
| Fed. R. Evid. 704(a) | 12 |
| Fed. R. Evid. 704(b) | 12 |

**MISCELLANEOUS AUTHORITIES**

Ninth Circuit Model Criminal Jury Instructions No. 8.185 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ninth Circuit Model Criminal Jury Instruction No. 5.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mark J. Werksman, Esq. (State Bar No. 120767)
Kelly C. Quinn, Esq. (State Bar No. 197697)
WERKSMAN JACKSON HATHAWAY & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Defendant
KEITH PRESTON GARTENLAUB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH PRESTON GARTENLAUB,<br><br>Defendant. | CASE NO.: 14-CR-00173<br><br>DEFENDANT KEITH GARTENLAUB'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE #1 TO EXCLUDE DEFENDANT'S PROPOSED EXPERT TESTIMONY REGARDING DEFENDANT'S SEXUAL PREFERENCES; EXHIBIT A IN SUPPORT THEREOF<br><br>Trial Date:  December 8, 2015<br>Trial Time:  9:30 a.m. |

Defendant Keith Gartenlaub ("Mr. Gartenlaub"), by and through his counsel of record, Werksman Jackson Hathaway & Quinn LLP, hereby files his Opposition to the Government's Motion in Limine #1 To Exclude Defendant's Proposed Expert Testimony Regarding Defendant's Sexual Preferences. Defendant respectfully moves this Court, in limine, pursuant to Federal Rules of Evidence 402, 404(b), 702(a) for an order admitting expert testimony that Mr. Gartenlaub does not have the traits of a person who would be

1

interested in child pornography for the purposes of proving that the identity of the person who in fact downloaded and viewed the child pornography was not Mr. Gartenlaub.

In support of this Motion, Mr. Gartenlaub asserts that this evidence should be admitted because (1) the evidence is relevant and assists the jury in understanding the evidence; (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay; and (3) the expert's testimony does not compel the jury to decide an ultimate issue in this case.

This Motion is based on the attached Memorandum of Points and Authorities and any evidence and testimony that may be presented to this Court at a hearing on this Motion.

DATED: November 18, 2015                    Respectfully submitted,

                                            /s/ Mark Werksman
                                            Mark J. Werksman
                                            Kelly C. Quinn
                                            Attorneys for Defendant
                                            Keith Gartenlaub

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Mr. Gartenlaub is charged with receipt and attempted receipt of child pornography between July 27, 2001 and December 31, 2005, and possession of child pornography on August 27, 2014. The government's evidence against him is circumstantial and is based entirely on the fact that several files containing child pornography were found on digital devices stored in his property.

Mr. Gartenlaub, a forty-seven year old man, married to a woman his age, with no criminal record, no indicia of pedophilia, and no inward or outward signs of an interest in child pornography, was not the person who downloaded and viewed the illicit materials. Significantly, there is no direct evidence that Mr. Gartenlaub downloaded, viewed, or even had knowledge of the existence of the child pornography—there was no confession, there was no chat room sting operation, and he was never observed acknowledging receipt of a package purporting to contain child pornography. In short, the evidence against Mr. Gartenlaub is circumstantial, weak, and unreliable.

The defense will present multiple witnesses who will testify that between 2001 and 2006, Mr. Gartenlaub was living as a bachelor in Newport Beach and was frequently visited by many friends who often stayed at his house and had access to his computer.

As such, the critical question in this case is not whether the files contained child pornography; but rather, <u>whether it was Mr. Gartenlaub who downloaded and viewed the materials in question.</u>

In its Motion in Limine, the government seeks to exclude expert testimony that bears on the likely identity of the person who actually downloaded and subsequently viewed the child pornography found on the electronic devices.

3

As set forth below, Mr. Gartenlaub objects to the government's effort to carve out a significant portion of his defense in spite of the purely circumstantial evidence the government has linking him to the child pornography found on the computer hard drives.

