Mark J. Werksman, Esq. (State Bar No. 120767)
Kelly C. Quinn, Esq. (State Bar No. 197697)
Inbal D. Zeevi, Esq. (State Bar No. 298281)
WERKSMAN JACKSON HATHAWAY & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

**Attorneys for Defendant**
KEITH PRESTON GARTENLAUB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KEITH PRESTON GARTENLAUB, <br><br> Defendant. | No. SA CR 14-173-CAS <br><br> DEFENDANT KEITH GARTENLAUB'S *MOTION IN LIMINE* #1 TO EXCLUDE PICTURES OF A NAKED ADULT MALE THAT DEFENDANT EMAILED TO HIMSELF AS WELL AS SCREEN SHOTS THAT INCLUDE THE TERM "DEFLOWERED" OR SIMILAR TERMS <br><br> Trial Date:    December 8, 2015 <br> Trial Time:    9:30 a.m. <br><br> Hearing Date: November 23, 2015 <br> Hearing Time: 1:30 p.m. |

Defendant Keith Gartenlaub, by and through his counsel of record, Werksman Jackson Hathaway & Quinn LLP, hereby files his Motion in Limine #1 to exclude any reference to pictures of a nude male's torso and genitals that Mr. Gartenlaub emailed to himself and to exclude screen shots that contain the word "deflowered" or "defloration."

1

This Motion *in limine* is brought pursuant to the attached Memorandum of Points and Authorities, all pre-trial filings that have been made in this case, and any evidence and testimony that may be presented to this Court at a hearing on this Motion.

DATED: November 18, 2015          Respectfully submitted,


                                  _____
                                  Mark J. Werksman
                                  Kelly C. Quinn
                                  Inbal D. Zeevi
                                  Attorneys for Defendant
                                  Keith Gartenlaub

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Mr. Gartenlaub is charged with the receipt and attempted receipt of child pornography, and with possession of child pornography. The charges are based on the allegations that video files containing child pornography were found on digital devices that were under Mr. Gartenlaub's control. There is, however, no direct evidence that links Mr. Gartenlaub to any of the child pornography files, and Mr. Gartenlaub denies ever obtaining or viewing any of those files. Indeed, his defense at trial will be that he was not aware of the fact that the files existed on his computer.

In its discovery letters, the government has informed the defense that it intends to introduce two pieces of evidence that appear irrelevant to the question of whether Mr. Gartenlaub knowingly obtained and possessed child pornography as well as highly prejudicial. This evidence is:

1. An email sent by Mr. Gartenlaub to himself with a nude picture of a male's torso, as well as references to an additional picture that was attached to the same email which shows a close up of male genitalia.

2. Screen shots of Mr. Gartenlaub accessing a folder in his computer which contained files with names that included the terms "defloration" and "deflowered" in their titles, although they did not contain child pornography.

//
//
//
//
//

## II.
## ARGUMENT

Federal Rule of Evidence 402 prohibits the admission of irrelevant evidence. See Fed. R. Evid. 402. Evidence is considered relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Furthermore, the fact that evidence is relevant does not mean that it is necessarily admissible. Federal Rule of Evidence 403 provides that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, or misleading the jury, or by . . . waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In <u>Old Chief v. United States</u>, 519 U.S. 172, 117 (1997), the Supreme Court held that the balancing test set forth in Rule 403 demands "not only a comparison of the probative value and prejudicial effect of the disputed evidence, but of the 'relative probative value and prejudicial effect of any *evidentiary alternatives* as well.'" <u>United States v. Becht</u>, 276 F.3d 767, 773 (8th Cir. 2001), emphasis added; see also <u>United States v. Merino-Balderrama</u>, 146 F.3d 758, 762 (9th Cir. 1998) [Rule 403 requires the court to critically "evaluate the degrees of probative value… not only for the item in question but for any actually available substitutes as well."] If the court finds that alternative evidence that has "substantially the same or greater probative value but a lower danger of unfair prejudice" exists, then the court should "discount" the probative value of the disputed evidence and exclude it if the risk of unfair prejudice substantially outweighs its discounted probative value. <u>See Old Chief</u>, 519 U.S. 172.

As discussed herein, the three pieces of evidence which the defense moves to exclude are irrelevant because they do not tend to prove any fact of consequence. In addition, they are all unfairly prejudicial, inflammatory and will likely confuse and mislead the jury. Additionally, and even if the court finds that any of the disputed

evidence is relevant, they all have "evidentiary alternatives" that would be significantly less prejudicial. See Becht, 276 F.3d 767.

A.  THE PHOTOGRAPHS OF THE NAKED MALE SHOULD BE EXCLUDED

In its discovery letter dated June 19, 2015, and in previous discovery letters, the government provided notice of its intention to introduce an email that was sent from Mr. Gartenlaub to himself which contained two pictures of a nude man, possibly Mr. Gartenlaub himself. The first photograph is of the male's genitals, and the second is a close up photo of his bare torso (from a little below his waste to his shoulders.) These pictures were stored in a folder that was stored somewhere in the vicinity of folders that allegedly contained child pornography.[1] The government has agreed not to introduce the genitals picture itself, but has announced its intention to introduce testimony regarding what that picture depicts, as well as to introduce the torso picture. (See Government's Motion in Limine #1, 11 n.3.)

