EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
VICKI CHOU (Cal. Bar No. 248598)
OCDETF Section
     1500/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-1786/8692
     Facsimile:    (213) 894-3713/0142
     E-mail:  anthony.lewis@usdoj.gov
              vicki.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>KEITH PRESTON GARTENLAUB,<br><br>             Defendant. | No. CR 14-173-CAS<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #1 TO EXCLUDE PICTURES OF A NAKED ADULT MALE THAT DEFENDANT EMAILED TO HIMSELF AS WELL AS SCREEN SHOTS THAT INCLUDE THE TERM "DEFLOWERED" OR SIMILAR TERMS; DECLARATION OF VICKI CHOU<br><br>Trial Date:  December 8, 2015<br>Trial Time:  9:30 a.m.<br><br>Hearing Date: November 23, 2015<br>Hearing Time: 1:30 p.m. |

Plaintiff United States of America, by and through its counsel of record, the Office of the United States Attorney for the Central District of California, hereby files the Government's Opposition to Defendant's Motion In Limine #1 To Exclude Pictures of Naked Adult Male That Defendant Emailed To Himself As Well As Screen Shots That Include The Term "Deflowered" Or Similar Terms.  (CR 122).

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  The government respectfully requests the opportunity to supplement its opposition as may become necessary.

Dated:  November 20, 2015

EILEEN M. DECKER
United States Attorney

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division


                    /s/
ANTHONY J. LEWIS
VICKI CHOU
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES.............................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES.............................. 1

I.    INTRODUCTION............................................... 1

II.   BACKGROUND................................................ 2

      A.    Naked Photographs of Defendant...................... 3

      B.    Boeing Screenshots.................................. 4

      C.    Log Files........................................... 5

III.  ARGUMENT.................................................. 5

      A.    Naked Photographs of Defendant Stored In The Same
            Folder As Child Pornography Are Highly Probative And
            Not Prejudicial..................................... 7

            1.   The Specific Nature Of The Photographs Render Them
                 Highly Probative In The Context Of This Case........ 7

            2.   There Is No Unfair Prejudice To The Government's
                 Evidence To Be Weighed Against A Stipulation....... 10

      B.    Screenshots Showing Defendant Accessing His Personal
            File Structure From His Work Computer Are Also Highly
            Probative........................................... 12

IV.   CONCLUSION............................................... 15

i

**TABLE OF AUTHORITIES**

PAGE

Cases

Old Chief v. United States,
  519 U.S. 172 (1997)................................................ 11

United States v. Avants,
  367 F.3d 433 (5th Cir. 2004)...................................... 6

United States v. Bailleaux,
  685 F.2d 1105 (9th Cir. 1982)..................................... 6

United States v. Beckett,
  369 Fed. Appx. 52 (11th Cir. 2010)............................... 12

United States v. Breton,
  740 F.3d 1 (1st Cir. 2014)..................................... 8, 14

United States v. Carrasco,
  2012 WL 6162009  (9th Cir. 2012).................................. 8

United States v. Gendron,
  18 F.3d 955 (1st Cir. 1994)...................................... 13

United States v. Koch,
  625 F.3d 470 (8th Cir. 2010)................................. 10, 12

United States v. LeMay,
  260 F.3d 1018 (9th Cir. 2001)..................................... 6

United States v. Livoti,
  196 F.3d 322 (2d Cir. 1999)....................................... 6

United States v. Nelson,
  2002 WL 463321 (9th Cir. March 5, 2002).......................... 14

United States v. Norton,
  867 F.2d 1354 (11th Cir. 1989).................................... 6

United States v. Presley,
  2008 WL 189565 (W.D. Wash. 2008)................................. 13

United States v. Roetcisoender,
  792 F.3d 547 (5th Cir. 2015)...................................... 8

United States v. Schmit,
  2010 WL 5297437 (D. Az. Dec. 15, 2010).......................... 14

United States v. Valenzuela-Amezcua,
  278 F.3d 901 (9th Cir. 2002)...................................... 8

ii

**TABLE OF AUTHORITIES**

PAGE

United States v. Vosburgh,
    602 F.3d 512 (3rd Cir. 2010)................................... 12

United States v. Yarrington,
    634 F.3d 440 (8th Cir. 2011)................................... 9

Rules

Fed. R. Evid. 403............................................. 5, 6

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Defendant argues that evidence of private photographs of himself, taken of his torso and genitals, while he was not wearing clothes, are irrelevant to the charges of receipt and possession of child pornography.  Conceding, as he must, that forensic evidence regarding organization, use, and access of the files is relevant to the government's case, defendant argues that the content of the photographs are irrelevant to those forensic facts.  However, the nature of the photographs as intimate and private are exactly what make them probative.  There is no unfair prejudice to this evidence.

