UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**             'O'

| Case No. | 8:14-cr-00173-CAS | Date | November 23, 2015 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Anthony Lewis, Not Present<br>Vicki Chou, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| KEITH PRESTON GARTENLAUB | NOT | | X | MARK WERKSMAN<br>KELLY QUINN | NOT<br>NOT | | X<br>X |

**Proceedings:**   (IN CHAMBERS) - MOTIONS *IN LIMINE*

## I.   INTRODUCTION & BACKGROUND

Defendant Keith Preston Gartenlaub ("defendant" or "Gartenlaub") is charged with one count of Attempted Receipt and Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2).  See Dkt. No. 36.  These charges are based upon a collection of videos depicting child pornography which was found on defendant's computer.

A trial in this matter is scheduled for December 8, 2015.  The Court held a hearing on November 23, 2015.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   THE GOVERNMENT'S MOTION *IN LIMINE* NO. 1

The Government seeks to exclude the proposed testimony of defendants' expert witness Dr. Trayci Dahl ("Dahl").  Dkt. 117.  Dahl, who is a forensic psychologist, is expected to testify regarding defendant's sexual preferences.[1]  Id.  More specifically, according to defendant, Dahl

---

[1] At the hearing, counsel for defendant noted that it is no longer their intention to retain Dr. Dahl.  However, defendant still desires to retain an expert witness to address issues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL   'O'

will testify that: (1) defendant is likely not the person who downloaded and viewed the child pornography found on his computer because he does not have the traits of someone who has an interest in viewing child pornography; and (2) the person who actually downloaded and viewed the child pornography possesses traits that are dissimilar to defendant. Dkt. 120, at 7. The Government contends that Dahl's testimony constitutes improper propensity evidence and should therefore be excluded under Federal Rule of Evidence 404(a). Dkt. 123, at 1-2.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, pursuant to Federal Rule of Evidence 404(a)(2)(A), in a criminal case, "a defendant may offer evidence of the defendant's pertinent trait." Nonetheless, this exception to the general rule against character evidence only applies where the criminal defendant seeks to offer evidence of a "pertinent" character trait.

Under Ninth Circuit case law, a defendant may submit evidence regarding their general character for law abidingness; however, they may not submit evidence of a propensity to engage, or not engage, in a particular criminal act. In United States v. Diaz, a defendant was charged with possession with intent to distribute more than 500 grams of cocaine. 961 F.2d 1417, 1417 (9th Cir. 1992) During his trial, defendant sought to admit evidence regarding his propensity to engage in criminal acts such as those he was charged with. Id. at 1419. The Ninth Circuit held that, while questions regarding defendants "propensity to engage in criminal conduct" were admissible, questions regarding his "propensity to engage in large scale drug dealing"—i.e., a specific criminal act—were not. Id. at 1419-20; see also United States v. Knaub, 81 F.3d 171, *2 (9th Cir. 1996) (noting that in Diaz "we held that general questions about whether a defendant is generally law abiding were proper, but questions on whether he would engage in a particular crime were not."). Here, Dahl's testimony could arguably be construed as evidence of defendant's general sexual character or his general character as a law-abiding citizen. However, by defendant's own description, Dahl intends to testify that defendant's character traits make it unlikely that he downloaded and viewed the child pornography found on his computer. See Dkt. 120, at 7. In other words, he lacks the propensity to engage in a particular criminal act—downloading and viewing child pornography. Accordingly, the Court finds that Dahl's testimony is akin to the testimony excluded in Diaz and therefore does not constitute a "pertinent" character trait.

---

concerning defendant's sexual preferences. Accordingly, because it appears that regardless of the identity of the witness retained by defendant the contents of their testimony would be largely identical, the Court continues to refer to defendant's expert witness as Dr. Dahl in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**         **'O'**

Nonetheless, defendant argues that Dahl's testimony should be admitted pursuant to Federal Rule of Evidence 404(b). Dkt.120, at 6. Rule 404(b)(2) provides that evidence of a persons prior "crimes, wrongs, or other acts" "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Several courts have found that evidence of prior acts, such as prior molestation convictions, are admissible in child pornography cases because they bear on the defendants intent or motive to possess child pornography. United States v. Brown, 893 F.2d 1066, 1070-71(9th Cir.1990) (holding that a child pornography defendant's prior molestation convictions were admissible to show he had actual knowledge that the girl in the photo was a minor); United States v. Sebolt, 460 F.3d 910, 917 (7th Cir.2006) (upholding admission of prior molestation conviction evidence in child pornography case because prior misconduct establishes a sexual interest in children serving as evidence of defendant's motive to commit the charged crime). However, in these cases the courts addressed the admissibility of specific prior acts. Dahl's testimony, by contrast, is not evidence of a prior crime, wrong, or other act. Rather, the evidence defendant is attempting to introduce is opinion testimony on a purportedly pertinent character trait. Accordingly, Rule 404(b) does not apply to this testimony.

