EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
VICKI CHOU (Cal. Bar No. 248598)
Assistant United States Attorney
OCDETF Section
     1500/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-1786/8692
     Facsimile:    (213) 894-3713/0142
     E-mail:  anthony.lewis@usdoj.gov
            vicki.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>KEITH PRESTON GARTENLAUB,<br><br>     Defendant. | No. SA CR 14-173-CAS<br><br>GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS<br><br>Trial Date:  December 4, 2015<br>Trial Time:  10:30 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the Office of the United States Attorney for the Central District of California, hereby submits the Government's Objections to Defendant's Proposed Jury Instructions (CR 143) in the above-captioned case in accordance with the Court's procedures.  The government previously briefed much of the authority supporting the government's version of the disputed jury instructions (CR 141); the

1

government herein summarizes its position and sets forth additional responses.  The government respectfully reserve the right to supplement its briefing as needed.

For the Court's review below, the government has italicized disputed words the defense has proposed adding, and used "strikethrough" annotations to indicate disputed words in the government's instructions that the defense has proposed striking.

Dated: December 4, 2015          Respectfully submitted,

                                 EILEEN M. DECKER
                                 United States Attorney

                                 PATRICIA A. DONAHUE
                                 Assistant United States Attorney
                                 Chief, National Security Division


                                 _____/s/_____
                                 ANTHONY J. LEWIS
                                 VICKI CHOU
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

GOVERNMENT'S RESPONSE TO DEFENDANT'S PROPOSED INSTRUCTION NO. 1

[ELEMENTS OF RECEIPT AND ATTEMPTED RECEIPT OF CHILD PORNOGRAPHY]

Disputed Instruction:

Fourth, that the defendant *knew* the visual depiction had been mailed, shipped, or transported in interstate or foreign commerce by computer or other means.

Government's Objection:

As the government briefed in its Proposed Jury Instructions (Disputed) (CR 141), the defendant's knowledge of the jurisdictional element is not required. See United States v. Sheldon, 755 F.3d 1047, 1049-50 (9th Cir. 2014) (crime of sexual exploitation of child does not require knowledge of interstate nature of materials). That proposition is well established in the Ninth Circuit and elsewhere, both in the child exploitation context and in others. United States v. Jinian, 725 F.3d 954, (9th Cir. 2013) (noting that "Jurisdictional language need not contain the same culpability requirement as other elements of the offense," and that "the government is not required to prove under 18 U.S.C. § 1343 that the interstate nature of the wire was reasonably likely or foreseeable"); Bibbins v. United States, 400 F.2d 544, (9th Cir. 1968) ("We hold that the district court did not err in finding a violation of the Dyer Act where the government failed to prove that the defendant intended to cross or knew that he had crossed a state line with a motor vehicle known by him to be stolen.") (citing cases); United States v. Darby, 37 F.3d 1059, 1067 (4th Cir. 1994) (noting that "[n]umerous cases have held that criminal statutes

based on the government's interest in regulating interstate commerce do not generally require that an offender have knowledge of the interstate nexus of his actions," and collecting cases).

Defendant's citation of <u>United States v. Colavito</u>, 19 F.3d 69, 71 (2d Cir. 1994) is misleading. <u>Colavito</u>'s discussion of scienter was primarily about the requirement for defendant's knowing receipt of child pornography materials, not that the materials traveled in interstate commerce. <u>See id.</u> ("Colavito argues that the statute is unconstitutional because it does not require that the recipient have reason to know that the items depict minors.") Furthermore, <u>Colavito</u> specifically declined to rule regarding any scienter requirement on any element of the charged offenses: "We need not shape today the precise contours of section 2252(a)(2)'s scienter requirement because Colavito pled guilty to possessing child pornography in violation of the statute." <u>Id.</u> Defendant's citation to <u>United States v. Cochran</u>, is similarly flawed, as <u>Cochran</u> also does not discuss the interstate commerce element of the offense. 17 F.3d 56, 61 (3d Cir. 1994) (holding that to protect the First Amendment, Section 2252 "requires knowledge that one or more of the performers is underage").

Finally, defendant's citation to Ninth Circuit Model Criminal Jury Instruction 8.185 contradicts his argument. The model jury instruction omits any knowledge requirement from the interstate commerce element. Ninth Circuit Model Criminal Jury Instructions No. 8.185 (Sexual Exploitation of Child-Possession of Child Pornography).

GOVERNMENT'S RESPONSE TO DEFENDANT'S PROPOSED INSTRUCTION NO. 2

[RECEIVE -- DEFINED]

<u>Disputed Portion of Instruction</u>:

The term "receive" means to *knowingly* take possession or delivery of an item.  A person who *knowingly* downloads a video or other file via the Internet to his computer has "received" that video or file.

