Mark J. Werksman, Esq. (State Bar No. 120767)
Elizabeth S. Little, Esq. (State Bar No. 307944)
WERKSMAN JACKSON HATHAWAY & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

Attorneys for Defendant
Keith Preston Gartenlaub

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-CR-00173 |
| Plaintiff, | **MOTION TO SET ASIDE THE VERDICT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL** |
| vs. | |
| Keith Preston Gartenlaub, | |
| Defendant. | |

TO THE HONORABLE CHRISTINA A. SNYDER, JUDGE OF THE UNITED STATES DISTRICT COURT, AND TO ASSISTANT UNITED STATES ATTORNEYS ANTHONY J. LEWIS AND VICKI CHOU:

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION .................................................. 3

II. ARGUMENT ...................................................... 4

    A. THIS COURT SHOULD ENTER A JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN MR. GARTNELAUB'S CONVICTION ................................................ 4

        1. Legal Standard Regarding Motion for Judgment of Acquittal ................................................ 4

        2. The Evidence Was Insufficient to Sustain a Conviction for Receipt of Child Pornography ........................... 5

        3. The Evidence Was Insufficient to Sustain a Conviction for *Attempted* Receipt of Child Pornography ............... 6

        4. The Evidence Was Insufficient To Sustain a Conviction for Possession of Child Pornography .......................... 8

    B. THE INTERESTS OF JUSTICE REQUIRE THIS COURT TO GRANT MR. GARTENLAUB A NEW TRIAL ................. 10

        1. Legal Standard Regarding Motion for New Trial ......... 10

        2. The Jury Should Have Been Prevented from Considering Evidence that the Buffalo Drive Contained Child Pornography Because the Drive Was Non-Operational and Could Not Be Accessed ............................... 11

III. CONCLUSION ................................................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

PAGE(S)

**FEDERAL CASES**

*Estelle v. McGuire*
    502 U.S. 62 .................................................. 4

*Jackson v. Virginia*
    443 U.S. 307 ................................................. 4

*United States v. Alston*
    974. F.2d 1206 ............................................ 10, 11

*United States v. Kuchinski*
    469 F.3d 853 ................................................ 11

*United States v. Moreland*
    665 F.3d 137 ................................................ 11

*United States v. Nevils*
    598 F.3d 1158 ............................................. 4, 10

**FEDERAL RULES AND STATUTES**

Fed. R. Crim. P. 29 .............................................. 10
Fed. R. Crim. P. 33 .............................................. 10
18 U.S.C. § 2252A(a)(2)(A) ................................. 3, 4, 5, 6
18 U.S.C. § 2252A(a)(5)(b) ................................. 3, 4, 8, 11

Mark J. Werksman, Esq. (State Bar No. 120767)
Elizabeth S. Little, Esq. (State Bar No. 307944)
WERKSMAN JACKSON HATHAWAY & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California  90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942

**Attorneys for Defendant**
Keith Preston Gartenlaub

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Keith Preston Gartenlaub,<br><br>Defendant. | No. 14-CR-00173<br><br>**MOTION TO SET ASIDE THE VERDICT, OR, IN THE ALTERNATIVE, FOR A NEW TRIAL** |

TO THE HONORABLE CHRISTINA A. SNYDER, JUDGE OF THE UNITED STATES DISTRICT COURT, AND TO ASSISTANT UNITED STATES ATTORNEYS ANTHONY J. LEWIS AND VICKI CHOU:

PLEASE TAKE NOTICE THAT Defendant Keith Preston Gartenlaub, by and through his counsel of record, Werksman Jackson Hathaway & Quinn LLP, respectfully moves this Honorable Court for an order setting aside the verdict and entering a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or, in the alternative, for a new trial pursuant to Federal Rule of Criminal

1

Procedure 33 on the grounds that there was insufficient evidence to sustain a conviction on the receipt and attempted receipt, and possession charges.

    This Motion is based on this Notice of Motion and the attached Memorandum of Points and Authorities served and filed herewith, on such supplemental memoranda of points and authorities as may hereafter be filed with the Court, on the record of the trial in this action, and on such oral and documentary evidence as may be presented at the hearing on this Motion.

Dated: December 21, 2015                   Respectfully submitted,

By: _____
Elizabeth S. Little
Mark J. Werksman
Attorneys for Defendant
Keith Gartenlaub

# I.
# INTRODUCTION

On October 23, 2014, the government filed a two-count Indictment, charging Keith Preston Gartenlaub ("Mr. Gartenlaub") with receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count One) and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b) (Count Two). (DOC 36.) Trial commenced on December 4, 2015. On December 9, 2015, upon conclusion of the government's case, Mr. Gartenlaub moved to dismiss the charged counts and this Court reserved judgment on the matter. The trial concluded on December 10, 2015, and the jury rendered a guilty verdict on all counts. (DOC 159.)

