EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
VICKI CHOU (Cal. Bar No. 248598)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-1786/8692
     Facsimile:    (213) 894-7631/0142
     E-mail:  anthony.lewis@usdoj.gov
              vicki.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-173-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO PRE-SENTENCE INVESTIGATION REPORT AND POSITION WITH RESPECT TO SENTENCING |
| v. | |
| KEITH PRESTON GARTENLAUB, | Sentencing: April 18, 2016, 1:30 p.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Office of the United States Attorney for the Central District of California, hereby files the Government's Response to the Pre-Sentence Investigation Report (CR 182) and Position with Respect to Sentencing of defendant Keith Preston Gartenlaub.

The response to the Pre-sentence Investigation Report and sentencing position are based on the attached Sentencing Memorandum, the files and records of this case, the Pre-Sentence Investigation

///

Report, and any further argument or evidence the Court may allow.

Dated: March 18, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division


        /s/
ANTHONY J. LEWIS
VICKI CHOU
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

Beginning in at least 2002, defendant Keith Preston Gartenlaub ("defendant") began downloading child pornography videos to create and add to a carefully curated and organized collection. Defendant took care to maintain this collection, reorganizing it, renaming files and folders, and backing it up and copying it multiple times to create at least seven versions, most recently in 2013. Defendant, however, has no criminal history points. The government therefore recommends a below-guidelines sentence of 120 months' imprisonment, a life term of supervised release, and a $200 mandatory special assessment, as a just punishment for defendant's convictions at trial on Counts One and Two of the Indictment for receipt or attempted receipt and possession of child pornography. That sentence is fifteen months less than the low end of the Guidelines and forty-eight months less than the high end. Due to the jury's finding on the special verdict form as to Count One that defendant received or attempted to receive child pornography after April 30, 2003, defendant faces a mandatory minimum term of imprisonment of five years.

The government agrees with the factual findings and the Guidelines calculation in the Presentence Investigation Report ("PSR"). Restitution is mandatory in this case; the government will submit evidence and briefing regarding the appropriate amount of restitution at a time closer to sentencing so that the Court has the benefit of the most up-to-date information.

**II.**

**FACTUAL BACKGROUND**

On August 27, 2014, Federal Bureau of Investigation ("FBI") agents executed search warrants at defendant's residence as well at two of his storage units.  (PSR ¶ 7.)  The agents seized a total of four hard drives containing child pornography:  two were inside one desktop computer, a third was inside another desktop computer, and the fourth was an external hard drive used for backing up data. (PSR ¶ 7; Testimony[1] of Bruce Pixley ("Pixley Testmony").)  Upon examination, not only did all four of those hard drives contain child pornography, they also contained artifacts of peer-to-peer file sharing software.  (PSR ¶ 7-8; Pixley Testimony.)

Forensic analysis found that these four hard drives contained, in total, seven copies or versions of a folder titled "OrigData." (PSR ¶ 8.)  The most recent copy was made in 2013, after defendant opened one of the folders containing child pornography.  (PSR ¶ 18.)[2] Each copy of the "OrigData" folder contained child pornography organized into particular sub-folders.  (Id.)  For example, a number

---

[1] The government relies on all of the trial exhibits in recommending this sentence, as well as on all of the trial testimony, proffers of which are set forth herein (not all transcripts have been prepared as of this time).

[2] The PSR indicates that certain testimony and exhibits were excluded at trial due to the date on which they were provided to defense counsel, not because of their substance.  (PSR ¶ 18.)  At trial some testimony and exhibits were admitted that showed defendant viewed the folders "anp" and "vi," each of which contained child pornography videos, in 2012 and 2013, and that just after defendant opened an "anp" folder, he made another copy of his "OrigData" folder that contained his collection of child pornography.  (PSR ¶ 18; Exh. 84; Pixley Testimony).  It was additional instances of defendant viewing other folders containing child pornography that were excluded at trial and referenced in the PSR.  (PSR ¶ 18.).

of files from the "Vicky" series of child pornography were found in a folder titled "vi." (Id.)  Many other child pornography videos depicting young girls were found in subfolders of a folder called "yg." (Id.)  Nearly 100 unique child pornography videos were found on defendant's media and replicated in the multiple copies of the folders.  (Id.)  These files were nestled in a folder structure that not only contained the child pornography videos, but thousands of files of adult pornography, including "barely legal" videos and other videos with young looking girls, that were also sorted by type, such as "bl" for barely legal series and "anl" for depictions of anal penetration.³  (PSR ¶ 13.)

