UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

| Case No. | SACR14-173-CAS | | Date | June 30, 2016 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Anthony Lewis, Not Present<br>Vicki Chou, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Keith Preston Gartenlaub | Not | | X | Mark Werksman<br>Inbal Zeevi | Not<br>Not | | X<br>X |

| Proceedings: | (IN CHAMBERS) - DEFENDANT'S MOTION TO SET ASIDE THE VERDICT, OR IN THE ALTERNATIVE, FOR A NEW TRIAL (Dkt. 172, filed December 21, 2015)<br><br>DEFENDANT'S MOTION TO VACATE MULTIPLICITOUS COUNTS (Dkt. 179, filed February 10, 2016) |
|---|---|

## I.   INTRODUCTION

On October 23, 2014, the Government filed an indictment in this case against defendant, Keith Preston Gartenlaub. Dkt. 36. The indictment charges defendant with one count of Attempted Receipt and Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2). Id. These charges are based upon a collection of videos depicting child pornography which was found on defendant's computer and hard drives.

A jury trial in this case commenced on December 4, 2015. Dkt. 146. On December 9, 2015, upon conclusion of the Government's case, defendant moved to dismiss the counts charged in the indictment and this Court reserved judgment on the matter. On December 10, 2015, the jury rendered a verdict finding defendant guilty on all counts. Dkt. 159.

Defendant now brings a motion pursuant to Federal Rules of Criminal Procedure 29 and 33 for a judgment of acquittal or, in the alternative, a new trial. Dkt. 172. On December 28, 2015, the Government filed an opposition, Dkt. 173, and on January 5, 2016, defendant filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

reply, Dkt. 175. In addition, on February 10, 2016, defendant moved to vacate one of the counts under which he was convicted on the grounds that the counts in the indictment are multiplicitous. Dkt. 179. On December 17, 2016, the government filed an opposition, Dkt. 180, and on February 24, 2016 defendant filed a reply. Dkt. 181. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On August 27, 2014, the government seized four hard drives (computer and external) from defendant's residence and storage units. Dkt. 173, Opp'n to Mot. for Acquittal or New Trial, at 1-2.[1] Each hard drive contained videos of child pornography. Id. at 2-3.[2] The hard drive meta data showed this pornography was not originally downloaded onto the hard drives; rather, the pornography was downloaded onto another, unknown device and then copied onto the hard drives. Dkt. 172, Mot. For Acquittal or New Trial, at 5.

The child pornography was contained in folders alongside defendant's personal files in a directory system entitled "OrigData." Dkt. 173, at 3. Among the four hard drives, seven copies of Origdata existed with over 100 videos of child pornography in each copy. Id. at 2-3. One folder in Origdata, entitled "Partial," contained incomplete downloads of files. Dkt. 180, Opp'n to Mot. To Vacate, at 9. Some of these files had names suggesting child pornography was contained therein (*e.g.* the file contained "child porn" in its filename). Id. The metadata in Origdata showed that the files were originally downloaded between 2002 and 2003 and were subsequently copied onto the hard drives in 2005. Dkt. 172, at 5. After being transferred onto the hard drives, the files in Origdata were intermittently re-formatted or re-organized. Dkt. 180, at 5-8. Defendant's computer had also been configured not to maintain historical data regarding the dates and times videos were played, but his computer did maintain information on folder access. Dkt. 173, at 4-5. This metadata showed that folders containing child pornography were opened in 2012 and 2013 at a time when defendant's computer was password protected. Id. Based on this, and other evidence, defendant was convicted of both receipt or attempted receipt of child pornography and possession of child pornography.

---

[1] The storage units were tied to defendant through paperwork from the storage companies, documents found at defendant's home, and screen shots provided by defendant's employer showing that defendant visited the storage company's website. Dkt. 173, at 2.

