EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
ANTHONY J. LEWIS (Cal. Bar No. 231825)
Assistant United States Attorney
Deputy Chief, Terrorism and Export Crimes Section
VICKI CHOU (Cal. Bar No. 248598)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-1786/8692
     Facsimile:    (213) 894-7631/0142
     E-mail:  anthony.lewis@usdoj.gov
              vicki.chou@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-173-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEFING REGARDING VACATING LESSER INCLUDED OFFENSE |
| v. | |
| KEITH PRESTON GARTENLAUB, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Office of the United States Attorney for the Central District of California, hereby files the Government's Supplemental

//

Briefing Regarding Vacating Lesser Included Offense as ordered by the Court (CR 207).

Dated: July 11, 2016            Respectfully submitted,

                                EILEEN M. DECKER
                                United States Attorney

                                PATRICIA A. DONAHUE
                                Assistant United States Attorney
                                Chief, National Security Division


                                      /s/
                                ANTHONY J. LEWIS
                                VICKI CHOU
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**SUPPLEMENTAL BRIEFING**

Defendant Keith Preston Gartenlaub ("defendant") kept in his home and two of his storage units a total of four hard drives containing a total of seven copies of his collection of nearly 100 child pornography videos. They were first downloaded in 2002 to 2004, and then copied, sorted, renamed, and re-organized through 2013, when he made two of those seven copies. The child pornography defendant sought out and maintained in his collection was predominantly of prepubescent girls; some as young as four, some in sadistic depictions, and some abused for lengthy videos - all factors that Congress and/or the United States Sentencing Commission have recognized as aggravating. Defendant was convicted of both receipt and possession of child pornography after a four-day trial.

The Court granted defendant's motion to vacate multiplicitous counts and ordered supplemental briefing regarding which count to vacate. Governing Ninth Circuit law directs a district court to vacate the lesser-included offense – in this case, Count Two, charging Possession of Child Pornography – absent unusual circumstances and compelling reasons that do not exist here. Defendant received and attempted to receive child pornography and should be held responsible and sentenced for that conduct.

**A.   Governing Law Presumes The District Court Will Vacate The Lesser-Included Offense Absent Exceptional Circumstances**

Where there are multiplicitous counts, the law presumes that the lesser-included offense will be vacated. In Maier, the Ninth Circuit affirmed the district court's decision to vacate the lesser-included count of possession of child pornography, ruling that "a district court 'should' exercise its discretion to vacate the

1

lesser-included offense, absent unusual circumstances and compelling reasons to vacate the greater offense." United States v. Maier, 646 F.3d 1148, 1154 (9th Cir. 2011) (citing United States v. Jose, 425 F.3d 1237, 1247 (9th Cir. 2005)); see United States v. Kennedy, 643 F.3d 1251, 1258 (9th Cir. 2011) (affirming district court's decision to vacate the lesser-included offense of possession of child pornography). Here, as in Maier and in Kennedy, defendant "was clearly guilty of the more serious [receipt] offense, . . . a court should not impose a shorter sentence solely because the government chose to charge both a graver and a less serious offense, and . . . Congress intended the courts to impose a longer sentence for [defendant]'s offense conduct." Kennedy, 643 F.3d at 1258.

"[W]hen a jury convicts on both the greater and the lesser included offenses, absent a clear indication by Congress that it intended to allow punishment for both offenses, the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense." Jose, 425 F.3d at 1247 (citing Rutledge v. United States, 517 U.S. 292, 306 (1996)). The presumptive rule in favor of vacating the lesser-included rather than the greater offense ensures that Congressional intent in punishment is carried out.

The presumption to vacate the lesser-included offense "safeguards against cases where a defendant charged with both possession and receipt/distribution of child pornography pleads guilty to both offenses with the hope that he will be sentenced under the lesser crime." Maier, 646 F.3d at 1154; see also, United States v. Batchelder, 442 U.S. 114, 125 (1979) ("Just as a defendant

has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced."). Defendant similarly should not be able here to choose his punishment scheme through delaying when he raised the issue of multiplicity. Before trial, the government could have amended the indictment, or even elected to proceed only on the more serious receipt charge. Had defendant raised the issue even during trial, the parties could easily have remedied any theoretical overlap by including an instruction directing the jury that it had to find separate conduct for the two counts.[1] Defendant should not now be rewarded for his delay, nor given a second bite at the apple, particularly after he pressed his trial defense on the receipt count that the unknown device used to receive the child pornography was not one that defendant owned in 2014. (12/10/15 RT 25).

