Mark J. Werksman, Esq. (State Bar No. 120767)
Elizabeth S. Little (State Bar No. 307944)
WERKSMAN, JACKSON, HATHAWAY & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942
Email: mwerksman@werksmanjackson.com

Attorney for Defendant
KEITH PRESTON GARTENLAUB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KEITH PRESTON GARTENLAUB, <br><br> Defendant. | CASE NO. CR 14-173-CAS <br><br> **DEFENDANT'S SUPPLEMENTAL BRIEFING REGARDING VACATING THE RECEIPT CHARGE AS A MULTIPLICITOUS COUNT** |

# I.
# INTRODUCTION

On June 20, 2016, this Court granted Mr. Gartenlaub's Motion to Vacate Multiplicitous Counts, and requested supplemental briefing as to whether—based on the sentencing factors set forth in 18 U.S.C. § 3553(a)—the Court should vacate defendant's conviction for receipt of child pornography (Count One) or possession of child pornography (Count Two). (DOC 207.) Pursuant to this Court's order, the government filed supplemental briefing on July 11, 2016, asking this Court to vacate the lesser-included offense of possession. (DOC 208.) For the reasons set forth below, Defendant requests that this Court exercise its discretion to vacate the receipt conviction because, upon consideration of the factors enumerated in § 3553(a), a sentence of less than the five-year mandatory minimum for receipt is appropriate.

# II.
# ARGUMENT

"[W]hen a defendant is convicted of both possession and receipt/distribution of child pornography, and the charges are predicated on the same set of images, the district court must exercise its discretion to determine which one of the two counts to dismiss." *United States v. Maier*, 646 F.3d 1148, 1154 (9th Cir. 2011) (citing *United States v. Hector*, 577 F.3d 1099 (9th Cir. 2009)). In deciding whether to vacate the lesser-included offense or the greater offense, a district court should be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a).[1] *United States v. Kennedy*, 643 F.3d 1251, 1258 (9th Cir. 2011); *see Maier, supra,* 646 F.3d at 1154.

---

[1] The sentencing factors set forth in 18 U.S.C. § 3553(a), to be considered in making this determination, are as follows: (1) the nature and the circumstances of the offense; (2) the history and characteristics of the defendant; (3) the purposes of sentencing; (4) the kind of sentences available; (5) the United States Sentencing Guideline calculation; (6) pertinent policy statements; and (7) the need to avoid

1

Typically, a district court should exercise its discretion to vacate the lesser-included offense unless there are "unusual circumstances and compelling reasons" to vacate the greater offense. *Id.* However, the Ninth Circuit has made clear that an analysis guided by the section 3553(a) factors "may also lead to the conclusion that the greater offense should be vacated." *Maier, supra*, 646 F.3d at 1154. Ultimately, "[t]he choice of which count to vacate is fundamentally a sentencing decision." *Id.* Thus, using the factors set forth in § 3553(a), a district court "must choose whether the defendant's transgressions warrant a lesser penalty—a shorter statutory term of imprisonment for possession of child pornography—or a greater penalty—a longer statutory term for receipt/distribution." *Id.*

### A.    The Nature And Circumstances of the Instant Offense Are Unusual And Warrant Vacating The Receipt Charge

One factor district courts should consider in deciding which conviction to vacate is the nature and circumstances of the offense. *See* 18 U.S.C. § 3553(a). In *Maier*, for example, the Ninth Circuit affirmed the district court's decision to vacate the possession count, and sentence Maier on the receipt/distribution count because of, *inter alia*, the egregiousness of the receipt and distribution in his case. *Maier, supra*, 646 F.3d at 1154-55. In that case, FBI agents obtained evidence that Maier had communicated and exchanged child pornography with seventy-four people during a five-month period; in total, Maier sent 4,686 images and received 4,227 others. *Id.* at 1151. Accordingly, the Ninth Circuit, having considered the nature and circumstances of the offense, held that the district court was correct in concluding that "sentencing Maier for 'mere possession' would clearly understate . . . [the] criminal activity in [his] case." *Id.* at 1155. Similarly, in

---

unwarranted sentence disparities. 18 U.S.C. § 3553(a); *see United States v. Kennedy*, 643 F.3d 1251, 1258 (9th Cir. 2011).

*Kennedy*, the district court's decision to vacate the lesser offense (possession of child pornography) was largely justified on the basis that the defendant was "clearly guilty" of the more serious transportation offense. *Kennedy, supra*, 643 F.3d at 1258.

