UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

| Case No. | SA CR 14-173-CAS | Date | August 1, 2016 |
|---|---|---|---|

Present: The Honorable **CHRISTINA A. SNYDER**

Interpreter  N/A

| Catherine Jeang | Not Present | Anthony Lewis, Not Present<br>Vicki Chou, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Keith Preston Gartenlaub | Not | | X | Mark Werksman<br>Inbal Zeevi | Not<br>Not | | X<br>X |

**Proceedings:** (IN CHAMBERS) - ORDER RE: SUPPLEMENTAL BRIEFING RE: VACATING LESSER INCLUDED OFFENSE

On October 23, 2014, the Government filed an indictment in this case against defendant, Keith Preston Gartenlaub. Dkt. 36. The indictment charged defendant with one count of Attempted Receipt and Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2). Id. On December 10, 2015, a jury found defendant guilty on both counts. Dkt. 159. On February 10, 2016, defendant moved to vacate one of the counts under which he was convicted on the grounds that the counts in the indictment are multiplicitous. Dkt. 179. On June 30, 2016, the Court granted defendant's motion and found that at least one of the counts under which defendant was convicted should be vacated. Dkt. 207. The Court requested supplemental briefing regarding whether the Court should vacate defendant's conviction for receipt of child pornography or defendant's conviction for possession of child pornography. Id. at 12. On July 11, 2016, the Government filed its supplemental brief, Dkt. 208, and on July 18, 2016, defendant filed his supplemental brief, Dkt. 209.

"[W]hen a defendant is convicted of both possession and receipt/distribution of child pornography, and the charges are [multiplicitous], the district court must exercise its discretion to determine which one of the two counts to dismiss." United States v. Maier, 646 F.3d 1148, 1154 (9th Cir. 2011). "The choice of which count to vacate is fundamentally a sentencing decision" and, in determining which count to vacate, courts should be guided by the sentencing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

factors set forth in 18 U.S.C. § 3553(a). Id. These factors are: (1) the nature and the circumstances of the offense; (2) the history and characteristics of the defendant; (3) the purposes of sentencing; (4) the kind of sentences available; (5) the United States Sentencing Guideline calculation; (6) pertinent policy statements; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). Generally, absent unusual circumstances, "a district court 'should' exercise its discretion to vacate the lesser-included offense"—in this case, defendant's conviction for possession of child pornography. Maier, 646 F.3d at 1154. Nonetheless, where there are compelling reasons to do so, a district court maintains the discretion to vacate the greater offense—in this case, defendant's conviction for receipt of child pornography. See id. ("An analysis rooted in [the sentencing] factors may also lead to the conclusion that the greater offense should be vacated.").

Here, several of the sentencing factors weigh in favor of vacating the greater offense, defendant's conviction for receipt of child pornography. First, the nature and circumstances of the instant offenses support vacating defendant's conviction for receipt of child pornography. In United States v. Kennedy—a case in which the Ninth Circuit affirmed a district court's decision to vacate a possession of child pornography charge instead of a transportation of child pornography charge—the Ninth Circuit emphasized that the defendant was "clearly guilty of the more serious transportation offense." 643 F.3d 1251, 1258 (9th Cir. 2011). Here, by contrast, the government submitted no direct evidence that defendant received child pornography. Rather, at trial, the government presented evidence that, at some point between 2002 and 2003, defendant received child pornography from an "unknown source." The government was not able to submit this "unknown source" into evidence nor was it able to identify the particular device on which defendant received child pornography. Accordingly, unlike Kennedy, the evidence here did not demonstrate that defendant was "clearly guilty" of receipt of child pornography.

In addition, the evidence in support of defendant's possession charge was significantly stronger than the evidence in support of defendant's receipt charge. Specifically, the government identified four distinct hard drives on which defendant had purportedly organized and stored a collection of child pornography over the course of roughly ten years. The government submitted evidence that defendant had accessed these hard drives as well as the files folders in which the child pornography was stored and the government presented evidence that defendant had repeatedly reformatted the child pornography files. Indeed, the evidence in support of defendant's possession charge was so much stronger than the evidence in support of defendant's receipt charge that, in opposition to defendant's motion for acquittal, the government argued successfully that the jury could have inferred from the strength of the possession evidence that defendant also received child pornography. See Dkt. 173, Opp'n. to Mot. to Set Aside Verdict, at 7 ("A rational trier of fact could have rightly determined that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

same person who organized and copied multiple versions of 'OrigData' also downloaded the files making up 'OrigData' in the first instance."); id. ("Given the large amount of evidence connecting defendant to 'OrigData' . . . there was sufficient evidence for the jury to conclude that [defendant] was also the individual who downloaded the files in the first instance."). At a minimum, the fact that the evidence in support of defendant's possession charge was significantly stronger than the evidence in support of defendant's receipt charge provides a further rationale for vacating the receipt charge.

