UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          **'O'**

| Case No. | SA CR 14-173-CAS | Date | November 28, 2016 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Anthony Lewis, Not Present<br>Vicki Chou, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Keith Preston Gartenlaub, Pro Se | Not | X | | | | | |

**Proceedings:**      (IN CHAMBERS) - DENIAL OF BAIL PENDING APPEAL

On November 22, 2016, the Court of Appeals for the Ninth Circuit remanded this matter and ordered the Court to state the reasons for its order denying Gartenlaub's motion for bail pending appeal. Dkt. 237; see also United States v. Wheeler, 795 F.2d 839, 841 (9th Cir. 1986) (requiring oral or written findings to adequately explain the denial of bail).

On August 29, 2016, the Court held a sentencing hearing and committed defendant to the Bureau of Prisons for 41 months. Dkt. 215. During the hearing, counsel for defendant requested that Gartenlaub not be required to surrender, but instead be granted bail pending his appeal. Counsel for defendant argued that Gartenlaub had been out of custody on a $325,000 appearance bond pending trial for two years without issue and that "[t]his case presents all the appropriate issues for 9th Circuit review." August 29, 2016, Transcript 63:5-6. In response, the Government argued that Gartenlaub presented a flight risk and that this case does not satisfy the statutory requirements of 18 U.S.C. 3143(b).

The Court denied bond. The Court concluded that, upon consideration of Gartenlaub's jury trial and substantive motions there did not appear to be a "substantial question" such that he may be entitled to a new trial, reversal of his conviction, a sentence that did not include imprisonment or a reduced sentence to a term of imprisonment less than the duration of the appeal process. See 18 U.S.C. 3143(b)(1)(B). Specifically, on June 30, 2016, the Court denied defendant's motion to set aside the verdict or for a new trial. Dkt. 207. The Court concludes that defendant has not presented a substantial question of law or fact upon which defendant may be entitled to reversal. In addition, prior to trial, defendant moved for disclosure of all Foreign

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          **'O'**

Intelligence Surveillance Act ("FISA") applications and warrants and suppression of any information derived from FISA search or surveillance. After full briefing as well as an ex parte in camera review of the materials submitted to the Court in relation to the Government's FISA applications, the Court found that the Government satisfied FISA's requirements and that information obtained pursuant to FISA was lawfully acquired. Accordingly, the Court denied defendant's motion. Dkt. 114. Based on the foregoing, the Court further concludes that defendant does not present a substantial question of law or fact such that he might be entitled to bail pending appeal. Neither defendant's suppression motion nor defendant's motion to set aside the verdict or grant a new trial presents a substantial question such that defendant may be entitled to bail pending an appeal.

Additionally, defendant's sole argument regarding his risk of flight was his behavior prior to sentencing. However, defendant has now been convicted and sentenced to a custodial sentence. His wife is a citizen of the People's Republic of China. Defendant has a history of travel to the People's Republic of China and could reside there if he chose to do so. 18 U.S.C. 3143(b)(1)(A) requires that defendant show, by clear and convincing evidence, that he is not likely to flee. See Wheeler, 795 F.2d at 840. The Court finds that defendant has failed to make such a showing.

Accordingly, defendant's application for bail pending appeal is DENIED.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Deputy Clerk | CMJ | |