## II.
## BACKGROUND

### A. CHARGES

Defendant has been charged in a two-count indictment with (1) receipt and attempted receipt of child pornography between July 27, 2001 and December 21, 2005, and (2) possession of child pornography on August 27, 2014.

In order for a defendant to be found guilty of receipt or possession of child pornography, the government must prove each of the following elements beyond a reasonable doubt:

(1) First, that the defendant knowingly received or possessed a visual depiction of a minor engaged in sexually explicit conduct;

(2) Second, that the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct;

(3) Third, that the defendant knew that production of the visual depiction involved use of a minor in sexually explicit conduct; and

(4) Fourth, that the visual depiction had been mailed, shipped, or transported in or affected interstate or foreign commerce.

Ninth Circuit Model Criminal Jury Instructions No. 8.185 (Sexual Exploitation of Child – Possession of Child Pornography), modified to include 18 U.S.C. § 2252A(a)(5)(B); 18 U.S.C. § 2252A(a)(2)(A), § 2252A(a)(5)(B); 18 U.S.C. § 2256.

In order for a defendant to be found guilty of attempted receipt of child pornography, the government must prove each of the following elements beyond a reasonable doubt:

(1) First, the defendant intended to commit the crime of receiving child pornography; and

(2) Second, that the defendant did something that was a substantial step toward committing the crime.

Ninth Circuit Model Criminal Jury Instruction No. 5.3 (Attempt), No. 8185 (Sexual Exploitation of Child - - modified); *see also* 18 U.S.C. § 2252A(a)(2)(A).

## B. PROFFERED EXPERT TESTIMONY

The key issue in the instant case is determining the identity of the person who downloaded and viewed the child pornography found on the digital devices. As such, the defense seeks to call Dr. Trayci Dahl as an expert witness in forensic psychology to testify that (1) Mr. Gartenlaub is probably not the person who downloaded and viewed the child pornography found on his hard drive because he does not have the traits of someone who would be interested in viewing child pornography; and (2) the person who did download and view the child pornography on the computer does not possess the same traits as Mr. Gartenlaub. *See* CV of Dr. Dahl, attached hereto as <u>Exhibit A</u>.

## III.
## ARGUMENT

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense . . . This right includes, 'at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt." *United States v. Stever*, 603 F.3d 747, 755 (9th Cir. 2010). As such, an evidentiary error violates a defendant's due process rights when the court improperly excludes "(1) the main piece of evidence, (2) for the defendant's main defense, to (3) a critical element of the government's case." *United States v. Haischer*, 780 F.3d 1277, 1284 (9th Cir. 2015), citing *United States v. Evans*, 728 F.3d 953, 967 (9th Cir. 2013).

For the reasons set forth below, expert testimony that bears on the identity of the person who downloaded the files containing child pornography is relevant and material to Mr. Gartenlaub's defense, and must be admitted under principles of due process and fundamental fairness.

A. **THE PROFFERED EXPERT TESTIMONY IS RELEVANT BECAUSE IT SHEDS LIGHT ON WHETHER IT WAS, IN FACT, MR. GARTENLAUB WHO DOWNLOADED AND SUBSEQUENTLY VIEWED THE CHILD PORNOGRAPHY**

Pursuant to Federal Rule of Evidence 402, all relevant evidence is generally admissible, absent another rule providing otherwise. Fed. R. Evid. 402. Evidence is considered relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401.

Federal Rule 404(b) sets forth an exception to this general rule, excluding evidence of a person's other crimes, wrongs, or acts when offered "to prove the character of a person in order to show that he acted in conformity therewith." Fed. R. 404(b). However, this type of evidence is still routinely admitted for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). In fact, the Ninth Circuit has "uniformly recognized that the rule is one of inclusion and that other acts evidence is admissible whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).