Clearly, the content of those two photographs is completely irrelevant to the question at hand: did Mr. Gartenlaub knowingly obtained and possessed child pornography. In addition, presenting those pictures to the jury, or even just informing the jurors of their existence, entails a significant risk of prejudice. First, the photograph of the torso is quite graphic and will be presented for the court's review upon the hearing of this motion. Needlessly showing the jury this picture would cause Mr. Gartenlaub embarrassment and humiliation. Second, the fact that Mr. Gartenlaub sent a picture of male genitalia to himself could easily be misinterpreted by the jury and lead them to draw unfounded and prejudicial conclusions regarding Mr. Gartenlaub. For example, some

---

[1] The pictures were stored in a folder by the name "fla" which was stored in a folder by the name "tmp1" which was stored a few folders away from folders allegedly containing child pornography.

jurors might believe that such a picture indicates some sort of sexual deviance and mistakenly lead them to believe that this makes it more likely that he wanted to watch child pornography.

If the government wants to introduce the pictures to show that Mr. Gartenlaub had access to a certain folder, then they do not need the contents of the pictures, but the mere fact that Mr. Gartenluab emailed pictures or files contained in that folder to himself – a fact the defense is willing to stipulate to.

## B. THE PAGE CONTAINING SCREEN SHOT OF FILES THAT CONTAINS "DEFLOWERING" IN ITS TITLE SHOULD BE EXCLUDED

In its discovery letter dated November 8, 2015, the government provided notice that it will seek to introduce evidence that Mr. Gartenlaub remotely accessed files on his home computer from his work computer at Boeing (hereinafter the "screen shots.") Apparently, Boeing routinely takes screen shots of its employees' actions on their computers, and this process documented Mr. Gartenlaub's accessing his home computer from work.

The dozens of screen-shots captured by Boeing show that Mr. Gartenlaub was downloading movies such as Lord of the Rings. A couple of screen shots show, however, that Mr. Gartenlaub navigated to a folder that contained files with titles that contained the terms "defloration" or "deflowered". These names are confusing, because they seem to relate to sexual activities with young and inexperienced teenagers, while in fact all the actors in them are adults. Therefore, the risk of confusion among the jurors as to the contents of these movies is substantial. In addition, the fact that these movies do not contain child pornography and that that they were nor located anywhere in the vicinity of

the files that allegedly contained child pornography[2], makes them completely irrelevant; the existence of these movies does not tend to make any fact of consequence in this case more or less probable. See Fed. R. Evid. 401.

In addition to the danger of confusing the jury, the reference to terms such as "defloration" or "deflowered teenagers" will likely be inflammatory to some jurors, and may cause them to be unjustly prejudiced against Mr. Gartenluab for possessing a perfectly legal category of pornography, that they might personally find obnoxious or perverse. Some jurors might also mistakenly infer that someone who has an interest in the widespread category of "barely legal" movies or "defloration" movies would tend to have a sexual interest in children. The government bears the burden of tethering Mr. Gartenlaub to the alleged child porn. It should not be permitted to circumvent that burden by linking Mr. Gartenlaub to perfectly legal videos that have names of files that appear to constitute child pornography although in fact they only constitute of adult legal pornography.

If the government's purpose in introducing the screen shots is to show that Mr. Gartenlaub knew how to access folders or sub-folders in his computer remotely, they have an abundance of "evidentiary alternatives" that can show that Mr. Gartenlaub knew how to do exactly that. Boeing captured dozens of other screen shots that prove that Mr. Gartenluab knew how to remotely access folders and subfolders in his computer[3] and

---

[2] While the alleged child pornography was located in sub-sub-sub folder of a super folder named "OrigData", the files that Mr. Gartenlaub accessed were in a different super folder called "Downloads".

[3] For example, the government can introduce screen shots of Mr. Gartenlaub's accessing his computer "Bob" and then the folder "Keith" located in it, and then a sub-folder in "Keith" called "Downloads" and then a sub-sub-folder "Movies", and in it the sub-sub-sub folder "Keep" and then specific files in this folder. Accessing so many levels of sub-folders would surely suffice to make the governments' point that Mr. Gartenlaub knew how to access folders within subfolders within subfolders.

there is no reason to run the substantial risk of unfair prejudice by choosing the only two screen shots that contain inflammatory names.

## II.
## CONCLUSION

For the reasons set forth herein, Mr. Gartenlaub respectfully requests this Court grant his Motion *in limine*.

Respectfully submitted,

DATED: November 18, 2015

_____
Mark J. Werksman
Kelly C. Quinn
Inbal D. Zeevi
Attorneys for Defendant
Keith Gartenlaub