Defendant also complains about the government's intent to offer screenshots that show defendant using his employer's computer to log into his home computer, and then navigate through several folders to a number of files with "deflowered" or "defloration" in their title. These files do not contain child pornography and are kept in a different folder than the rest of the child pornography, but they show both defendant's use of multiple folders and his facility in navigating them, as well as his knowledge of files that contain titles indicative of pornography at a minimum and suggesting child pornography.  Where defendant's knowledge of the collection of pornography that resides on his computers is expected to be the primary issue at trial, there is no undue prejudice in evidence showing that he knew of legal pornography on his computer, and to the extent it reflects an interest in child pornography, it is directly relevant to his state of mind.

To the extent the Court has any concerns about prejudice, they can be addressed by use of limiting instructions.

## II.   BACKGROUND

The basic facts and charges involved in this case have been set forth elsewhere, including in the Government's Motion <u>In Limine</u> #1 To Exclude Defendant's Proposed Expert Testimony Regarding Defendant's Sexual Preferences.

In addition, relevant to this motion is a brief explanation of the file structure that is likely to be the battleground of this trial.  "OrigData" is a folder containing between approximately one thousand and three thousand files, depending on which of the seven copies of "OrigData" that were found on defendant's four hard drives one consults.  In particular, one external hard drive found at one of defendant's storage units shows that on three dates -- March 23, 2005, March 13, 2006, and May 17, 2006 -- three folders were backed-up and copied.  Those folders were "OrigData," a much larger folder called "data," and Internet favorites (i.e., bookmarked web-pages). The same three folders were selected to be backed up on each of those dates.  The Internet favorites folder contained pages that show they were defendant's (e.g., a web page for the type of camera he uses); the "data" folder contained multiple documents with defendant's name in and on them; and "OrigData" contained not only a sub-folder containing personal correspondence with defendant's name on it, but also, under layers of other sub-folders, a large collection of adult and child pornography.  While the pornography was in general kept in folders that corresponded to its contents (e.g., the "yg" sub-folder contained videos showing young girls), some of the files moved from one location to another between the three back-ups.  On some copies of "OrigData," the majority of the files contain sexually explicit names, including many that are

explicit references to child pornography.  Defendant's collection of adult and child pornography was kept as an entire set that was organized, as well as concealed beneath layers of folders.

### A.  Naked Photographs of Defendant

With regard to the challenged photographs, the government proffers that the two photographs were not only found as attachments to an email from defendant to himself, but were reproduced multiple times on defendant's different digital devices, consistently found in a subfolder with other naked photographs of defendant.  That subfolder was furthermore within the same folder structure as the folders containing child pornography – i.e., they were both under a parent "tmp" folder that had other subfolders.  Metadata also shows that these photographs were taken with the same camera defendant used to take other photographs that are also stored on his digital devices.

The government first provided notice approximately one year ago, in its discovery letter dated December 2, 2014, that the government intended to introduce "proof that files containing Mr. Gartenlaub's e-mail address were stored among folders storing child pornography and pictures of Mr. Gartenlaub's torso and genitals (which pictures were taken with the same camera that he used to photograph his family and friends), which he e-mailed to himself using his Yahoo! e-mail account."  (Declaration of Vicki Chou ("Chou Decl.") ¶ 1).  That notice has appeared in over a dozen discovery letters since that time.  This issue was also included in the government's Appendix to its consolidated opposition to defendant's motions to quash and traverse filed on May 5, 2015.  (CR 87, Appx.

at 5).  When counsel for both parties met on October 19, 2015, government counsel agreed that it would not show the photograph of the genitals, but would make reference to it, and intended to offer the photograph of the torso.  (Chou Decl. ¶ 2).  The actual e-mail and photographs (with genitals redacted, as they would be in trial), were also filed as Exhibit C to the Government's Notice of Intent to Introduce Business Records (CR 118.)  It is only on the Wednesday before a hearing the following Monday that defendant first files a motion in limine to exclude this evidence.