For the foregoing reasons, the Court GRANTS the Government's motion to exclude defendant's proposed expert testimony regarding his sexual preferences.

### III. DEFENDANT'S MOTION *IN LIMINE* NO. 1

Defendant seeks to exclude two pieces of evidence that he contends are irrelevant and highly prejudicial and should therefore be excluded under Federal Rule of Evidence 403. Even relevant evidence should be excluded if its probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " United States v. Gonzalez–Flores, 418 F.3d 1093, 1098 (9th Cir.2005) (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)). The specific pieces of evidence defendant seeks to exclude are:

    1.    An email sent by defendant to himself with a nude picture of a male's torso, possibly defendant's, as well as references to an additional picture that was attached to the same email which shows a close up of male genitalia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL          'O'**

    2.    Screen shots of defendant accessing a folder in his computer which contained files with names that included the terms "defloration" and "deflowered" in their titles.

Dkt. 122, at 3. The Court will address each of these pieces of evidence in turn.

    A.    The Photographs of a Naked Adult Male

The government intends to submit two photographs of a naked adult man, possibly defendant, which defendant purportedly emailed to himself. Dkt. 122, at 3. The first photograph is of a close up of the man's bare torso (from a little below his waist to his shoulders). Id. at 5. The second photograph is of the man's genitalia. Id. The government has stated that it will only submit testimony describing the second photograph, however it intends to submit the actual photograph of the man's torso. Id. Defendant argues that this evidence is irrelevant to the question at issue in this case: whether defendant knowingly and intentionally obtained and possessed child pornography. Id. Moreover, defendant contends that this evidence may cause the jury to draw prejudicial conclusions that defendant is in some way a sexual deviant. Id. at 5-6.

Defendant misstates the Government's reasoning for introducing these photographs. The Government intends to introduce these photographs, not necessarily because of their contents, but rather to establish that defendant had access to and knowledge of the folders on his computer where these photographs were stored. Dkt. 125, at 7. As stated above, the charges in this case arise from a cache of child pornography that was found on defendant's computer. The child pornography was contained within an intricate system of subfolders within a larger folder referred to as "OrigData." Id. at 2. According to the government, the photographs of the naked adult male were contained within this same folder structure and in relative proximity to the child pornography folders. Id. at 3.

Defendant has indicated that one of his principal defenses in this case will be that someone other than defendant downloaded the child pornography and therefore defendant was unaware of the existence of the child pornography on his computer. Dkt. 120, at 3. The government argues that the fact that defendant may have stored and later accessed personal photographs of himself within the same file structure as the child pornography undermines defendant's argument that he was unaware of the existence of the child pornography on his computer. Dkt. 125, at 7.

The Court agrees with the Government that these photographs are relevant to the question of defendant's knowledge that child pornography was stored on his computer. Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL           'O'

contends that he lacked any knowledge of the folders containing child pornography or their contents. Dkt. 120, at 3. However, evidence that defendant may have stored personal pictures of himself within the same series of folders as the child pornography and then subsequently accessed that folder to email himself the photographs suggests that he used these folders and therefore may have had knowledge of their contents. See also United States v. Yarrington, 634 F.3d 440, 450 (8th Cir. 2011) (finding sufficient evidence of knowing possession where defendant stored family photographs in the same section of his hard drive as child pornography).

Defendant argues that, to the extent the Government wants to introduce this evidence to show that he accessed a particular folder within OrigData, it is not necessary to disclose the contents of the photographs to jury. Dkt. 122, at 6. To that end, defendant has offered to stipulate that he did in fact email files from these folders. Id. The Government responds that defendant's proposed stipulation is insufficiently probative of his knowledge of the OrigData folders. Dkt. 125, at 11. Instead, the Government argues that the personal and sensitive nature of these photographs is probative of a broader practice by defendant of using OrigData, with its layers of sub-folders, as a means for concealing private materials on his computer. Id. at 11-12. The Court agrees. The fact that these photographs have a private, and perhaps sexual, subject matter suggests that defendant may have routinely used this section of OrigData to conceal sensitive materials, such as child pornography. Accordingly, the Court finds that evidence regarding the contents of these photographs is admissible at trial.