<u>Government's Objection</u>:

The definition of "receipt" does not require knowledge. Knowledge is a separate element, which is clearly required in the elements of the substantive offense (which are undisputed portions of the receipt instruction; underlining added below for emphasis):

First, that the defendant <u>knowingly</u> received a visual depiction of a minor engaged in sexually explicit conduct;

Second, that the defendant <u>knew</u> the visual depiction was of a minor engaged in sexually explicit conduct;

Third, that the defendant <u>knew</u> that production of the visual depiction involved use of a minor in sexually explicit conduct;

. . .

There is no risk that the jury will fail to understand that they must find defendant acted knowingly in order to find him guilty of the crime.  It is, however, confusing and inaccurate to add a second "knowing" modifier to the receipt instruction.  (In other words, if defendant's definition of "receive" were incorporated, the

instruction would require the government to prove that "defendant
knowingly knowingly took possession or delivery of an item.)

1        GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

2        [INTERSTATE/FOREIGN COMMERCE -- DEFINED]

3    <u>Disputed Instruction</u>:

4        For purposes of Counts One and Two, a visual depiction has been

5    "shipped or transported in interstate or foreign commerce" ~~if the~~

6    ~~visual depiction has traveled at any time in the past across~~ *when*

7    *the specific transfer of the visual depiction to the defendant*

8    *involved the crossing of* state lines or an international boundary.

9        For purposes of Count Two, "in or affected interstate or

10   foreign commerce" can also mean that the visual depiction was

11   shipped or transported by the Internet at any time, as the Internet

12   is an instrumentality of interstate and foreign commerce.

13   ~~The defendant need not know that the visual depiction had been~~

14   ~~shipped or transported in interstate or foreign commerce.~~

15

16   <u>Government's Objection</u>:

17       The government has briefed above why the government does not

18   need to prove that defendant had knowledge of the jurisdictional

19   element.  To reduce juror confusion on this issue, the government

20   submits that the last line of the instruction should not be omitted,

21   rather it should be included.

22       The remainder of defendant's requested instruction also

23   requires that this Court contravene standing Ninth Circuit law.  As

24   defendant concedes, <u>United States v. Lynn</u> specifically ruled that

25   the interstate commerce element in the child pornography offenses

26   set forth in 18 U.S.C. §§ 2252(a)(2), (a)(4)(B) is satisfied where

27   the images had traveled in interstate commerce "at any point" prior

28

5

to arriving on defendant's computer.  636 F.3d 1127, 1132-34 (9th Cir. 2011).  The Ninth Circuit in Lynn held:  "If child pornography is produced in one state and the visual depictions -- the images -- end up on a defendant's computer in another state, regardless of changes of medium, the jurisdictional provisions requiring that visual depictions of child pornography have been shipped, mailed, or transported in interstate or foreign commerce are satisfied."  As Lynn has not been reversed by the Supreme Court or by an en banc panel of the Ninth Circuit since it was decided in 2011, Lynn -- which is directly on point -- is binding on this Court.

The Ninth Circuit's reasoning in Lynn is also sound.  The government must prove that the visual depiction "has been" mailed, shipped, or transported in interstate or foreign commerce.  Id. at 1133.[1]  Starting with the "has been" language, the Lynn court reasoned that Congress's decision to use present perfect tense means that the jurisdictional element is met where the visual depiction already has completed its interstate journey before it is downloaded and received by the defendant.  Id.  In addition, as the Ninth Circuit explained, Congress did not specify that "visual depictions" of child pornography should be "tied or fixed to a particular medium."  Id. at 1135.  Indeed, as the Ninth Circuit observed, to require proof that a particular copy of an image found on a

---

[1] The language regarding interstate commerce in the charged statutes, 18 U.S.C. §§ 2252A(a)(2)(A) ("any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce") and 18 U.S.C. §§ 2252A(a)(5)(B) ("an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce") contains the same "has been" language from 18 U.S.C. §§ 2252(a)(2), (a)(4)(B) that the Lynn court relied upon to make its ruling.

6

defendant's computer travel through interstate commerce would be nonsensical:  Even if the defendant downloaded a file from another state, the defendant's computer would create its own digital copy of that file in the download process.  That digital copy created by defendant's own computer, necessarily would not have traveled through interstate commerce, making it impossible to prove the interstate movement of any digital image or video by computer, even though § 2252 explicitly punishes the receipt or possession of child pornography "by any means including by computer." Id. at 1134.