As set forth herein, the evidence presented at trial was entirely circumstantial and fell far short of that required to sustain Mr. Gartenlaub's guilty conviction. Significantly, the evidence presented at trial did not tie Mr. Gartenlaub to the "Unknown Source" of the child pornography found on the computers (receipt charges) or to the "Unknown Source" from which the "partial" files were allegedly downloaded (attempted receipt charges). Furthermore, there was insufficient evidence to sustain a conviction on the possession charges because the evidence was circumstantial, and the Buffalo drive—which contained three copies of the child pornography—was proven to have been non-operational. Thus, this Court should set aside the jury's verdict and enter a judgment of acquittal. In the alternative, and in the interests of justice, this Court should vacate the judgment and grant Mr. Gartenlaub a new trial.

///
///
///
///

## II.
## ARGUMENT

### A. THIS COURT SHOULD ENTER A JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN MR. GARTENLAUB'S CONVICTION

#### 1. Legal Standard Regarding Motion for Judgment of Acquittal

The Due Process Clause requires that the prosecution prove every element charged in a criminal offense beyond a reasonable doubt. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991). To ensure that a defendant is convicted in accordance with the principles of due process, Federal Rule of Criminal Procedure 29 provides that upon defendant's motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. Proc. 29. The relevant inquiry is whether, after viewing all of the evidence, "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Although the evidence must be viewed in the light most favorable to the prosecution, "[m]ore than a 'mere modicum' of evidence is required to support a guilty verdict"; thus, a conviction should not be confirmed just because "some evidence" in the record supports the jury's finding of guilt. *Id.* at 1164 (quoting *Jackson, supra*, 443 U.S. at 320).

Here, Mr. Gartenlaub was charged with receipt and attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b). As set forth herein, the evidence was insufficient to sustain a conviction on these charges.

///

///

## 2. The Evidence Was Insufficient to Sustain a Conviction for Receipt of Child Pornography

In order for Mr. Gartenlaub to be convicted under 18 U.S.C. § 2252A(a)(2)(A), the trier of fact must find beyond a reasonable doubt that Mr. Gartenlaub, inter alia, knowingly *received* or *attempted to receive* child pornography. At trial, the government presented evidence that the files containing child pornography were downloaded to an "Unknown Source" at some point between 2002 and 2003. These files were then somehow transmitted, together with hundreds of other files, into Mr. Gartenluab's computer during February of 2005. (See Exhibit 55, p. 1.) Significantly, the government never presented any evidence regarding the nature of the "Unknown Source," its owner, or the identity of the person responsible for downloading the child pornography to the "Unknown Source." In addition, the government failed to present any evidence indicating that Mr. Gartenlaub was responsible for transmitting the files from the "Unknown Source" over to the computers at issue in February of 2005.

Here, based on the evidence presented at trial, no rational trier of fact could find beyond a reasonable doubt that Mr. Gartenlaub knowingly received child pornography because the government failed to present even a modicum of evidence tying Mr. Gartenlaub to the "Unknown Source" from which the child pornography was derived. Without any evidence that Mr. Gartenlaub was the owner of the "Unknown Source," that he was responsible for downloading the child pornography to the "Unknown Source," or that he was the person who transmitted the files from the "Unknown Source" over to computers in which the child pornography was found, the evidence is insufficient to support the jury's finding, beyond a reasonable doubt, that Mr. Gartenlaub received child pornography. Allowing the conviction for receipt to stand based on the mere fact that files containing child pornography appeared on a computer found at Mr.

Gartenlaub's home, conflates the receipt charge with the separate charge of possession.

In sum, because there is no evidence that Mr. Gartenlaub was responsible for either originally downloading the child pornography, or for transmitting it from the "Unknown Source" to his computer, the evidence presented at trial is insufficient to sustain a receipt conviction.

### 3. The Evidence Was Insufficient to Sustain a Conviction for *Attempted* Receipt of Child Pornography

Just as there was insufficient evidence to convict Mr. Gartenlaub under 18 U.S.C. § 2252A(a)(2)(A) on the basis of receipt, no rational trier of fact could have found that Mr. Gartenlaub *attempted to receive* child pornography beyond a reasonable doubt. As set forth herein, the evidence presented at trial was insufficient to sustain a conviction for attempted receipt of child pornography.