Defendant's collection of child pornography was predominantly of prepubescent girls, and included girls as young as four.  (PSR ¶ 14; Testimony of Barry Witrick.)  His collection included depictions of the young girls being forced to perform oral, vaginal, and anal sex, as well as sadistic depictions of a young girl being bound.  (PSR ¶ 10; Trial Exs. 6-11.)  Some of the videos were quite lengthy, such as the 33-minute video entitled "R@ygoldStyle-VickyAnallyPumped" and an over-14-minute video of "R@ygoldStyle-VickyCompilation(14m58s.)  (PSR ¶ 10.)

In addition to his extensive pornography collection, defendant also had created Internet bookmarks for sex tourism in Thailand,⁴ and

---

³ Most of these file and folder names were redacted for the jury.  An unredacted version of the latest backup log from March 2006 was previously filed under seal with the Court (CR 124-126) and displays the meticulous organization of the entire pornography collection.

⁴ Pursuant to agreement of the parties, these files were redacted from the logs displayed to the jury to minimize prejudice

3

kept a pdf file entitled "ecpat_sex_tourism_thailand.pdf," which is a 21-page research document titled "Child Prostitution and Sex Tourism-Thailand." (PSR ¶ 19.) Defendant traveled to Thailand with some friends in 2003 and indicated to more than one friend that he had solicited prostitutes. (PSR ¶ 20.) He later traveled to Thailand alone in 2006. (Id.; PSR ¶ 101; see USPO Recommendation Letter at 7.)

Defendant continues to deny any personal responsibility for his crimes of conviction, stating that he is "in this mess" because of his prior living situation with his ex-girlfriend and her children which was "part of what got [him] into this nightmare." (PSR ¶ 31).

### III.
### PROCEDURAL HISTORY

Defendant was indicted on October 23, 2014 in a two-count Indictment. (CR 36.) Count One charged defendant with receipt and attempted receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) and count two charged defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). On December 10, 2015, defendant was convicted on both counts after a four-day jury trial. (CR 167.)

The United States Probation Office ("USPO") disclosed the PSR and its recommendation letter (the "USPO Recommendation Letter") on March 4, 2016 (CR 182, 183). The government concurs in the factual findings and the Guidelines calculation in the PSR. The government notes, however, that the portions of the PSR that recite the

---

to the defendant, and thus were not part of the government's presentation at trial.

4

contents of a document supplied by defense counsel styled a "Statement of Facts" are only recounting defendant's claims and do not constitute facts; that shortcoming is illustrated by the fact that they are included in the "Adjustment for Acceptance of Responsibility" section, and the fact that the claims contained in defendant's "Statement of Facts" show that he has failed to accept responsibility.  (PSR ¶¶ 26-30.)

**IV.**

**GOVERNMENT'S SENTENCING POSITION AND RECOMMENDATION**

The recommended sentence of 120 months' imprisonment, a life term of supervised release, and a $200 mandatory special assessment, is sufficient, but not greater than necessary, to address the factors set forth in 18 U.S.C. § 3553(a)(2).  The factors set forth in § 3553(a) are addressed below.