[2] One hard drive (the "Buffalo hard drive") was arguably inoperable, but the government presented evidence at trial that it was eventually able to extract the child pornography images by removing the hard drive from its enclosure. Opp'n. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

### III. LEGAL STANDARDS

#### A. Motion to Set Aside the Verdict

Under Federal Rule of Criminal Procedure 29, a defendant may file a motion for a judgment of acquittal after a jury verdict. "In ruling on a Rule 29 motion, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Alarcon-Simi, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting United States v. Bahena-Cardenas, 70 F.3d 1071, 1072-73 (9th Cir. 1995)). The jury, not the Court, must determine the credibility of witnesses, resolve conflicting evidence, and draw inferences from the facts. Id.

#### B. Motion for a New Trial

Under Federal Rule of Criminal Procedure 33, the Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is directed to the discretion of the district judge. It should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981) (internal citations removed). The defendant has the burden to justify the need for a new trial. United States v. Shaffer, 789 F.2d 682, 687 (9th Cir. 1986).

### IV. DISCUSSION

#### A. Motion to Set Aside the Verdict

Defendant argues that he is entitled to a judgment of acquittal because: (a) the Government presented insufficient evidence of defendant's knowledge of the child pornography to support a charge for possession; and (b) the Government presented insufficient evidence that defendant himself caused the child pornography to be downloaded onto his computer and hard drives to support a charge for either receipt or attempted receipt. For the following reasons, the Court rejects both of these arguments.

##### 1. The Government Provided Sufficient Circumstantial Evidence to Support a Finding of Knowledge for the Possession Charge

Pursuant to 18 U.S.C. § 2252A(a)(5)(B), any person who "knowingly possesses, or knowingly accesses," any "material that contains an image of child pornography" can be found guilty of possession of child pornography. In his motion, defendant contends the government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

did not present sufficient *direct* evidence that defendant knew he possessed child pornography as required to support a charge for possession of child pornography. However, intent may be proven by circumstantial evidence. See, e.g., United States v. Santos, 527 F.3d 1003, 1009 (9th Cir. 2008) ("The government is not required to produce direct evidence of the defendant's intent; rather, it may provide circumstantial evidence from which the district court can draw reasonable inferences.").

At trial, the government presented significant circumstantial evidence that defendant knew his computer contained child pornography. For example, the government introduced evidence that hard drives containing substantial quantities of child pornography were seized from defendant's home and storage units. This collection of child pornography included personal documents with defendant's identifying information, such as his name and social security number, as well as what appeared to be a naked photograph of defendant, which defendant had emailed to himself. Dkt. 173, at 3. The Government also introduced evidence that several files and folders on defendant's hard drives containing child pornography were renamed or moved by a person with access to defendant's computer, that someone configured the settings on defendant's computer so as not to maintain recently played video footage, and that someone had accessed a folder on one of defendant's hard drives with file names indicating child pornography was contained therein. Dkt. 172, at 8-9 & footnote 3; Dkt. 173, at 3 & 9-10.

Based on this evidence, the Court cannot conclude that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Alarcon-Simi, 300 F.3d at 1176. Taken together, the fact that a large quantity of child pornography was found on defendant's devices, that files with defendant's personal information were stored in relative proximity to the child pornography, and that the child pornography was accessed and rearranged by someone with access to defendant's devices, a reasonable jury could have concluded that it was simply not plausible that defendant did not know there was child pornography on his devices. See also United States v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) ("[A] reviewing court may not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt,' only whether '*any*' rational trier of fact could have made that finding.") (emphasis in original and citations omitted).