Like the Ninth Circuit, other courts are in resounding agreement in vacating the lesser-included offense to cure multiplicity. See, e.g., United States v. Brown, 701 F.3d 120, 128 (4th Cir. 2012) (affirming vacating of lesser-included possession of child pornography, explaining that the court "properly adhered to a long line of authorities directing vacation of the conviction that carries the more lenient penalty when a defendant is convicted of

---

[1] Defendant suggested the government rejected defendant's special verdict form, but it would not have addressed this issue. (CR 181.) Defendant's proposed verdict form simply called for specific file names (CR 143 at 17-18), but defendant's conduct involved replicating the same files (with the same filenames) onto different devices, and therefore defendant's proposed verdict form would not have clarified which device was used for each count.

both a greater and a lesser-included offense."); United States v. Boyd, 131 F.3d 951, 954-55 (11th Cir. 1997) ("The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense."); United States v. Brito, 136 F.3d 397, 408 (5th Cir. 1998) ("It is well settled that in cases of double jeopardy arising from the simultaneous charging of a greater and a lesser included offense, we dismiss the lesser included offense."); United States v. Peel, 595 F.3d 763, 768 (7th Cir. 2010); United States v. Cesare, 581 F.3d 206, 207-08 (3d Cir. 2009); United States v. Jones, 101 F.3d 1263, 1268 (8th Cir. 1996) (remanding with instructions to vacate lesser included offense). Indeed, "it would be paradoxical to give the defendant a shorter sentence than he would have received had the government not also charged him with the less serious offense." Peel, 595 F.3d at 768 (internal citation omitted).

### B. No Exceptional Circumstances Exist To Justify Vacating The Greater Offense In This Case

The Court's discretion to vacate a greater offense should only be exercised if there are "unusual circumstances and compelling reasons," which should be based on the sentencing factors set forth in 18 U.S.C. § 3553(a). Maier, 646 F.3d at 1154. Here, the § 3553(a) factors militate toward vacating the possession count.

Defendant's receipt and curating of his collection of 100 child pornography videos manifested aggravating factors beyond either a basic receipt or possession offense. The sentencing guidelines include enhancements for materials involving prepubescent children (PSR ¶ 37), sadistic-masochistic content (PSR ¶ 38), use of a computer (PSR ¶ 40), and number of images (PSR ¶ 41). Defendant

received the maximum enhancement for the number of images – even using only the 20 video files that the defense does not contest (CR 189 at 14) yields double the threshold.  See U.S.S.G. § 2G2.2 App. Note 4(A)(ii) (counting each video as 75 images; "If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted).  Given these aggravating factors, the Court should not vacate the more serious offense to allow defendant to seek a sentence lower than the 5 years Congress has determined is the minimum permissible penalty for receiving child pornography.

In a very rare example where the Guidelines calculation was inverted--such that the greater offense yielded a lower Guidelines calculation range, a § 3553(a) factor--the court of appeals called for the district court to consider vacating the greater offense. See United States v. Avery, 128 F.3d 966 (6th Cir. 1997) (rejecting argument that lesser included offense should be rejected once Guidelines had been corrected).  Here, no such result would occur, and no factor under § 3553(a) warrants a departure from the established rule that the lesser offense should be vacated.

While defendant has argued that the receipt of child pornography is "attenuated," (CR 181 at 8), those arguments were rejected by the jury, who saw the evidence of defendant's child pornography sorted into folders alongside defendant's resume, personal correspondence, and naked photographs of himself that defendant e-mailed to himself.  The fact that defendant received the child pornography ten years earlier only shows that his interest has been sustained for that long, having copied his collection multiple times, including twice as recently as 2013.