In its supplemental brief, the government states—in a conclusory fashion—that this Court should vacate the lesser-included offense of possession because "[h]ere, as in *Maier* and *Kennedy*, defendant 'was clearly guilty of the more serious [receipt] offense." (DOC 208 at 2.) However, the facts of this case are entirely different from those in *Maier* and *Kennedy*. Indeed, the instant case is unusual in that there was absolutely no direct evidence that Mr. Gartenlaub ever actually *received* any child pornography. The parties do not contest that the files were originally downloaded to some "Unknown Source" at some point in 2002 and 2003, and were somehow transmitted, together with hundreds of other files, to Mr. Gartenlaub's computer during February of 2005. The government never presented any evidence regarding the nature of the "Unknown Source," its owner, or the identity of the person responsible for downloading the child pornography. Here, unlike in *Maier* and *Kennedy*, the facts of Mr. Gartenlaub's case are entirely circumstantial and largely center around evidence indicating *possession* of child pornography. Given that there is no direct evidence that Mr. Gartenlaub ever received *any* files containing child pornography—and that the jury ultimately concluded receipt based solely on circumstantial evidence of possession— defendant is not "clearly guilty" of the receipt charge. Accordingly, the nature and circumstances of the offense militate towards vacating the receipt conviction.

### B. The Purposes and Policies Underlying Sentencing in This Case Are Met by Vacating the Receipt Conviction

Courts should also consider the purposes of and policies underlying sentencing in determining which conviction to vacate. *See* 18 U.S.C. § 3553. In its

3

supplemental brief, the government argues that the purposes of sentencing would be frustrated if this Court were to choose to vacate the receipt charge because "[t]he presumption to vacate the lesser-included offense 'safeguards against cases where a defendant charged with both possession and receipt/distribution of child pornography pleads guilty to both offenses with the hope that he will be sentenced under the lesser crime."[2] (DOC 208 at 2.) Although that was a factor the district court considered in *Maier*, it is not of concern here. Mr. Gartenlaub did not plead guilty to receipt and possession. His case went to trial, and the evidence presented with respect to the receipt charge was significantly weaker.

      Moreover, one of the major purposes of sentencing is to prevent an individual from reoffending and protect the public. As previously discussed, the government presented evidence that the files containing child pornography were downloaded to an "Unknown Source" at some point between 2002 and 2003; however, in the eleven years that passed between when the pornography was placed on the computer and Mr. Gartenlaub's arrest in 2014, there was no proof that Mr. Gartenlaub ever downloaded additional files or viewed the existing files. Given Mr. Gartenlaub's lack of criminal history, the fact that he demonstrated no interest in the child pornography files for eleven years, and the significant stress

---

[2] The government uses this policy concern to suggest that Mr. Gartenlaub should not be able to "choose his punishment scheme" because he delayed raising the issue of multiplicity until after trial. (DOC 208 at 3.) Aside from the fact that it is within *the Court's* discretion to decide which multiplicitous count to vacate, the government's argument is disingenuous. Just last year, the government argued a contrary position before this Court, arguing that the question of multiplicity was a sentencing question, and that the Court should not consider dismissing a multiplicitous count before the conclusion of trial. Government's Opp. To Defendant's Motion to Dismiss for Duplicity and Multiplicity at 15, *United States v. Sing*, (No. 14-212A) 2016 WL 54906 (C.D. Cal. Jan. 4, 2016), ECF No. 74. The government must be neutral in its administration of justice—taking opposing positions on the same issue demonstrates a lack of objectivity in this case.

and loss he and his family have already suffered as a result of this case, there is no need to impose the longer statutory term for receipt because it is extremely unlikely Mr. Gartenlaub would recidivate or pose any danger to the public. Thus, the policies underlying the Sentencing Guidelines would be met by dismissing the receipt count.

### C. The Remaining Factors Set Forth In Section 3553(a) Counsel Against Imposing A Longer Statutory Term For Receipt/Distribution

Upon consideration of the remaining § 3553(a) factors, Mr. Gartenlaub should receive a sentence substantially less than the five-year mandatory minimum that is required for a receipt conviction. Here, the history and characteristics of Mr. Gartenlaub warrant a lower sentence—Mr. Gartenlaub has no prior criminal history, he is beloved by his friends and family members, and throughout his lifetime he has consistently helped others by engaging in significant charitable works, including raising money and awareness for diabetes (the disease that took his mother's life) and Pancreatic cancer (when his friend was diagnosed). Mr. Gartenlaub is well-educated, and developed a successful career in the field of engineering; given the chance, Mr. Gartenlaub is well-equipped to reenter the workforce and contribute to society.

## III.
## CONCLUSION

Upon consideration of the § 3553(a) factors, Mr. Gartenlaub respectfully requests that this Court exercise its discretion to vacate the receipt count as multiplicitous and impose a sentence that is less than the statutory term for receipt.

Dated: July 15, 2016

Respectfully submitted,

By: /s/ Mark J. Werksman
Mark J. Werksman
Attorneys for Defendant