Similarly, in United States v. Maier—another case in which the Ninth Circuit affirmed a district court's decision to vacate a possession of child pornography charge instead of a receipt of child pornography charge—the Ninth Circuit emphasized the magnitude of the defendants receipt of child pornography. 646 F.3d 1154-55. Specifically, the defendant sent 4,686 images of child pornography and received 4,227 images of child pornography. Id. at 1151. Accordingly, the Ninth Circuit determined that "sentencing Maier for 'mere possession' would clearly understate . . . [the] criminal activity in his case." Id. at 1155. In other words, in Maier, the Ninth Circuit determined that in light of, *inter alia*, the egregiousness of the receipt and distribution of child pornography it was appropriate to sentence the defendant on the charge carrying the higher penalty. Here, by contrast, less than 100 videos of child pornography were found on defendant's devices. See Gov't Supp. Br., at 1. Thus, when compared to other cases, such as Maier, defendant's conduct was relatively less egregious. This suggests that defendant should be sentenced under the charge carrying the lesser penalty. See also Maier, 646 F.3d at 1154 (a district court "must choose whether the defendant's transgressions warrant a lesser penalty—a shorter statutory term of imprisonment for possession of child pornography—or a greater penalty—a longer statutory term for receipt/distribution."). For these reasons, the "nature and circumstances" of the offenses militates towards vacating the receipt charge.

Second, the purposes and policies underlying sentencing support vacating the receipt charge. One of the primary purposes behind sentencing is to prevent individuals from re-offending. See also 18 U.S.C. § 3553(a)(2)(c) (in determining appropriate sentence, courts should consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"). Here, as stated above, the government presented evidence that at some point between 2002 and 2003 defendant received child pornography from an "unknown source." The government did not present evidence that defendant received child pornography on any other occasion. Thus, there is no evidence that defendant has shown any interest in receiving child pornography in the more than ten years since he originally downloaded child pornography. This suggests that the five-year mandatory minimum sentence for receipt of child pornography is unnecessary to prevent defendant from becoming a repeat offender.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Third, considering the "kinds of sentences" available, the Court finds that sentencing defendant on the possession charge affords the Court greater discretion to craft a sentence that aligns with the gravity of defendant's crimes. Both defendant's receipt and possession charges carry a maximum sentence of twenty years. See 18 U.S.C. § 2252A(b)(1), (b)(2). However, defendant's receipt charge also carries a mandatory minimum sentence of five years. See 18 U.S.C. § 2252A(b)(1). Thus, by sentencing defendant on his possession charge, the Court has the ability to impose a sentence as high as any sentence available under the receipt charge while also maintaining the discretion to impose a sentence of less than five years if the Court determines that is appropriate. Accordingly, the Court finds that this factor also weighs in favor of vacating the receipt charge.

Finally, the history and characteristics of defendant also weigh in favor of vacating defendant's receipt charge. Defendant has no prior criminal record and has submitted numerous letters from his friends and family demonstrating that he is a well-regarded and beloved member of his community. See, e.g., Dkt. 185, Defendant's Sentencing Memorandum, Ex. G, Letter from Jeffrey A. Simmon ("The Keith I know is a loving, generous, and responsible man. Keith has always had a strong moral compass. Doing the right thing for all his life. Loyal to a fault. Dedicated to his family and friends. He has always helped and supported those around him including myself being there and helping me through some difficult times in my life."). Defendant also represents that he has engaged in significant charitable work, including raising money and awareness for diabetes and pancreatic cancer. Id. at 22-23; see also United States v. Jones, 158 F.3d 492, 500-01 (10th Cir. 1998) (finding three level downward departure warranted considering, *inter alia*, defendant's long history of community service). And, defendant is well-educated and, prior to his arrest, had developed a successful career as an engineer. Dkt. 185, Defendant's Sentencing Memorandum, at 5. Accordingly, defendant appears well-equipped to reenter the workforce and contribute positively to society.[1]

Upon consideration of these factors, the Court finds that defendant's transgressions warrant a lesser penalty. The Court, therefore, **VACATES** defendant's conviction for receipt of child pornography.[2] The Court sets a sentencing hearing in this matter for **August 29, 2016**, at

---

[1] The remaining section 3553(a) factors are not addressed by the parties and appear to be inapplicable to this case.

[2] In its supplemental brief, the government cites United States v. Avery, 128 F.3d 966 (6th Cir. 1997), a case in which the sentencing guidelines calculation was inverted such that the greater offense yielded a lower guidelines sentencing range. In light of these "unusual circumstances" the Sixth Circuit called on the district court to consider vacating the greater offense. Id. at 971-72. The government argues that defendant's case does not present the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

**1:00 P.M.**  Defendant is ordered to be present on August 29, 2016, at 1:00 P.M., unless advised otherwise by his attorney of record.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

cc: Pretrial Services
    U.S. Probation

---

type of "unusual circumstances" because defendant will face a longer term of imprisonment if he is sentenced under the receipt charge.  However, nothing in the Ninth Circuit's case law suggests that a court may only vacate a greater offense when it will result in a longer term of imprisonment for the defendant.  Indeed, a rule that only permitted courts to vacate the greater offense when it would result in a longer sentence for the defendant would run counter to the Ninth Circuit's instruction that, in determining which count to vacate, district courts should consider "whether the defendant's transgressions warrant a *lesser penalty* . . .or a greater penalty." Maier, 646 F.3d at 1154 (emphasis added).  Accordingly, the government's reliance on Avery is unavailing.