Indeed, federal courts routinely admit other acts evidence in child pornography cases under Rule 404(b). For instance, prior molestation convictions are frequently admitted in child pornography cases because molestation convictions are probative of a defendant's "sexual interest in children, which, in turn bears upon [a defendant's] 'motive' to possess child pornography and whether [the defendant] 'knowingly and intentionally possessed the child pornography found on his computer.'" *United States v. Busby*, No. CR 11-00188 SBA, 2013 WL 3296537, at *6 (N.D. Cal. June 28, 2013); *see, e.g., United States v. Brown*, 893 F.2d 1066, 1070-71 (9th Cir. 1990) (holding that a child pornography defendant's prior molestation convictions were admissible to show he had actual knowledge that the girl in the photo was a minor); *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) (upholding admission of prior molestation conviction

evidence in child pornography case because prior misconduct establishes a sexual interest in children serving as evidence of defendant's motive to commit the charged crime).

In support of his third-party culpability defense, Mr. Gartenlaub seeks to offer expert testimony regarding his psychosexual character traits under Rule 404(b), as they relate to the identity of the person who perpetrated the charged crimes. Specifically, the defense seeks to call Dr. Dahl, a forensic psychologist, as an expert witness to testify that (1) Mr. Gartenlaub is likely not the person who downloaded and viewed the child pornography found on the hard drive because he does not have the traits of someone who has an interested in viewing child pornography; and (2) the person who actually downloaded and viewed the child pornography possesses traits that are dissimilar to Mr. Gartenlaub. Such evidence is unquestionably relevant because the central issue in this case is *who* the jury believes downloaded and viewed the child pornography found on the hard drives. To be sure, if Mr. Gartenlaub had any prior convictions involving the sexual exploitation of a minor, the prosecution would certainly seek to admit that evidence under Rule 404(b). Given that the admissibility of evidence sought by both the defendant and the prosecution are governed by the same Federal Rules of Evidence, Mr. Gartenlaub should be permitted to admit expert testimony that can properly opine on the significance of the fact that he is a forty-seven year old man married to a woman his age, with no criminal record, no indicia of pedophilia, and no inward or outward signs of an interest in child pornography.

Nonetheless, in its Motion in Limine, the government argues that "[w]hether or not defendant's behavior conforms to that of a pedophile or someone generally interested in child pornography is not one of the facts at issue" in the case.[1] (Motion in Limine at 8-

---

[1] In its Motion, the government also suggests that the expert testimony is irrelevant in proving that Mr. Gartenlaub did not download or view the child pornography because a defendant does not have to be a "pedophile in order to have wanted or actually received and possessed the videos." Mot. In Limine at 8, citing *United States v. Weber*, 923 F.2d 1338, 1345 (9th Cir. 1990) (noting that there are three categories of people who keep child pornography in their homes—collectors, pedophiles, and molesters). Although it is

7

9.) In support, the government cites *United States v. Wallenfang*, 568 F.3d 649, 660 (8th Cir. 2009). In that case, the Eighth Circuit upheld the exclusion of expert testimony regarding the defendant's psychosexual proclivities, which was offered to show lack of motive in a child pornography case. In doing so, the Court reasoned that defendant's motive in producing, distributing, and possessing child pornography was immaterial and irrelevant since "the relevant factual inquiry in this case is not whether the pictures in issue appealed, or were intended to appeal, to [defendant's] sexual interests, but whether, on their face, they appear to be of a sexual character." *Id.*

      To be clear, the facts at issue in *Wallenfang, supra*, 568 F.3d 649, are entirely different from the ones before this Court today. In *Wallenfang*, the defendant admitted that he took the photographs at issue, admitted that he distributed them by uploading them to a newsgroup on the Internet, and admitted that he saved the photographs on his computer. *Id.* at 653. Consequently, the critical question in that case was, as the court stated, whether the photographs themselves portrayed a child in sexually explicit conduct—rendering the defendant's motive for taking and distributing the pictures legally insignificant. *Id.* at 653-54, 660. In the instant case, however, there is no question that the computer files contained pictures of children engaged in sexually explicit conduct. Instead, the factual issue in this case is whether it was actually Mr. Gartenlaub who downloaded and viewed the child pornography that was found on the hard drives. Moreover, here, unlike in *Wallenfang,* the government has failed to present any *direct evidence* that Mr. Gartenlaub was the person who downloaded and viewed the child pornography; as such, expert testimony that bears on the identity of the perpetrator of the