**B.   Boeing Screenshots**

As described in defendant's motion, the government intends to introduce evidence that defendant accessed his home computer through his Boeing computer.  Screenshots from Boeing demonstrate that defendant accessed his email and viewed information showing the specific storage unit he rented.  In January 2014, he also navigated through a folder structure to view apparent pornography with the terms "defloration" or "deflowered."

The government provided notice of the fact that it intended to use at trial the screenshots showing his navigation to files containing the terms "deflowered" or "defloration" on October 13, 2015 and October 30, 2015 (Chou Decl. ¶¶ 4-5) not November 8, 2015, as noted in defendant's motion.  (Def.'s Mot. at 6).  These screenshots were also discussed in the government's consolidated opposition to defendant's motions to quash and traverse, and some were attached as exhibits in May 2015.  (CR 87, Appx. at 8-9, Exh. 1.h).

4

## C.   Log Files

Not discussed in defendant's motion, but pertinent to the discussion of the relevance of young, but legal, pornography, the government has also separately noticed its intention to introduce backup logs from defendant's digital devices (an example is attached hereto as a sealed exhibit).  The government first provided a notice of intent to introduce such evidence over a year ago when it produced the log files on October 29, 2014.  The government specifically detailed its expected use of the logs in an email on November 12, 2015, and reiterated it in a letter again on November 19, 2015.  (Chou Decl. ¶¶ 6-8.)

The log files the government seeks to introduce list the large number of explicitly titled, presumptively pornographic, files on his computer.  The log files also reflect the organizational structure imposed by defendant, saving child pornography in folders adjacent to other pornography, and much of the pornography sorted into folders based on type (for example, "anl" which the government will argue refers to "anal" and "bl" which the government will argue refers to "barely legal").  The government also expects to introduce forensic evidence that some of the adult pornography files were accessed by defendant.

## III. ARGUMENT

Rule 403 of the Federal Rules of Evidence provides, in pertinent part, that a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of...unfair prejudice." Fed. R. Evid. 403 (emphasis added).  "Unfair" prejudice under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Fed. R. Evid. 403 Commentary.  Rule 403 is a rule of inclusion, not of exclusion.  United States v. Norton, 867 F.2d 1354 (11th Cir. 1989).  Here, defendant has not established that there is unfair prejudice or that it is so great as to warrant exclusion of the evidence.

The fact that the evidence may tend to convict the defendant does not make it unfairly prejudicial.  See United States v. Avants, 367 F.3d 433, 445 (5th Cir. 2004) ("The prejudicial effect of the testimony was that, if the jury found it credible, it would be more likely to find that the Government had met its burden in proving Avants' guilt.  Obviously, this is not the kind of unfair prejudice that Rule 403 is meant to prevent.").  Prejudice -- that is, a tendency important to affect the outcome is "unfair" only to the extent that it "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."  United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982).

Defendant cannot establish unfair prejudice to any of the evidence the government seeks to introduce – this is particularly the case since this is a child pornography case, and neither adult pornography nor naked pictures can be said to be more inflammatory than child pornography.  See United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (upholding district court's refusal to exclude evidence under 403 where "the evidence did not involve conduct more inflammatory than the charged crime"); see also United States v. LeMay, 260 F.3d 1018 (9th Cir. 2001) (explaining that sexual acts will always be "emotionally charged and inflammatory," and courts

must keep in mind that the allegation that the defendant committed the instant offense will also be "emotionally charged and inflammatory"). As recounted below, there is high probative value in each of the pieces of evidence the defendant seeks to challenge, and thus the balancing tilts in favor of admission of the government's evidence.

### A. Naked Photographs of Defendant Stored In The Same Folder As Child Pornography Are Highly Probative And Not Prejudicial

While the photograph of defendant's genitals is graphic, and will only be referred to in testimony (the government does not intend to offer the photograph itself into evidence at trial), the photograph of the torso is not, and reveals little more than what a juror might see on a billboard. The two photographs are acutely probative of defendant's knowledge of the folders nearby and surrounding the child pornography folders, especially since the defense at trial appears to be that someone else accessed defendant's computer and placed the child pornography on it. A mere statement that some photographs were on defendant's system and e-mailed does not have the same probative value, as it is the specific nature of the photographs that renders them so probative.