Nonetheless, the Court is not persuaded that it is necessary to show the pictures themselves to the jury. Rather, it is sufficient for the Government to merely submit testimony regarding the contents of these photographs, where they were located within OrigData, and how defendant accessed them. Even without the actual photographs the Government can still draw the necessary inferences that defendant had knowledge of the folders where these photographs were stored and that defendant used these folders to conceal sensitive and sexually graphic materials on his computer. The government implicitly acknowledges that the photographs themselves are not essential to drawing these inferences as they have already agreed merely to submit testimony regarding the photo of a man's genitalia. Furthermore, defendant contends that the photo of a man's torso is "quite graphic" and therefore not showing the photograph itself will lessen the potential for unfair prejudice to defendant. Dkt. 122, at 2.

Accordingly, while the Government may refer to the contents of these photographs, as well as where and how defendant accessed them, it may not submit the photographs themselves.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**         'O'

**B.**     **The Screen Shots of Files Containing "Deflowering" in Their Titles**

The Government also intends to submit screen shots showing defendant remotely accessing his home computer from his work computer. Dkt. 122, at 6. According to defendant, his employer, Boeing, routinely takes screen shots of its employees' actions on their computer. Id. Some of these screen shots purportedly show defendant accessing his home computer from work. Id. The specific screen shots that the Government wants to introduce show defendant navigating to a folder on his home computer containing files with titles that contained the terms "defloration" or "deflowered." Id. The files apparently refer to a collection of what is known as "barely legal" pornography.[2] Id. The government argues that this evidence shows that defendant knew of and kept movies that contained references to underage sexual depictions on his computers. Dkt. 125, at 12. Accordingly, the Government contends that the specific file names in these screen shots are relevant to establish knowledge, intent, and lack of mistake. Id. The Court disagrees.

It appears that the Government intends to draw a connection between defendants viewing of "barely legal" pornography and the potential that he knowingly received and possessed child pornography. See Dkt. 125, at 14. However, while many people may find the concept of "barely legal" pornography objectionable, it is ultimately a legal category of pornography. Dkt. 122, at 7. The fact that defendant accessed and viewed a legal category of pornography is not particularly probative of defendant's knowledge and intent with regard to an illegal category of pornography—child pornography.

On the other hand, this evidence may be highly prejudicial to defendant and carries a considerable risk of confusing the jury. While "barely legal" pornography may not be illegal, many jurors may personally find defendant's viewing of it to be obnoxious or perverse. Or jurors may improperly infer that someone with an interest in "barely legal" pornography might also have a sexual interest in children. Defendant also explains that the names of these files "are confusing, because they seem to relate to sexual activities with young and inexperienced teenagers, while in fact all the actors in them are adults." Dkt. 122, at 6. Accordingly, to the extent this evidence has any probative value, it is substantially outweighed by the serious risk of prejudice and confusion that may result from exposing the jury to this evidence.[3] Therefore, the

---

[2] "Barely legal" pornography is a legal category of pornography that, according to the parties, generally involves adult actresses engaging in sexual activities while pretending to be young and inexperienced teenage women. Dkt. 122, at 6; Dkt. 125, at 12.

[3] And to the extent that the Government seeks to use these screen shots to show that defendant knew how to remotely access folders on his home computer, it appears that there are several, less inflammatory alternatives. According to defendant, Boeing captured dozens of screen shots of defendant's work computer that indicate that he knew how to remotely access

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**                                      **'O'**

Government may not submit the screen shots of defendant accessing files with the terms "deflowered" and "defloration" in the title.

    In accordance with the foregoing, defendant's motion is GRANTED in part and DENIED in part.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Deputy Clerk | | CMJ |

cc:  Pretrial Services

---

his home computer. Dkt. 122, at 7. For example, one series of screen shots purportedly shows defendant remotely accessing a folder on his home computer entitled "Movies." <u>Id.</u> at 7, n.3. Accordingly, the Government has other, less inflammatory alternatives to establish that defendant knew how to remotely access his home computer.