Defendant exaggerates the Ninth Circuit's reliance on Barrett in reaching its holding in Lynn.  The Lynn court cited Barrett for its interpretation of the phrase "has been" as the "present perfect tense" to connote the completion of an act.  Id. at 1133.  The Ninth Circuit analogized to Barrett in its interpretation of "has been," but certainly did not base its entire holding in Lynn on the reasoning in Barrett.  Ultimately, defendant's argument is misplaced:  the Ninth Circuit interpreted and took account of Barrett in reaching its decision in Lynn, and therefore Barrett does not provide authority for revisiting Lynn's conclusion.

The Ninth Circuit has subsequently cited Lynn favorably to "support inferences that the [visual depictions of child pornography] had moved in interstate commerce" as recently as May 4, 2015.  United States v. Nessland, 601 Fed. Appx. 576, 577 (9th Cir. May 4, 2015) (unpublished decision).  Caselaw from other Circuits and the Supreme Court support an interpretation of the jurisdictional element to allow for broad application of the statute to intrastate possession of child pornography.  See, e.g., United

States v. Maxwell, 446 F.3d 1210 (11th Cir. 2006) (after reversal
and remand by the Supreme Court of prior holding invalidating
application of statute to intrastate possession of child pornography
as violation of Commerce Clause, upholding constitutionality of 18
U.S.C. § 2252A(5)(B) even where it would criminalize wholly
intrastate production and possession of child pornography); see also
United States v. Maxwell, 546 U.S. 801 (2005) (reversing and
remanding United States v. Maxwell, 386 F.3d 1041 (11th Cir. 2004)
in light of Gonzalez v. Raich, 545 U.S. 1 (2005)).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

[EVIDENCE OF KNOWLEDGE OR INTENT]

Disputed Instruction:

~~The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.~~

Government's Position:

The government's proposed instruction, based on 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 17:07, properly sets the expectations of a jury with respect to evidence of knowledge.  Ninth Circuit Model Criminal Jury Instruction No. 5.6, read without the government's proposed instruction, creates the likelihood of jury confusion over whether the evidence of knowledge must be direct.  The proposed instruction is particularly important where, as here, some of the alleged conduct dates back ten years, and the government's evidence will focus on the contents of digital devices, the activity occurring on a computer, and the means by which the activity can be attributed to defendant.

Defendant appears to object to the government's omission of the second paragraph of version of the instruction set forth in the O'Malley instruction, referring to the government's proposal as "incomplete and one-sided version."  (CR 143 at 14 n.1.).  The

government has no objection to including the second paragraph.  The government had omitted it (and noted it was omitted) in order to avoid any possible issue of phrasing permissive inferences, but as the second paragraph is phrased, it does not prompt the jury to reach a particular conclusion nor does it point the jury to some rather than all of the facts.  <u>United States v. Rubio-Villareal</u>, 967 F.2d 294, 298-300 (9th Cir. 1992) (en banc).  Therefore if defendant is arguing that the instruction is one-sided without the second paragraph and requests it be added, the government agrees to include both paragraphs.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

[INSTRUCTIONS ON SPECIAL VERDICT FORM]

<u>Disputed Instruction</u>:

The special verdict form will ask you unanimously to find whether defendant knowingly received or attempted to receive child pornography after April 30, 2003. *To make this finding, you must all unanimously agree that there is a specific identifiable visual depiction that was received after April 30, 2003.*

. . .

The special verdict form will ask you unanimously to find whether at least one image of child pornography involved in the offense charged in Count Two involved a prepubescent minor or a minor who had not attained 12 years of age. *To make this finding, you must all unanimously agree that a specific identifiable visual depiction meets this requirement.*

<u>Disputed Special Verdict Form</u>:

<u>COUNT ONE</u>

*2.   We, the jury in the above-captioned case, unanimously conclude that he received or attempted to receive at least one filed named _____ on date _____.*

<u>COUNT TWO</u>

*2.   We, the jury in the above-captioned case, unanimously find beyond a reasonable doubt that at least one image of child pornography involved in the offense charged in Count Two involved a prepubescent minor or a minor who had not attained 12 years of age:*

_____ *YES, specify at least one file name:* _____.

_____ *NO.*

11

1    <u>Government's Position</u>:

2         Defendant's argument that the jury must unanimously agree on

3    (1) the specific file names and dates on which the child pornography

4    was received, and (2) which specific files involved a prepubescent

5    minor, is contrary to the Supreme Court's decision in <u>Schad v.</u>

6    <u>Arizona</u>, 501 U.S. 624 (1991).  As the <u>Schad</u> court noted, "[i]n these

7    cases, as in litigation generally, 'different jurors may be

8    persuaded by different pieces of evidence, even when they agree upon

9    the bottom line.  Plainly there is no general requirement that the

10   jury reach agreement on the preliminary factual issues which

11   underlie the verdict.'" <u>Id.</u> (quoting <u>McKoy v. North Carolina</u>, 494

12   U.S. 433, 449 (1992) (Blackmun, J. concurring)).

13        In <u>Schad</u>, the Supreme Court began by observing the "long-

14   established rule of the criminal law that an indictment need not

15   specify which overt act, among several named, was the means by which

16   a crime was committed."  501 U.S. at 631 (citing Fed. R. Crim. Pro.