As the government explained in its summations, the attempted receipt charges were based on files called ".info" files, or "partial" files, all of which were contained in a folder entitled "partials."[1] According to the government's own expert, Mr. Pixley, these files were downloaded to the "Unknown Source" sometime in 2004—*before* the information was first transmitted to Mr. Gartenlaub's computer in February of 2005. (See Exhibit 55, p. 1.) As discussed in the preceding section, the government failed to present any evidence showing that Mr. Gartenluab owned the "Unknown Source," downloaded the partial files to the "Unknown Source," or transmitted the partial files from the "Unknown

---

[1] At trial, Mr. Pixley explained that ".info" files are typically created when someone attempts to download files with specific peer-to-peer software. The names contained in the ".info" file, he testified, are indicative of the content the user attempted to download. Because these names contain, inter alia, terms often associated with child pornography, Mr. Pixley inferred that the person who tried to download these files attempted to download child pornography.

Source" to his computer. Thus, as discussed above, the evidence was plainly insufficient to sustain a conviction based on attempted receipt.

Moreover, the government—in eliciting testimony from its own expert witness about these "partial" and ".info" files—actually presented affirmative evidence proving that the "partial" files were not downloaded by or to any of the devices presently owned by Mr. Gartenlaub, or by any of the devices Mr. Gartenlaub owned in the past. Specifically, Mr. Pixley explained that the "partial" files were likely generated by peer-to-peer software, but that he had examined Mr. Gartenlaub's computers and concluded that none of his devices were responsible for downloading the "partial" files. In support of this assertion, Mr. Pixley stated that although he found peer-to-peer software by the name "Morpheus" on one of the computers, the examination of that computer revealed that it was *not* used to download the "partial" files. Furthermore, Mr. Pixley testified that he examined data pertaining to devices that Mr. Gartenlaub owned or had control over in the past (referring to the "Belarc" reports of other devices that were found on Mr. Gartenlaub's computers), and confirmed that none of these devices could have been the computers responsible for downloading the "partial" files either.

Here, as discussed in regard to the receipt allegations, the lack of evidence connecting Mr. Gartenlaub to the "Unknown Source," alone, demonstrates that there was insufficient evidence to prove that Mr. Gartenlaub attempted to receive child pornography. This lack of evidence, when considered in conjunction with government's own expert testimony that the partials could not have been downloaded on any of the computers in Mr. Gartenlaub's possession, or any of the computers previously owned by Mr. Gartenlaub, make clear that the evidence presented at trial was patently insufficient for any trier of fact to find, beyond a reasonable doubt, that Mr. Gartenlaub attempted to receive child pornography.

7

In sum, not only was there no evidence tending to prove that Mr. Gartenlaub downloaded the partial files, but there was affirmative evidence that none of the computers in his possession—at any point in time—were the computers that downloaded the partials. Therefore, no rational fact finder could possibly find that Mr. Gartenlaub was responsible, beyond a reasonable doubt, for attempting to download the partial files in question.[2]

### 4. The Evidence Was Insufficient To Sustain a Conviction for Possession of Child Pornography

In order to sustain a conviction under 18 U.S.C. § 2252A(a)(5)(b) for possession of child pornography, the evidence must allow a rational trier of fact to find—beyond a reasonable doubt—that the defendant, inter alia, *knowingly* possessed child pornography. As discussed herein, the evidence presented at trial was circumstantial and patently insufficient to show that Mr. Gartenlaub knew about the child pornography that was found on the computers.

At trial, the government presented no direct evidence that *anyone* viewed the child pornography found on the computers. In fact, Mr. Pixley, one of the government's expert witnesses, conceded that there was no evidence that Mr. Gartenlaub, or anyone else for that matter, ever played or opened any of the files containing child pornography. Thus, the jury's finding that Mr. Gartenlaub had knowledge of the child pornography was supported by only two pieces of circumstantial evidence: 1) that several folders and files were renamed or moved shortly after the child pornography was transferred to Mr. Gartenluab's computer;[3]

---

[2] In more technical terminology, no rational fact finder could find, beyond a reasonable doubt, that Mr. Gartenlaub attempted to download files with the titles that appear in the ".info" files.

[3] The files were placed in Mr. Gartenlaub's computer in February of 2005, and the changes occurred at some unknown time between March 2005 and March 2006.

8

and 2) on October 18, 2003, someone accessed a folder named "anp," which contained certain files names indicating that they contained child pornography.[4]

This circumstantial evidence was rebutted by testimony from multiple witnesses who stated that several people had keys to Mr. Gartenlaub's apartment and would stay for significant periods of time, giving them access to the computer during the relevant time period. Furthermore, Mr. Pixley acknowledged that he could not determine the length of time that the "anp" folder was opened, meaning it could have been opened for only a fraction of a second. He similarly recognized that whoever opened the "anp" folder could have been running other programs on the same screen at the same time, which could have obstructed the view of the file names.