**A.   Sentencing Guidelines Calculation**

The government concurs with:

| | | |
|---|---|---|
| Base Offense Level: | 22 | [U.S.S.G. § 2G2.2(a)(2)] |
| Specific Offense Characteristics: | | |
|    No distribution | -2 | [U.S.S.G. § 2G2.2(b)(1)] |
|    Prepubescent minor | +2 | [U.S.S.G. § 2G2.2(b)(2)] |
|    Sadistic or masochistic depictions | +4 | [U.S.S.G. § 2D2.2(b)(4)] |
|    Use of computer | +2 | [U.S.S.G. § 2G2.2(b)(6)] |
|    Over 600 images | +5 | [U.S.S.G. § 2G2.2(b)(7)(D)] |
| **Total Offense Level:** | **33** | |

These calculations have been addressed by the PSR and the facts developed above.  With a criminal history category I, defendant's advisory guidelines range is 135 to 168 months.

### B.   Nature and Circumstances of the Offense

The nature and circumstances of the offense are detailed at length above, in the PSR, and in the government's opposition to defendant's post-trial motions, and they warrant the recommended sentence of ten years' imprisonment.  Defendant collected videos of very young girls being sexually abused.  He carefully preserved and organized them, renamed them, reorganized them, and then copied and backed them up repeatedly over more than a decade.  His collection included lengthy videos, including videos substantially longer than 5 minutes long, an aggravating factor that can support an upward departure.  (USPO Recommendation Letter at 6; U.S.S.G. § 2G2.2(b)(7)(D).)  Furthermore, his collection included graphic, sadistic depictions of young girls being bound while being sexually abused.  Beyond the files found on his digital devices, forensic artifacts indicated that he attempted to receive even more child pornography videos.

### C.   History and Characteristics of the Defendant

Defendant has limited criminal history prior to this offense. In recognition of that limited criminal history, the government's recommendation represents a downward variance from the advisory guidelines range.

**D.  Seriousness of the Offense, Respect for the Law, Adequate Deterrence, and Just Punishment**

Defendant's offenses are serious, as highlighted by the testimony of the investigators who met a number of the child victims depicted in the videos. Of particular concern is that defendant does not appear, even now, to take responsibility for these offenses. The recommended sentence is just, and necessary for both specific and general deterrence.

**E.  Protection of the Public and Need to Provide Defendant with Training or Correctional Treatment**

The recommended lengthy sentence, and in particular the term of supervised release, is necessary to protect the public and to treat defendant, especially in view of defendant's previous travel to Thailand and refusal to admit responsibility for his actions.

**F.  Kinds of Sentences Available and Policy Considerations**

For defendant's conviction on Count One, defendant must be sentenced to at least five years' imprisonment. The statutory maximum sentence for defendant's conviction on Count One, for receipt or attempted receipt, is a term of twenty years' imprisonment. Because of the jury's special finding--that the offense involved a prepubescent minor or a minor who had not attained 12 years of age--the statutory maximum sentence for defendant's conviction on Count Two is also twenty years. (CR 167.) Therefore the total statutory maximum sentence is forty years' imprisonment. A sentence of ten years, while more than the mandatory minimum, is both below the Guidelines range (between

7

fifteen and forty-eight months below it) and far below the statutory maximum sentence.

### G. Need to Avoid Sentencing Disparities

Section 3553(a)(6) is designed to avoid disparities in sentences between any one defendant and other defendants in other cases and in other districts. United States v. Saeteurn, 504 F.3d 1175, 1181-82 (9th Cir. 2007) (noting that the purpose of "§ 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case").

A sentence of imprisonment of 120 months is, taking into account the other factors and considerations set forth herein, likely to avoid a disparity with other cases nationwide, particularly where the total offense level is 33 and the government's recommendation is actually below the low end of the resulting advisory Guidelines range. Cf. United States v. Becerril-Lopez, 541 F.3d 881, 895 (9th Cir. 2008) ("Indeed, in the absence of any compelling argument about Becerril's particular circumstances, we have trouble imagining why a sentence within the Guidelines range would create a disparity, since it represents the sentence that most similarly situated defendants are likely to receive.").

## V.
## CONCLUSION

For the foregoing reasons, the government respectfully submits that an appropriate sentence for defendant is 120 months' imprisonment, a lifetime period of supervised release with the terms recommended by probation, and a $200 mandatory special assessment.