Defendant suggests in his motion that the testimony of defense witnesses "rebutted" the Government's evidence. Dkt. 172, at 9. Defendant points out that several witnesses testified that other people had access to defendant's computer during the relevant time period for this case. Id. Defendant also notes that he introduced evidence that the child pornography files on his devices could have been opened accidently, briefly, or in a manner in which the files were obscured by other programs running on the same screen at the same time. Id. But it is the trier of fact, and not this Court, that must determine whether this evidence casts doubt on the defendant's knowledge of the child pornography on his devices. Indeed, when "faced with a

record of historical facts that supports conflicting inferences" a court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson v. Virginia, 443 U.S. 307, 326 (1979); see also Nevils, 598 F.3d at 1164 ("[T]he government does not need to rebut all reasonable interpretations of the evidence that would establish the defendant's innocence, or rule out every hypothesis except that of guilt beyond a reasonable doubt.") (citations omitted). Accordingly, the jury was entitled to weigh the evidence presented at trial and determine that the Government's theory of the evidence was more persuasive. And, as already stated, sufficient evidence was presented at trial for the jury to conclude that defendant knew child pornography existed on his devices. Accordingly, the Court DENIES defendant's motion to set aside the verdict as to the possession charge.

### 2. The Government Provided Sufficient Circumstantial Evidence to Support a Finding that Defendant Received or Attempted to Receive Child Pornography

Defendant also contends that there is no evidence that he knowingly received child pornography. The jury instructions allowed conviction on Count One if defendant either "received *or* attempted to receive" child pornography. See Jury Instruction No. 20 (emphasis added). The jury instructions defined "receive" as "to take possession or delivery of an item" and noted that "a person who *downloads* a video or other file via the Internet to his computer has 'received' that video or file." Jury Instruction No. 22 (emphasis added). The parties do not dispute that the "unknown source," from which the child pornography on defendant's devices originated, was not submitted into evidence. And, as with the possession charge, there was no direct evidence presented at trial that defendant himself downloaded the files from the "unknown source" that were eventually discovered on his devices. Nevertheless, the Government argues that, given the large amount of evidence connecting defendant to the child pornography on his devices, "there was sufficient evidence for the jury to conclude that [defendant] was also the individual who downloaded the files in the first instance." Dkt. 173, at 8. The Court agrees.

As explained above, the Government introduced evidence that the folders containing the child pornography also contained files with sensitive information about defendant, such as his social security number and even a naked photograph of himself. The Government also submitted evidence that someone compiled all of the child pornography found on defendant's devices into a complex file system called "OrigData," reorganized that file system, and then accessed the child pornography contained within it. As already stated, a rational trier of fact could have concluded that the person who did all of these acts was defendant. In addition, even though the "unknown source" itself was not submitted into evidence, the Government notes that its expert testimony and trial exhibits demonstrated that the child pornography videos found on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

defendant's devices were downloaded on multiple different days through 2002 and 2003. Dkt. 173, at 9. This suggests that the person who downloaded the child pornography onto defendant's devices had continued access to those devices——and, of course, the person with presumably the greatest access to defendant's devices was defendant himself. Taken together, a rational trier of fact could have concluded from this evidence that defendant was the individual who downloaded the child pornography onto his devices.

Defendant further argues that there is no evidence that he *attempted* to receive child pornography. Attempted receipt requires the prosecution to prove two elements: (1) "the defendant intended to commit the crime of receiving child pornography"; and (2) "the defendant did something that was a substantial step toward committing the crime." Jury Instruction No. 21. In addition to the evidence above, the Government presented evidence that various "partial" files—i.e., incomplete or unsuccessfully downloaded child pornography files—were downloaded onto defendant's devices and moved into the "OrigData" folder structure. Dkt. 173, at 8. From the names of these files, it was apparent that they contained child pornography and the Government's expert witness testified that these files required an individual to click on the file to activate the download of the file. Accordingly, the jury could have inferred from this evidence that, based on the names of the files, defendant intended to download child pornography and, by clicking on the files, he took a "substantial step" towards committing that crime.

Finally, defendant again argues that he rebutted the Government's evidence by presenting evidence that someone other than defendant had access to his devices and downloaded the child pornography. However, as already explained, the jury was entitled to draw its own inferences from the evidence and to disbelieve defendant's theory of the evidence. In addition, the evidence that the child pornography files were downloaded over multiple days suggests that the individual who downloaded the child pornography was likely a person with regular access to defendant's home—like defendant—as opposed to a person only temporarily staying at defendant's home.