---

certainly true that being a pedophile is not a necessary predicate to receiving and possessing child pornography, the defense's expert testimony will not be so limited. After conducting a psychological evaluation of Mr. Gartenlaub, Dr. Dahl will be able to provide an expert opinion as to whether Mr. Gartenlaub possesses the traits of someone with an interest in child pornography (this could be a collector, a pedophile, or a molester). Such testimony is certainly relevant in determining the likelihood of whether it was Mr. Gartenlaub, or another individual, that downloaded and viewed the child pornography at issue here.

crime is probative and necessary to decide the most meaningful issue in this case—who downloaded and viewed the child pornography that was found on the hard drives.

In sum, the proffered expert testimony is relevant and admissible for the purpose of proving identity under Federal Rule of Evidence 404(b).

**B.  THE PROFFERED EXPERT TESTIMONY WILL HELP THE JURY DETERMINE THE LIKELY IDENTITY OF THE PERSON WHO DOWNLOADED AND SUBSEQUENTLY VIEWED THE ILLICIT MATERIALS**

Federal Rule of Evidence 702(a) governing expert testimony provides that an expert witness may testify in the form of an opinion or otherwise if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). That is certainly the case here.

The major factual issue the jury is tasked with deciding in the instant case is whether it was Mr. Gartenlaub, or one of the many visitors with access to the computer in his home, who downloaded and viewed the child pornography in question. Dr. Dahl's testimony regarding whether Mr. Gartenlaub has the traits of a person who is typically interested in child pornography will assist the trier of fact in determining the likely identity of the person who downloaded and subsequently viewed the materials in question. Without the benefit of this expert testimony, the jury will be unable to assign the proper weight to the government's circumstantial evidence linking Mr. Gartenlaub to the crime. The government presents no direct evidence that Mr. Gartenlaub had knowledge of or actively sought to receive the child pornography—there was no confession, no sting operation, and Mr. Gartenlaub was never caught receiving or viewing the material in question. As such, the interests of justice require that Mr. Gartenlaub be permitted to present evidence that, as a forty-seven year old married man, with no prior criminal record, no indicia of pedophilia, and no inward or outwards signs of an interest in child pornography, he is very unlikely to have been the person who

downloaded and viewed this material. By conducting a psychological evaluation of Mr. Gartenlaub, Dr. Dahl will be able to shed light on Mr. Gartenlaub's propensity to download and view child pornography, as well as illuminate for the jury the identity, and typical character traits, of a person who would be likely to download and view child pornography.

In conclusion, the proffered expert testimony is also admissible under Federal Rule of Evidence 702(a).

### C. THE PROFFERED EXPERT TESTIMONY'S PROBATIVE VALUE IS NOT SUBSTANTIALLY OUTWEIGHED BY THE RISK OF MISLEADING THE JURY OR WASTING TIME

Pursuant to Federal Rule of Evidence 403, the court may only exclude relevant evidence if its probative value is "*substantially outweighed* by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). "[W]hat counts as the Rule 403 'probative value' of an item of evidence, as distinct from Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives," (i.e. whether there is scarce other evidence on that same point). *Old Chief v. United States*, 519 U.S. 172, 184 (1997).