### 1. The Specific Nature Of The Photographs Render Them Highly Probative In The Context Of This Case

First, the government expects that Bruce Pixley, the government's forensic examiner who will offer expert opinion testimony at trial, will show that defendant accessed some of the naked pictures he kept of himself in a sub-folder of "OrigData." This testimony will be based on his analysis of forensic artifacts,

7

similar to those cited in exhibits to the government's consolidated

opposition to defendant's motions to quash and to traverse.  (CR 87,

Exh. 1.d).

As noted above, much of contents of the "OrigData" folder are

files with sexually explicit filenames, some referencing adult

pornography and some referencing child pornography.  Those files are

stored within layers of sub-folders that conceal their nature with

benign or meaningless folder names, and then are sorted within

further sub-folders often according to their contents.  Thus it is

not as if the evidence of adult pornography can be excised from the

collection of both child and adult pornography in portraying

OrigData at trial, because the battlefield will be who knows the

contents of this complicated and clearly deliberate structure of

folders.  Once there is evidence of who the person is who knows

about any of the contents hidden within layers of sub-folders, there

is strong evidence that the same person very likely knows all of the

contents, including the videos depicting child pornography.  See,

e.g., United States v. Roetcisoender, 792 F.3d 547, 552 (5th Cir.

2015) (evidence that defendant created non-descript folder names

such as "New Folder" and "28" to store child pornography probative

of child pornography offenses); United States v. Breton, 740 F.3d 1,

17-18 (1st Cir. 2014) (evidence that defendant concealed laptop and

selectively wiped its data probative of defendant's knowing

possession of child pornography); see generally United States v.

Valenzuela-Amezcua, 278 F.3d 901, 909 (9th Cir. 2002) (defendant's

knowledge of secret areas probative of knowledge of drug

activities); United States v. Carrasco, 2012 WL 6162009 at *1 (9th

Cir. 2012) (defendant's prior border crossings in vehicle with
secret compartment tended to prove knowledge in instant offense).

Second, the metadata for these photographs (referred to as EXIF
data) shows that they were taken with a specific make of camera
(Canon PowerShot G3), with a specific firmware used to operate the
camera, and a specific model.  The same metadata appears in many,
many personal photographs of defendant found elsewhere on
defendant's computers (for example, while he was on vacation).
These photographs therefore show that defendant was the person
taking the photographs and using the camera he frequently used, and
link him to OrigData, where the child pornography was stored.

Third, defendant e-mailed these photographs to himself in 2010.
Where the charged receipt offense occurred approximately a decade
ago, evidence of defendant's more recent use of the files is
probative of his knowing possession in 2014.  That defendant
specifically selected two photographs out of the several kept in the
same folder shows that defendant knew and used the contents of this
sub-folder within the "OrigData" folder.

Fourth, and most significant to why at least one photograph
must be shown and the other described, is that it is precisely
because the photographs are intimate and private that they tend to
show that defendant -- the person who took the photographs and who
is depicted in them -- is the person who had exclusive knowledge of
the folder structure he created in the "OrigData" folder.  Courts
routinely consider ordinary photographs of defendants probative of
knowledge in child pornography offenses.  See, e.g., United States
v. Yarrington, 634 F.3d 440, 450 (8th Cir. 2011) (citing proximity
of child pornography to non-pornographic images of defendant and his

family among bases for finding sufficient evidence of knowing possession); <u>United States v. Koch</u>, 625 F.3d 470, 478 (8th Cir. 2010) (citing forensic artifacts relating child pornography to digital photographs of defendant as evidence of child pornography offenses).  The naked photographs of defendant are even more probative precisely because they are of a private nature.  The photograph of defendant's torso is not explicit, and the government has already agreed that it would not show -- but only refer to -- the photograph of his genitals.

        2.   <u>There Is No Unfair Prejudice To The Government's
Evidence To Be Weighed Against A Stipulation</u>

Defendant's goal in moving to preclude the naked pictures appears to be to avoid "embarrassment."  (Def.'s Mot. at 5.) Personal embarrassment to defendant is not the same as unfair prejudice under Rule 403.  To make an argument for prejudice, defendant's motion strings together a series of leaps – that the naked picture will indicate to the jurors "some sort of sexual deviance" and cause them to believe that "he wanted to watch child pornography."  (Def's Mot. at 5-6.)  The jurors can be specifically instructed that they are not to infer anything from the nature of the pictures.  Beyond that, there is no reason to believe that the jurors will draw any unfair conclusions regarding defendant based on the naked pictures – taking photographs of oneself is legal, and defendant's photograph is plain and unadorned.