17   7(c)(1), which provides that "[i]t may be alleged in a single count

18   that the means by which the defendant committed the offense are

19   unknown or that the defendant committed it by one or more specified

20   means").  <u>Id.</u>  The <u>Schad</u> court concluded:  "We have never suggested

21   that in returning general verdicts in such cases the jurors should

22   be required to agree upon a single means of commission, any more

23   than the indictments were required to specify one alone."  <u>Id.</u>  In

24   this case, the <u>actus reus</u> of the offense is the actual possession or

25   receipt of child pornography.  The files introduced into evidence

26   constitute the "mere means" of commission of this <u>actus reus</u>.  Thus,

27

28

                                    12

1  under Schad, the jury need not unanimously agree as to which of
2  those multiple means of commission constitute child pornography.

3      Relying on Schad, the Ninth Circuit has held that a specific
4  unanimity instruction was not necessary in a trial for possession
5  and distribution of child pornography:  "Although the jury needed to
6  unanimously agree that the defendant committed each element of the
7  crime, it was not required to agree on which of several possible
8  means the defendant used to commit a particular element.  United
9  States v. Flocker, No. 10-10435, 504 Fed. Appx. 637, 640, 2013 WL
10 223177, at *2 (9th Cir. Jan. 17, 2013) (unpublished decision).  As
11 in Flocker, the two straightforward counts in this case are not "so
12 complex or confusing that a more specific instruction was required."
13 Id.

14     The Ninth Circuit decision and reasoning in United States v.
15 Ferris is also instructive.  719 F.2d 1405 (9th Cir. 1983).  In
16 Ferris, the defendant was convicted at trial of possession of LSD
17 between November 20, 1980 and January 29, 1981.  Id. at 1406.  The
18 defendant argued that the trial court deprived him of his
19 constitutional right to a unanimous verdict by declining a proffered
20 instruction that the jury must be in unanimous agreement on the
21 precise act of possession during this period because "the jurors may
22 have predicated their guilty votes on different acts of possession,
23 occurring at different times."  Id. at 1406-07.  The Ninth Circuit
24 rejected this argument as "not the law in this circuit," explaining
25 that "[i]n the ordinary case . . . the general instruction that a
26 unanimous verdict is required will suffice."  Id. at 1407.  The
27 Ninth Circuit reasoned:  "In the case before us, the various acts

28

                                  13

indicating knowing possession were not inconsistent with each other;
and even if one set of jurors might have focused on one part of the
transaction while another set focused upon a different part, it does
not follow that either set of jurors were in disagreement with each
other."

Other circuits have reached similar conclusions.  <u>United States
v. Lee</u>, 317 F.3d 26, 40 (1st Cir. 2003) ("We conclude that the
identity of the particular devices possessed by a defendant is not
an element necessary to prove the culpable act of possession under
18 U.S.C. § 1029(a)(3).  Accordingly, that statute does not require
a jury, as a condition precedent to conviction, to reach unanimous
agreement as to which access devices a defendant possessed.");
<u>United States v. Kayode</u>, 254 F.3d 204, 214 (D.C. Cir. 2001)
(refusing to require unanimity, in a prosecution under 18 U.S.C. §
1028(a)(3), as to which five or more identification documents a
defendant possessed).

The government has proposed a specific unanimity instruction as
to attempted receipt versus actual receipt because those crimes have
different elements, on which the jury must unanimously agree.
Beyond that, there is no further basis to require specific unanimity
as to a specific file, nor to force the jury to identify such on a
special verdict form.

"The use of special verdict forms in criminal trials is
generally disfavored."  <u>United States v. Reed</u>, 147 F.3d 1178, 1180
(9th Cir. 1998).  As the Ninth Circuit has explained, "To ask the
jury special questions might be said to infringe on its power to
deliberate free from legal fetters; on its power to arrive at a

14

general verdict without having to support it by reasons or by a report of its deliberations; and on its power to follow or not to follow the instructions of the court." Id. (quoting United State v. Looney, 544 F.2d 385, 392 (9th Cir. 1976)). The government has proposed a special verdict form for findings that would alter the statutory maximum penalty, pursuant to Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000). See United States v. Tafolla-Gonzalez, Nos. 08-30162, 08-30232, 08-30313, 393 Fed. Appx. 502, 504, 2010 WL 3377647, at *1 (9th Cir. 2010) (jury instructions and special verdict form properly instructed the jury to return special findings on drug quantity where it affected the statutory sentence). No further findings should be required.