In sum, the only evidence supporting a finding that Mr. Gartenlaub had *knowledge* of the child pornography contained on the computer was that someone opened a folder—either accidentally or not—which displayed several files that contained names that might indicate that the files contained child pornography (and some file names that were innocuous).[5] This evidence, alone, may be grounds for

---

[4] The government also argued that a folder "vi" was opened on March 30, 2012, however the file names in that folder are not indicative of child pornography so the image of that folder could not possibly be grounds for an inference that Mr. Gartenlaub knew that that folder contained child pornography.

[5] The government's discussion of the "anp" folder during closing arguments was misleading and misstated the importance of the evidence. During its rebuttal, the prosecution argued, as proof that Mr. Gartenlaub had knowledge of the child pornography on the computer, that an hour after the "anp" folder was opened, he copied and backed up that folder. This, however, was a misstatement of the evidence because according to Mr. Pixley's report, the "anp" folder was located on the F drive, and the part of the computer that was actually backed up one hour later was the E drive (a completely different part of the computer).

9

suspicion that Mr. Gartenlaub knew that his computer contained child pornography; however, it is plainly insufficient to support a finding, beyond a reasonable doubt, that Mr. Gartenlaub had knowledge of the child pornography; thus, Mr. Gartenlaub must be acquitted on Count Two. *See Nevils, supra,* 598 F.3d at 1164 (finding that a conviction need not be confirmed just because some evidence in the record supports the jury's finding of guilt).

## B. THE INTERESTS OF JUSTICE REQUIRE THIS COURT TO GRANT MR. GARTENLAUB A NEW TRIAL

In the interests of justice, Mr. Gartenlaub should be granted a new trial because the jury likely improperly relied on evidence that a hard drive ("the Buffalo Drive") contained child pornography in spite of the fact that the drive was entirely non-functional and could not have been accessed by Mr. Gartenlaub. As set forth below, a person cannot possess something that they cannot access; thus, the jury should have been admonished not to consider this evidence in support of Count 2.

### 1. Legal Standard Regarding Motion for New Trial

A court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974. F.2d 1206, 1211-12 (9th Cir. 1992). The district court need not review the evidence with deference towards the verdict; rather, the court may "weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." (*Id.*) "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* at 1211-12.

10

## 2. The Jury Should Have Been Prevented from Considering Evidence that the Buffalo Drive Contained Child Pornography Because the Drive Was Non-Operational and Could Not Be Accessed

In order to be convicted under 18 U.S.C. § 2252A(a)(5)(b) for possession of child pornography, the government must prove, inter alia, that the defendant knowingly *possessed* materials containing child pornography. "Where a defendant lacks knowledge about the . . . files, and concomitantly lacks access to and control of over those files [containing child pornography], it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images." *United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006); *see also United States v. Moreland*, 665 F.3d 137, 153 (5th Cir. 2011) (finding the evidence against the defendant insufficient to sustain the conviction where the defendant did not have knowledge of the child pornography and it was stored in an inaccessible area of the computer).

At trial, the government's own witness, Special Agent Joshua Cady, testified that the Buffalo Drive, which contained three copies of the child pornography files, was non-operational when it was seized by the government. According to Special Agent Cady, in order to access any of the information or electronic data from the Buffalo Drive, the Federal Bureau of Investigations had to use specialized equipment to disassemble and manually extract its hard drive. Additionally, Mr. Pixley, the government's expert in forensic technology, confirmed that when he received the forensic image of the Buffalo Drive there was a note attached to it stating that it was non-operational. Because Mr. Gartenalub could not access the files contained on the Buffalo Drive, he requested that the jury be prohibited from relying on the contents of that drive in deciding Count Two. This Court ultimately

11

denied Mr. Gartenlaub's request, allowing the jury to convict Mr. Gartenlaub for possession of child pornography based on files that Mr. Gartenlaub could not have accessed even if he had tried.

Here, the child pornography files found on the Buffalo Drive were plainly inaccessible to Mr. Gartenlaub—even government agents had to use advanced and specialized technology in order to get *any* information off of the drive. Given that Mr. Gartenlaub could not access, delete, or even review the contents of the Buffalo Drive, he should not be required to face charges as a result of files that were for all intents and purposes, non-existent to him. In sum, given that the Buffalo Drive was non-functional and thus, completely inaccessible to Mr. Gartenlaub, evidence that the drive contained child pornography should have been excluded as a possible basis for convicting him in Count 2.

## III.
## CONCLUSION

For the foregoing reasons, Mr. Gartenlaub respectfully requests this Court set aside the verdict, or, in the alternative, grant his motion for a new trial.

Dated: December 21, 2015

Respectfully submitted,

WERKSMAN JACKSON
HATHAWAY & QUINN LLP

By: _____
Elizabeth S. Little
Mark J. Werksman
Attorneys for Defendant
Keith P. Gartenlaub