Accordingly, weighing all of the evidence cited above, a rational jury could have found that defendant knowingly received, or at least attempted to receive, child pornography. Accordingly, the Court DENIES defendant's motion to set aside the verdict as to the receipt and attempted receipt charge.[3]

---

[3] In his reply, defendant argues that, because the indictment charges him in Count One for both "receipt or attempted receipt" of child pornography, it is impossible to tell whether the jury convicted him "for receipt of the files containing child pornography or for attempted receipt of the 'partial' files." Dkt. 175, at 9. Defendant contends, without any cite to authority, that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

**B.     Motion for a New Trial**

Defendant has also moved for a new trial.  As the basis for this motion, he contends that the jury should not have been allowed to consider the contents of the allegedly non-operational Buffalo hard drive because "a person cannot possess something that they cannot access."  Dkt. 172, at 10.  However, it is contested that the Buffalo external hard drive was inoperable.  The Government's expert testified that he saw a note that the hard drive was non-operational; but another witness testified that he was able to view the contents of the Buffalo drive once it was removed from its enclosure.  Dkt. 173, at 12-13.  The government also notes that defendant kept the external hard drive in his storage unit rather than discard it, which, although circumstantial, is evidence that defendant did not believe the hard drive was so inoperable as to be worth discarding.  Accordingly, there was evidence submitted at trial from which the jury could have concluded that the Buffalo drive was operable and, therefore, accessible to defendant.

In his motion, defendant cites United States v. Kuchinski, 469 F.3d 853 (9th Cir. 2006), for the proposition that, where a defendant lacks access to files containing child pornography it is not proper to charge him with possession of child pornography.  However, in Kuchinski an

---

conviction for Count One must be set aside for this reason.  However, in numerous cases defendants are charged in the same count for both a substantive offense and an attempt offense.  And courts have regularly found that the risks inherent in such a duplicitous indictment can be fairly addressed by the use of a unanimity instruction—i.e., an instruction requiring the jury to agree as to whether the defendant is guilty of the substantive offense or merely the attempt offense.  See, e.g., United States v. Lyons, 472 F.3d 1055, 1068 (9th Cir. 2006) ("Ordinarily, the 'general unanimity instruction suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict.' ") (citations omitted) overruled on other grounds by Tamosaitis v. URS Inc., 781 F.3d 468, 489 n.11 (9th Cir. 2014); see also United States v. Summit Refrigeration Group, Inc., 2006 WL 3091115, *5 (E.D. Wisc. Oct. 26, 2006) ("Even if the court were to conclude that [counts charging both attempted violation and substantive violation of a statute] were duplicitous, the risk inherent in a duplicitous count can be cured by a limiting instruction to the jury requiring unanimity on one or the other of the acts charged within a cou[n]t that otherwise appear to be separate offenses.").  Here, the Court distinguished the crimes of receipt of child pornography and attempted receipt of child pornography by separating the definitions of those crimes into two jury instructions.  See Jury Instruction No. 20 (receipt); Jury Instruction No. 21 (attempted receipt).  Both of these instructions contained a "unanimous" consent instruction.  Accordingly, the Jury was sufficiently informed that they could not find defendant guilty as to Count One unless they unanimously agreed that he received child pornography or they unanimously agreed that he attempted to receive child pornography.  Defendant's argument is, therefore, unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

"unsophisticated" defendant was charged with possession of certain files that his computer had auto-stored in a location difficult for a person without computer knowledge to access. Here, the images were stored on an external hard drive, not auto-stored in a purposefully difficult to retrieve location. The government also put forth evidence that defendant, a Boeing engineer, had the competence to perform various functions requiring above average computer competence. In other words, to the extent advanced knowledge of computers was necessary to access the Buffalo drive, defendant had such knowledge. The facts here are distinguishable from Kuchinski for these reasons.