Here, as set forth above, the defense's proffered expert testimony goes to the heart of Mr. Gartenlaub's defense. The government is charged with proving that it was, in fact, Mr. Gartenlaub who downloaded and viewed the child pornography found on the computer hard drives. The evidence against Mr. Gartenlaub is circumstantial, and rests in its entirety on the fact that child pornography was found on a computer in his home; however, defense witnesses will testify that numerous people had access to the computer containing the illicit materials between 2001 and 2006 (the relevant time period for the charged offense), Mr. Gartenlaub never confessed to having knowledge of or attempting to receive child pornography, and the government never conducted a sting operation proving its accusations. Thus, unless Mr. Gartenlaub is permitted to present expert

testimony regarding the likely identity of the perpetrator of the crime, he is left unable to fully defend himself on the principal issue in this case—whether he was the person who downloaded and viewed the child pornography found on the computer hard drives. Without testimony from a forensic psychologist, or someone qualified to assess the complex psychological profile of a person accused of possessing child pornography, the jury will be left unable to properly weigh the circumstantial evidence that the state presents against Mr. Gartenblaum. As such, the proffered expert testimony is highly probative.

Additionally, admitting this expert testimony will not, as the government suggests, "divert the jury on a time-consuming, misleading slideshow [sic]"; and thus, is not excludable under Federal Rule of Evidence 403. See Mot. In Limine at 10. The government's principal argument is that the expert testimony would confuse the jury about the facts at issue, suggesting that they would need to find that the defendant was a pedophile in order to find him guilty of the offenses charged. Mot. In Limine at 13. In support of its argument, the government cites *United States v. Pires*, 642 F.3d 1, 11 (1st Cir. 2011), in which the Court upheld the exclusion of expert testimony on defendant's psychosexual proclivities as evidence of a lack of motive in a child pornography case. *Id.* In doing so, the government again confuses the primary issue before this Court (whether the 404(b) evidence is relevant to prove identity), with the separate issues that arise in child pornography cases where the government has direct evidence that the defendant downloaded, viewed, or possessed, the materials in question.

In *United States v. Pires*, *supra*, 642 F.3d 1, the defendant admitted that he searched for the pornography, downloaded the pornography, and watched the illicit materials; but argued that he did so mistakenly while trying to retrieve adult pornography and thus it was not done intentionally or knowingly. *Id.* at *6-7. Consequently, the Court upheld the evidentiary ruling excluding the expert testimony as evidence of lack of motive because "Congress proscribed [possession of child pornography] without regard to the underlying motive." *Id.* at *11-12. As previously discussed, however, Mr.

Gartenlaub is not offering the expert testimony to prove that he did not have the motive to seek out child pornography; instead, the expert testimony is offered to shed light on the identity of the person that downloaded and viewed the child pornography.

Therefore, the probative value of the proffered expert testimony is not substantially outweighed by the risk of unfair prejudice, confusion of the issues, or waste of time; and thus, cannot be excluded on the basis of Federal Rule of Evidence 403.

### D. THE EXPERT TESTIMONY HERE DOES NOT COMPEL THE JURY TO CONCLUDE THAT MR. GARTENLAUB DID NOT POSSESS THE REQUISITE MENTAL STATE

Generally, experts may testify as to their opinions on ultimate issues to be decided by the trier of fact. *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997), citing Fed. R. Evid. 704(a). However, Federal Rule of Evidence 704(b) makes a limited exception to this rule in criminal cases, providing that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). However, Rule 704(b) "does not preclude an expert from testifying to a predicate matter, even if the jury might infer the necessary *mens rea* from such testimony, so long as the testimony as to the predicate matter does not necessarily imply the *mens rea* element." *United States v. Morales, supra*, 108 F.3d at 1033, citing *United States v. Rahm*, 993 F.2d 1405, 1411-12 (9th Cir. 1993); *United States v. Gomez-Norena*, 908 F.2d 497, 501-502 (9th Cir. 1990).