Defendant now offers a stipulation regarding the fact that defendant "emailed pictures or files contained in that folder to himself."  (Mot. at 6).  As a preliminary matter, without <u>unfair</u>

prejudice, no further balancing need be made, either against the probative value of the evidence or against possible alternatives. However, even if this Court were to evaluate the probative value of the stipulation, the Court should conclude that it is insufficient. The stipulation, devoid of specific content, grossly dilutes the probative value of the evidence.  It is precisely because the photographs are of such a private and personal nature that they would have been kept secret, and it would have been defendant who did so.  At the same time, they reinforce the inference that the layers of sub-folders used to store the child pornography did in fact reflect a measure of concealment, because defendant was trying to conceal these private photographs as well.  Especially given that the defense at trial is likely to be that defendant was not aware of the child pornography on his computer, evidence showing his familiarity with the reticulate folders used to store them is highly probative, as are the other secret, private materials kept there -- to show that the contents, including the child pornography, were all kept as a secret by defendant alone.  As the Supreme Court has held, "[i]n light of its heavy burden of proof, the government is entitled to present a powerful case."  <u>Old Chief v. United States</u>, 519 U.S. 172, 187-88 (1997).

The photographs are part of the government's presentation about the overall contents of OrigData, which will include the above-referenced log files.  The government will use the log files to demonstrate that the overall contents of OrigData, which defendant backed up several times, contained so much pornography, and so many file names suggesting child pornography, that it is not credible that defendant was unaware of just a portion of the files.  This is

so not only because of the pornographic contents -- both adult and
child -- but the personal contents, such as defendant's
correspondence and these naked pictures, held in some of the
subfolders.  Defendant's claim that he did not know about the child
pornography videos brings in all of the files on OrigData, as
reflected on the logs, because the pornography was sorted and
organized, with the child pornography kept in their own folders and
the adult pornography sorted into different types.  See, e.g., Koch,
625 F.3d at 478 (pornographic images being located in user created
folders probative of knowing possession); United States v. Beckett,
369 Fed. Appx. 52 (11th Cir. 2010) (child pornography organized
fashion in folders titled "porn" as evidence of knowing possession).
The full context of the files will be necessary for the jury to be
able to evaluate defendant's claim of ignorance.

> **B.    Screenshots Showing Defendant Accessing His Personal File
> Structure From His Work Computer Are Also Highly Probative**

Screenshots defendant is challenging show defendant navigating
to a folder with files of apparent pornography with terms
"defloration" or "deflowered," which, as defendant's motion explains
in part, relate to sexual activities with young and inexperienced
teenage women.  (Def's Mot. at 6-7.)  These screenshots show both
that defendant used multiple layers of folders as well as the fact
that defendant knew of and kept movies that contained references to
underage sexual depictions on his computers.  The specific file
names are thus relevant to establish knowledge, intent, and lack of
mistake.  Cf. United States v. Vosburgh, 602 F.3d 512, 538 (3rd Cir.
2010) (affirming district court's decision to admit evidence that
defendant possessed images of child erotica where probative of

12

1  defendant's sexual interest in children and disproved argument of

2  unknowing possession or accident); United States v. Gendron, 18 F.3d

3  955, 969 (1st Cir. 1994) (affirming district court's admission of

4  legal child erotica items where district court could have reasonably

5  determined in light of nature of basic evidence, additional child-

6  erotic material made no significant prejudicial difference); United

7  States v. Presley, 2008 WL 189565 (W.D. Wash. 2008) (finding "barely

8  legal" pornography probative of knowledge and any potential

9  prejudice curable by a limiting instruction).

10      The timing is also important: the screenshots show that in

11  January 2014, defendant was accessing a folder with titles of

12  previously downloaded pornography.  Much of defendant's child

13  pornography, along with the adult pornography it was stored

14  alongside, was accumulated years ago.  His more contemporary access

15  of folders with pornography depicting actresses purporting to be

16  young girls helps show that he would have been aware of the content

17  on his computer that he deliberately accumulated and stored.  This

18  is particularly important given defendant's expected defense of

19  ignorance of some subset of the pornography on his digital devices.