Accordingly, the Court finds that it was not error for the Jury to consider evidence that the Buffalo drive contained child pornography. See also United States v. Ferguson, 246 F.3d 129, 134 (2d. Cir. 2001) ("Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.' ").[4] Defendant's motion for a new trial is, therefore, DENIED.

---

[4] In his reply, defendant states briefly that he should be granted a new trial because "the jury should have been instructed that the government must prove that the defendant himself received the child pornography through interstate commerce." Reply at 13. However, this is the only reference in any of defendant's papers to this argument. Thus, it is difficult to fully discern why defendant believes the jury was not adequately instructed. However, to the extent defendant is challenging the jurisdictional provision of the charges against him—i.e., the requirement that defendant have received child pornography in interstate commerce—the Ninth Circuit has recently clarified this provision by noting "[i]f child pornography is produced in one state and the visual depictions—the images—end up on a defendant's computer in another state . . . the jurisdictional provisions requiring that visual depictions of child pornography have been shipped, mailed, or transported in interstate or foreign commerce are satisfied. Stated another way, such evidence is sufficient to sustain a jury determination that the interstate commerce element was met." United States v. Lynn, 636 F.3d 1127, 1136 (9th Cir. 2011). Here, the government presented testimony from investigators in New Jersey, Georgia, and Washington who testified that they met with victims in the videos who attested that the videos were made in those states. Transcript Dkt. 177, 15-16. Hence, a reasonable juror could listen to that testimony and determine that the videos of child pornography were produced in other states before being found on defendant's hard drives. On the other hand, if defendant is claiming that the jury was not instructed that he, as opposed to another individual, must have received the child pornography, defendant is mistaken. Jury instruction No. 20 expressly states: "In order for the defendant to be found guilty . . . the government must prove that *defendant* either received or attempted to receive child pornography." (emphasis added). Accordingly, these arguments are unavailing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

### C. Motion to Vacate Multiplicitous Counts

As mentioned above, the Government charged defendant with two counts in this case: receipt and attempted receipt of child pornography (Count One) and possession of child pornography (Count Two). The jury subsequently rendered a verdict finding defendant guilty on both counts. Defendant now argues that the Court must vacate one of these convictions as multiplicitous. More specifically, defendant argues that possession of child pornography is the lesser-included offense of receipt of child pornography and, accordingly, that it would violate the Double Jeopardy Clause to convict defendant on both counts.

Defendant is correct that possession of child pornography is the lesser-included offense of receipt of child pornography. United States v. Teague, 722 F.3d 1187, 1190 (9th Cir. 2013) ("Possession of child pornography is a lesser-included offense of receipt of child pornography because a person who has received child pornography has also, by definition, possessed it."); United States v. Johnston, 789 F.3d 934, 937 (9th Cir. 2015) ("Consistent with our precedent . . . as well as the views of a majority of the other circuits to consider the issue, we reiterate that the offense of possession of child pornography is a lesser-included offense of receipt of child pornography."). Nonetheless, this does not mean that a defendant may never be convicted of both possession and receipt of child pornography. Rather, "[i]n the context of child pornography, a defendant may be convicted both of receipt of one image and possession of another image, or for receipt of an image on [one device] and possession of the same image on [another device], but not for receipt and possession of the same image on the same device." Johnston, 789 F.3d at 932.

Here, the Government sought to establish that defendant received and possessed the same images of child pornography, but on separate devices. At trial, the government presented evidence that defendant downloaded, i.e., received, child pornography via a peer-to-peer network on an unknown device and then possessed at least four hard drives containing child pornography over ten years after the original download. Dkt. 180, at 3-5. Specifically, the evidence showed that the files containing child pornography were originally downloaded between 2002 and 2003, the videos were transferred onto the hard drives between 2005 and 2013, and the defendant possessed hard drives containing child pornography on August 27, 2014. Dkt. 179, at 5; Dkt. 180, at 1 & 5-8. Based on this evidence, the jury could well have based its verdict on evidence that defendant "received" child pornography on the initial, unknown device and then "possessed" child pornography on a different device, e.g. the various hard drives found in defendant's possession on August 27, 2014.