Therefore, the critical distinction between admissible and inadmissible expert testimony under Federal Rule of Evidence 704(b) is whether the expert testimony "necessarily compels" a conclusion about the defendant's *mens rea*. *United States v. Finley*, 301 F.3d 1000, 1014 (9th Cir. 2002). The Ninth Circuit has found that certain testimony compels such a conclusion. For instance, in *United States v. Campos*, 217 F.3d 707, 711 (9th Cir. 2000), the Court upheld the exclusion of a polygraph expert from testifying that the defendant was truthful when she stated she did not know she was

transporting marijuana because that testimony compelled the conclusion that she did not possess the requisite knowledge to commit the crime. In *United States v. Finley, supra*, 301 F.3d 1000, however, the Court found that expert testimony establishing that a defendant's beliefs were rigid and that he would distort or disregard information that ran counter to those beliefs was admissible because it left the jury "free to conclude that [the defendant] lacked the necessary intent to defraud, but the jury was not necessarily compelled by the diagnosis." *Id.* at 1015-1016. In doing so, the Ninth Circuit noted that "[a] psychological diagnosis, unlike a lie detector test, does not automatically entail an opinion on the truth of a patient's statements . . . [and] the psychological diagnosis can be limited such that it in no way touches upon the specific issues of fact to be resolved by the jury." *Id.* at 1016.

    As a threshold matter, the proffered expert testimony is not being offered to prove that Mr. Gartenlaub failed to possess the requisite state of mind for the charges at issue; rather, the expert testimony is offered to shed light on the likely identity of the person who perpetrated this crime. Furthermore, assuming the expert testifies that Mr. Gartenlaub does not have the traits of a person who would typically risk downloading and viewing child pornography, the jury is still free to decide whether it believes that Mr. Gartenlaub had knowledge of the files on the computer. It is the jury's role to weigh the evidence and determine whether the expert's opinion, and defense witness testimony that numerous people had access to the computer in question warrant an acquittal; or whether the state's circumstantial evidence, and possibility that the patient's statements to the expert were untruthful justify a conviction.

    In sum, given that the expert's testimony sheds light on the likely identity of the perpetrator of this crime, and does not compel a conclusion that the defendant had knowledge of the illicit material found on the hard drives, this testimony should not be excluded on the basis of Federal Rule of Evidence 704(b). Moreover, if the Court remains concerned that the forensic psychologist's testimony touches on the specific facts

regarding state of mind that are meant to be reserved for the jury, the testimony can be limited accordingly.

E.  THE GOVERNMENT'S ARGUMENT THAT AN EXPERT CANNOT RELY ON HEARSAY IS UNFOUNDED

In its Motion in Limine, the government asserts that the proffered expert testimony is inadmissible hearsay because Dr. Dahl's findings will be based on statements communicated to Dr. Dahl by the defendant. See Motion in Limine at 18. In support, the government states: "the requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them." *See* Motion in Limine at 18, citing *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985). In the context of expert testimony, the government's concern is unfounded and has no basis in the law.

Federal Rule of Evidence 702 expressly provides that an expert may base her opinion on inadmissible evidence, such as hearsay, so long as experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject. Fed. R. Evid. 703. "The rationale in favor of the admissibility of expert testimony based on hearsay is that the expert is fully capable of judging for himself what is, or is not, a reliable basis for his opinion." *United States v. Sims*, 514 F.2d 147, 149 (9th Cir. 1975).

Here, the government cannot reasonably dispute that experts in the field of forensic psychologists rely, at least in part, on statements made by the person they are analyzing in forming their opinions. Furthermore, Dr. Dahl's opinion will not be based exclusively on the circumstances of defendant's life as told by defendant; Dr. Dahl has reviewed the evidence in the case, including information about the files contained the digital devices in question, so that she can make an informed assessment about whether she believes Mr. Gartenlaub has the traits of someone who has an interest in child pornography.

In conclusion, to the extent the expert's testimony is based on inadmissible hearsay, it should not be excluded on this basis.

## II.
## CONCLUSION

For the reasons set forth herein, Mr. Gartenlaub respectfully requests this Court deny the Government's Motion in Limine #1 to Exclude Defendant's Proposed Expert Testimony Regarding Defendant's Sexual Preferences, and allow Mr. Gartenlaub to fully present his defense.

DATED: November 18, 2015

Respectfully submitted,

*[signature]*

Mark J. Werksman
Kelly C. Quinn
Attorneys for Defendant
Keith Gartenlaub