20      The fact that these folders were in a different file structure

21  does not render them less probative; if anything, that is why the

22  specific file names are important.  Filenames will play a critical

23  role in proving the government's theory of attempted receipt.  As

24  shown in Exhibit 1.f to the government's consolidated opposition to

25  defendant's motions to quash and traverse (CR 87), metadata

26  associated with partially downloaded files show defendant searched

27  for terms associated with child pornography (like "Lolita" or

28  "young") and downloaded files based on seeing that the filenames had

13

those words in them.  Cf. Breton, 740 F.3d at 13 (file and chat room names suggestive of child pornography relevant and not substantially outweighed by prejudice even where no corresponding images were recovered) (citing other cases).  There should not be a dispute that defendant was the one using his Boeing computer to access his personal computer.  The fact that he was accessing a folder with pornography with file names consistent with the content relevant to the offenses (young female pornography) tends to prove that the materials in the other folders were not there by mistake.  Establishing that defendant was familiar with commonly used terms in pornography involving young children will also help the government prove that he would have recognized child pornography files on his computer as child pornography.

There is nothing unfairly prejudicial about adult pornography.  Certainly, even "barely legal" pornography is not more inflammatory than child pornography.  Any possible prejudice could be cured by a limiting instruction.  See United States v. Schmit, 2010 WL 5297437 (D. Az. Dec. 15, 2010) (finding adult obscene images relevant to show motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident, and referencing a proper limiting instruction as allowing jury to compartmentalize the evidence); United States v. Nelson, 2002 WL 463321 (9th Cir. March 5, 2002) (repeatedly referencing limiting instruction as possible means to address prejudice but ultimately finding harmless any potential error to admitting 14,000 thumbnails of adult and minors in pornographic poses where the Court "[did] not think that a reasonable jury would have taken greater offense by viewing 14,000 thumbnail pictures than would likely have been experience if they

14

1  had only viewed the images of possible minors in pornography

2  poses").

3  **IV.   CONCLUSION**

4      For the forgoing reasons, the Court should deny the defendant's

5  Motion in Limine, subject to issuing a limiting instruction.

6  Dated:  November 20, 2015      EILEEN M. DECKER
                                  United States Attorney
7
                                  PATRICIA A. DONAHUE
8                                 Assistant United States Attorney
                                  Chief, National Security Division
9

10                                _____/s/_____
                                  ANTHONY J. LEWIS
11                                VICKI CHOU
                                  Assistant United States Attorneys
12
                                  Attorneys for Plaintiff
13                                UNITED STATES OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF VICKI CHOU**

I, Vicki Chou, hereby declare

1.   I am an Assistant United States Attorney for the Central District of California.  In that capacity, I have been assigned responsibility for handling the prosecution in United States v. Keith Gartenlaub, No. SA CR 14-173-CAS.

2.   I have reviewed a discovery letter from the file dated December 2, 2014 in which the government stated that it intended to introduce "proof that files containing Mr. Gartenlaub's e-mail address were stored among folders storing child pornography and pictures of Mr. Gartenlaub's torso and genitals (which pictures were taken with the same camera that he used to photograph his family and friends), which he e-mailed to himself using his Yahoo! e-mail account."

3.   I received an e-mail from AUSA Anthony Lewis, the other assigned attorney on this case, on October 19, 2015 indicating that in an in-person meeting with defense counsel, Mark Werksman, the government agreed that it would not show the photograph of defendant's genitals, but would make reference to it, and intended to offer the photograph of defendant's torso into evidence.

4.   I have reviewed a discovery letter from the file dated October 13, 2015 in which the government indicated to defense counsel that it intended to introduce the Boeing screenshots at trial.

5.   I have reviewed a discovery letter from the file dated October 30, 2015 in which the government again indicated to defense counsel that it intended to introduce the Boeing screenshots at trial.

1

6.    I have reviewed a discovery letter from the file dated October 29, 2014.  This letter accompanied the production of a disc containing the logs.  The letter also included a notice that the government "may seek to introduce the other crimes, wrongs, or acts committed by your client which are referenced in the enclosed items pursuant to Rules 404(b) of the Federal Rules of Evidence, or on the theory that they are inextricably intertwined with the charged conduct."

7.    I sent defense counsel an e-mail on November 12, 2015 advising them of the government's intent to introduce previously produced log files from defendant's computers at trial.

8.    I have reviewed a discovery letter from the file dated November 19, 2015 in which the government reiterated its intent to introduce the previously produced log files at trial.

Executed this 20th day of November 2015, in Los Angeles, California.


_____/s/_____
VICKI CHOU