However, under Ninth Circuit precedent, it is not enough that the jury *could* have based its verdict on separate conduct. Instead, to uphold convictions on both receipt and possession of child pornography, a court must have "some assurance that the convictions were based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

separate conduct" and if it is "theoretically possible the convictions were based on the same conduct" one of the convictions must be set aside. Teague, 722 F.3d at 1190. These concerns may be avoided by, among other things: (1) an "instruction explicitly requiring the jury to base the two convictions on separate conduct"; or (2) a special verdict form requiring the jury to specify the conduct on which it based its conviction. Id. at 1189; see also United States v. Schales, 546 F.3d 965, 980 (9th Cir. 2008) ("The jury was not instructed that it would have to find separate conduct. The district court did not utilize a special verdict form to indicate to the jury that it would have to find separate conduct . . . On this record, we cannot conclude that [the defendant] was convicted for [possession and receipt of child pornography based on] separate conduct.").

In the instant case, the prosecution submitted evidence that defendant downloaded child pornography on an unidentified device and then subsequently possessed child pornography on at least four hard drives. Nonetheless, it is "theoretically possible" that the jury could have convicted defendant based solely on defendant's receipt and possession of child pornography on the initial, unidentified device. Alternatively, the jury might have concluded that one of the four hard drives on which defendant was charged with possession was, in fact, the same device on which defendant received child pornography. As defendant notes, the Government introduced evidence that at least one of the hard drives had been reformatted in 2006, thus erasing all of its contents and metadata. Dkt. 180, at 6. Origdata was then re-copied onto this hard drive the following day. Id. Based on this evidence, the jury could have concluded that one of the hard drives was, in fact, the same device on which defendant initially downloaded child pornography, but that the hard drive had been reformatted, thus erasing any metadata regarding the original download. Accordingly, there is at least a possibility that the jury convicted defendant for receiving and possessing the same images of child pornography on the same device.

Moreover, neither party offered a jury instruction or verdict form that would have allowed the Court to confirm that the jury based its conviction on separate conduct. The jury instructions separately defined the crimes of receipt and possession; but there was no explicit instruction that the jury must convict defendant based on separate conduct. Similarly, the verdict forms provide no indication regarding the basis of the jury's verdict. With regard to Count One, the verdict form states only that the jury found defendant guilty of receiving or attempting to receive at least one visual depiction of child pornography after April 30, 2003. And, with regard to Count Two, the verdict form states only that the jury found defendant guilty of possessing at least one visual depiction of child pornography and that at least one of these depictions involved a minor who had not attained the age of 12.[5] The verdict form thus

---

[5] The verdict form for Count Two does not specify a date range in which the offense was committed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

provides no information regarding the specific devices on which the jury determined defendant received and possessed child pornography. As such, the Court cannot conclude that the jury based its conviction on separate conduct.

In analogous situations, the Ninth Circuit has held that it was plain error to convict a defendant for both receipt and possession of child pornography. In United States v. Teague, the defendant was charged with both receipt and possession of child pornography. 722 F.3d at 1190. Testimony at trial established that the defendant downloaded child pornography onto his computer and, thereafter, stored the child pornography on his computer's hard drive. Id. In addition, the Government submitted evidence that a large quantity of child pornography contained on compact discs was found in a briefcase stored underneath the defendant's computer desk. Id. After he was convicted of both receipt and possession of child pornography, the defendant moved to vacate one of the counts arguing that possession was the lesser-included offense of receipt. Id. The government argued, however, that it was proper to convict the defendant on both counts because the receipt and possession charges were based on separate devices—in particular, that the receipt charge was based on the computer hard drive, whereas the possession charge was based on the compact discs. Id. at 1190-91. The Ninth Circuit disagreed. It noted that, while "it [was] possible that the jury found receipt based on the files on the computer and found possession based, at least in part, on the files on the CDs," it was also possible that "the jury could have convicted under both counts based solely on the files on [the defendant's] computer." Id. at 1192. Moreover, the Ninth Circuit noted that neither the Court nor the parties had taken steps to remove the possibility of a multiplicitous conviction—e.g., by using a special verdict form or by instructing the jury that it must base its conviction on separate conduct. Id. Accordingly, the Ninth Circuit held that "the district court's entry of judgment on both counts, absent some assurance that the convictions were based on separate conduct, was error." Id.[6]

Similarly, in United States v. Johnston, the defendant was charged with one count of possession of child pornography and two counts of receipt of child pornography. 789 F.3d at 937. The Government submitted evidence linking the defendant to three sources of child pornography: videos on his hard drive, images on a compact disc, and images attached to emails. Id. at 939. The jury found defendant guilty on all counts. Id. Using a special verdict form, the jury found the defendant had possessed child pornography on both the hard drive and the compact disc. Id. However, the jury was not given a special verdict form with respect to the receipt charges; thus, the jury could not indicate in what medium the defendant had received child pornography. Id. The Ninth Circuit concluded that "the government missed a step

---

[6] The Ninth Circuit applying plain error review—an appellate standard of review applicable when issues are raised for the first time on appeal—ultimately found that this error was not prejudicial and, therefore, did not vacate the defendant's possession conviction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

because the form does not assure us that separate conduct formed the basis of the jury's decision to convict on each count." Id. The Ninth Circuit also noted that, while there was evidence that the defendant may have received child pornography via email—i.e., a separate device from those supporting the possession charge—the evidence also showed that the defendant may have received child pornography on either the hard drive or the compact disc. Id. Thus, because there was an "obvious overlap" in the evidence supporting the possession and receipt charges, the Ninth Circuit concluded that it could not "confirm that the jury convicted [the defendant] of separate conduct in the possession charge." Id. Accordingly, the Ninth Circuit vacated the judgment and remanded with instructions for the district court to vacate the defendant's conviction for possession of child pornography. Id. at 940.

As in Teague and Johnston, here there is an overlap between the evidence supporting both the possession and receipt charges and neither the jury instructions nor the verdict form provides any assurance that the jury based its convictions on separate conduct. As such, the Court cannot "confirm that the jury convicted [defendant] of separate conduct in the possession charge" and the Court must GRANT defendant's motion to vacate one of the counts on which he was convicted as multiplicitous.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to set aside the verdict or, in the alternative, for a new trial. The Court **GRANTS** defendant's motion to vacate multiplicitous counts.

In addition, the Court **requests supplemental briefing** regarding which count—possession of child pornography or receipt of child pornography—the Court should vacate. The Ninth Circuit has held that "when a defendant is convicted of both possession and receipt/distribution of child pornography, and the charges are [multiplicitous], the district court must exercise its discretion to determine which one of the two counts to dismiss." United States v. Maier, 646 F.3d 1148, 1154 (9th Cir. 2011). In addition, the Ninth Circuit has explained that "[t]he choice of which count to vacate is fundamentally a sentencing decision" and should be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a). Id.; see also United States v. Kennedy, 643 F.3d 1251, 1258 ("[I]n deciding whether to vacate a lesser-included offense or a greater offense, a district court should be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a)"). Accordingly, in their supplemental briefing, the parties are instructed to address whether, taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court should vacate defendant's conviction for either possession of child pornography or receipt of child pornography.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

The Government shall submit its supplemental briefing no later than **July 11, 2016**. Defendant may submit a reply no later than **July 18, 2016**. Neither parties' briefing shall exceed **5 pages**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: Pretrial Services
U.S. Probation