UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                      'O'

| Case No. | 8:14-cr-00173-CAS-1 | | Date | July 3, 2025 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |
| Catherine Jeang | | Not Present | | Dennise Willett, Not Present |
| *Deputy Clerk* | | *Court Reporter* | | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorney for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| KEITH PRESTON GARTENLAUB (CITATION) | NOT | | | PRO SE | | | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR EQUITABLE TOLLING (Dkt. 297, filed May 8, 2025)

DEFENDANT'S MOTION TO OBTAIN ALL TRIAL EXHIBITS (Dkt. 298, filed May 8, 2025)

DEFENDANT'S MOTION FOR EXEMPTION FROM PACER FEES (Dkt. 300, filed May 8, 2025)

DEFENDANT'S SUPPLEMENTAL REQUEST FOR EXEMPTION FROM PACER FEES (Dkt. 301, filed May 30, 2025)

## I.  INTRODUCTION & BACKGROUND

On October 23, 2014, the Government filed an indictment in this case against defendant, Keith Preston Gartenlaub ("defendant"). Dkt. 36. The indictment charged defendant with one count of Attempted Receipt and Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and one count of Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2). Id. On December 10, 2015, a jury found defendant guilty on both counts. Dkt. 159.

Prior to sentencing, the Court vacated defendant's conviction for receipt of child pornography on the grounds that it was "multiplicitous." Dkts. 207, 210. On August 29, 2016, the Court sentenced defendant to 41 months imprisonment followed by a life term of supervised release, and ordered him to pay restitution in the amount of $3,430. Dkt. 215.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                           **'O'**

On February 8, 2017, defendant filed a direct appeal of his conviction before the Ninth Circuit. See Ninth Circuit Case No. 16-50339, dkt. 31. On October 2, 2018, a three-judge panel affirmed defendant's conviction. United States v. Gartenlaub, 751 F. App'x 998, 999 (9th Cir. 2018). On April 22, 2020, defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction for knowingly possessing child pornography under 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2), or, in the alternative, for the Court to grant a new trial or vacate his life term of supervised release. Dkt. 254. On August 5, 2022, the Court denied his petition, finding that his claims were barred by the general relitigation bar and the Fourth Amendment relitigation bar. Dkt. 279.

On August 24, 2022, defendant filed an appeal of the Court's ruling on his habeas petition. Dkt. 286. On December 5, 2024, the Ninth Circuit affirmed the Court's ruling. Dkt. 290.

On December 10, 2024, defendant filed an application for leave to file a second or successive § 2255 motion. See Ninth Circuit Case No. 24-7437, dkt. 11. On March 18, 2025, the Ninth Circuit denied defendant's application for authorization to file a second or successive § 2255 motion. See id., dkt. 17. The Ninth Circuit concluded that defendant had not made a prima facie showing under § 2255(h) of (1) newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty; or (2) a new rule of constitutional law, made retroactive by the United States Supreme Court, that was previously unavailable. See id. The Ninth Circuit also stated that "[n]o further filings will be entertained in this case." See id.

On May 8, 2025, defendant, proceeding *pro se*, filed three of the four motions presently before the Court. He filed a motion for appointment of counsel and for equitable tolling, dkt. 297 ("Mot. 1"); a motion to obtain all trial exhibits, dkt. 298 ("Mot. 2"); and a motion for exemption from Public Access to Court Electronic Records ("PACER") fees, dkt. 300 ("Mot. 3"). [1] On May 30, 2025, defendant filed a fourth motion, also regarding exemption from PACER fees, dkt. 301 ("Mot. 4"). Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   DISCUSSION

### A. Appointed Counsel and Equitable Tolling

In his first motion, defendant argues that he is entitled to appointed counsel for his forthcoming motions for post-conviction relief. Mot. 1 at 1. Defendant asserts that counsel is

---

[1] On the same day, defendant also filed a "Motion for Authorization of Cross-Border Travel for Urgent Dental Care." Dkt. 298. The Court set a briefing schedule for this motion, see dkt. 203, and reserves judgment on it until the scheduled hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**          'O'

required because his claims involve national security-related material, technical forensic matters, and constitutional violations. Id. at 2. Further, defendant states that he cannot afford retained counsel because is permanently disabled and receives Social Security Disability Insurance ("SSDI"). Id. at 1. Defendant also requests equitable tolling of any applicable deadlines for his post-conviction filings. Id. at 1. He contends that he is entitled to equitable tolling because of newly discovered material evidence since the denial of his prior post-conviction filings. Id. According to defendant, this evidence includes: "forensic evidence suggesting post-search manipulation and forensic irregularities"; "testimonial and documentary evidence of prosecutorial misconduct," such as Brady violations and an allegedly "coercive waiver of [defendant's] FISA [Foreign Intelligence Surveillance Act] suppression challenges"; "[d]iscovery violations and trial-level errors"; and "evidence of a fraud on the [C]ourt" at trial. Id. at 2.

As an initial matter, it is unclear whether defendant intends to file a successive § 2255 petition or a Rule 60(b) motion. To the extent defendant seeks to file a successive § 2255 petition, the Court finds that it lacks jurisdiction to review it, as there is no indication that defendant has received permission from the Ninth Circuit to file it. See Cunningham v. Davis, 614 F. App'x 922, 925 (9th Cir. 2015). To the contrary, the Ninth Circuit denied defendant's motion for leave to file a successive petition on March 18, 2025. See Ninth Circuit Case No. 24-7437, dkt. 17. To the extent defendant seeks to file a Rule 60(b) motion for relief from his criminal conviction, the Court finds that Rule 60(b) "is civil in nature and does not apply to criminal convictions." United States v. Okun, No. CR 08-00606 SI, 2010 WL 4955597, at *2 (N.D. Cal. Dec. 1, 2010) (citing United States v. McCalister, 601 F.3d 1086, 1087 (10th Cir. 2010)). To the extent defendant seeks to file a Rule 60(b) motion for relief from the Court's denial of his initial § 2255 petition, the Court notes that it must not be a "disguised second or successive § 2255 motion" barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Washington, 653 F.3d 1057, 1060 (9th Cir. 2011).

"Some Rule 60(b) motions are available to federal habeas petitioners despite the enactment of the [AEDPA]." Martinez v. Shinn, 33 F.4th 1254, 1262 (9th Cir. 2022). AEDPA requires that second or successive habeas petitions satisfy three requirements: (1) "any claim that has already been adjudicated in a previous petition must be dismissed"; (2) "any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new or retroactive rule of constitutional law or new facts showing a high probability of actual innocence"; and (3) "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Id. (citing Gonzalez v. Crosby, 545 U.S. 524, 529–30 (2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                'O'

"However, [w]hen no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application, and therefore the motion may be considered by a district court. Rule 60(b) motions alleging a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar, or alleging some defect in the integrity of the federal habeas proceedings, such as [f]raud on the federal habeas court, do not advance a 'claim' and are permitted despite AEDPA. On the other hand, motions asking for a second chance to have the merits determined favorably are not." Id. (citations and quotations omitted).

On this record, it appears that defendant seeks to file a disguised successive § 2255 motion, not a valid Rule 60(b) motion. Defendant suggests that his forthcoming motion will argue that due to "uncovered" evidence of "post-search manipulation," "prosecutorial misconduct," "[d]iscovery violations and trial-level errors," and "a fraud on the [C]ourt" at trial, defendant is entitled to relief from judgment and a re-opening of his § 2255 proceeding. See Mot. 1 at 2. However, all of these arguments appear to "ask[] for a second chance to have the merits determined favorably," and are therefore not appropriately considered under Rule 60(b) in this context. See Martinez, 33 F.4th at 1262. Defendant does not argue that there was a defect in the integrity of his federal habeas proceeding or that a previous ruling erroneously precluded a merits determination during his federal habeas proceeding. See id. Therefore, at this juncture, it appears that defendant seeks to improperly file a disguised successive § 2255 petition, prohibited under AEDPA. See id.

Even assuming *arguendo* that defendant seeks to file a valid Rule 60(b) motion that is not a disguised successive § 2255 petition, the Court determines that appointed counsel is not warranted at this time. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), if the Court determines that "the interests of justice so require, representation may be provided for any financially eligible person" seeking relief under § 2255. "[I]n some cases, a court must appoint counsel when the 'circumstances of the defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel.'" Guerrero Lamas v. Dexter, 2011 WL 488872, at *2 (C.D. Cal. Feb. 4, 2011) (quoting Dillon v. United States, 307 F.2d 445, 447 (9th Cir. 1962)). "Absent such circumstances, the decision of whether to appoint counsel pursuant to 28 U.S.C. § 3006A is left to the sound discretion of the trial court." Id. (citing Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980) and Dillon, 307 F.2d at 447). At this juncture, the Court finds that the instant circumstances do not warrant appointment of counsel. While defendant argues that the issues are complex, the Court is well-versed in the background of this case, and because defendant has not yet filed his Rule 60(b) motion, the Court cannot examine any new issues from the motion itself. See also Hunter v. Martinez, No. 2:20-CV-04993-JAK-SHK, 2020 WL 6136787, at *5 (C.D. Cal. Sept. 14, 2020) (denying petitioner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**              'O'

motion for appointment of counsel when petitioner argued that the case involved complex issues but had not yet filed his amended petition).

Additionally, the Court finds that a ruling on equitable tolling of defendant's filing deadline is not proper at this stage, given that defendant has not yet filed his Rule 60(b) motion. The Court concludes that it is appropriate to deny defendant's request and permit him to renew his arguments at the time such a filing is made. See, e.g., United States v. Awdatalla, No. CR21-0111JLR, 2023 WL 3948317, at *2 (W.D. Wash. June 12, 2023) (denying defendant's request for equitable tolling before he had filed his § 2255 motion, because "[t]he court is unaware of any authority that empowers it to preemptively extend the deadline to file a § 2255 motion.").

### B. Trial Exhibits

In his second motion, defendant requests the Court's assistance in obtaining the "complete and certified set of all trial exhibits entered into evidence" in his criminal case. Mot. 2 at 1. Defendant asserts that he has obtained "what he believes to be a subset of prosecution exhibits disclosed the day before trial," and now seeks to compare this subset with the certified list of all trial exhibits, in order "to determine whether there were any discrepancies or violations of discovery obligations[.]" Id. Defendant argues that access to the trial exhibits is critical to support his "forthcoming" filings for post-conviction relief. Id.

The Court finds that defendant's request for all trial exhibits fails. To the extent that defendant intends to use this evidence to file a successive § 2255 petition after obtaining authorization from the Ninth Circuit, the Court is precluded from ordering the production of evidence without such a petition pending before it. See Calderon v. U.S. Dist. Court for the N. Dist. of California, 98 F.3d 1102, 1106 (9th Cir. 1996) (finding that inmate was not entitled to obtain discovery prior to filing of federal habeas petition because "pre-petition discovery is impermissible[.]"). To the extent that defendant intends to use this evidence to file a Rule 60(b) motion, the Court refers to its initial finding that defendant's forthcoming filing under Rule 60(b) appears to be improper. Requests for discovery brought under Rule 60(b) that are "disguised second or successive habeas applications" are barred. Martinez v. Shinn, 33 F.4th at 1264.

### C. PACER Fee Exemption

In his third motion, defendant expressly states that he is preparing a motion under Rule 60(b) for post-conviction relief, which requires access to prior pleadings, motions, orders, and docket entries through the PACER system. Mot. 3 at 1. He requests an exemption from all PACER fees from May 1, 2025 to May 1, 2026, stating that he cannot afford the per-page costs of PACER because he is permanently disabled and reliant on SSDI. Id.

In his fourth motion, defendant clarifies his third motion regarding PACER. Mot. 4 at 2. He states that in early 2025, he filed a motion for leave to file a second and successive § 2255

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**                                   **'O'**

petition before the Ninth Circuit, accompanied by a motion for exemption from PACER fees. Id. Defendant asserts that the Ninth Circuit denied his motion for leave "due to procedural errors" and denied his motion for exemption from PACER fees "without considering its merits." Id. According to defendant, he now "faces a PACER balance that [he is] unable to pay" and is "at risk" of losing access to the system. Id. He therefore requests that the Court waive his PACER balance from January 1, 2025. Id.

The Court finds that defendant is not entitled to an exemption from PACER fees on this record. As directed by Congress, the Judicial Conference has determined the fees charged for using the PACER system in the Electronic Public Access Fee Schedule (the "Fee Schedule"). See U.S. Cts., Electronic Public Access Fee Schedule, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (last visited June 6, 2025). According to the Fee Schedule, all parties and attorneys of record, including *pro se* litigants, receive one free electronic copy of documents filed with the Court if they are registered with the Court's CM/ECF system. Id. If not, a party will receive a copy of all orders and filed documents via mail. Id. If a party elects to access records electronically, the PACER fee is a modest $0.10 per page retrieved, and the charge for any document is capped at $3, which is equivalent to 30 pages. Id. No fee is owed for PACER access until the account holder has accrued charges exceeding $30 in a quarterly billing cycle. Id. Further, no fee is charged for access to judicial opinions, or for any information or documents viewed at a courthouse public access terminal. Id. "Courts may exempt certain persons or classes of persons" from PACER fees, including indigent parties. Id. In considering granting an exemption from PACER fees, the Court must find that a party has "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." Id. If granted, "the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption." Id.

"Exemptions from PACER user fees are uncommon." Katumbusi v. Gary, No. 2:14-CV-1534 JAM AC, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014). Here, the Court finds that defendant has not established that an exemption of PACER fees is warranted. Defendant has not attached any documentation showing his outstanding PACER balance, how PACER was used for his motion before the Ninth Circuit, or how PACER will be used for his forthcoming Rule 60(b) motion. See Mintz v. Nw. Mut. Life Ins. Co., No. 2:24-CV-05494-MRA-MAA, 2025 WL 1108230, at *1 (C.D. Cal. Mar. 24, 2025) (denying exemption request for accrued and future fees, in part because plaintiff had not provided any evidence of her PACER balance or justification that her request was necessary); Klement v. Lizola, No. EDCV18-560-RGK-AGR, 2020 WL 13609404, at *1 (C.D. Cal. July 10, 2020) (noting that plaintiff was required to provide a copy of his PACER bill and explanation of how PACER was used before his PACER fees were waived).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**              **'O'**

Additionally, while plaintiff's first motion states that he concurrently filed an application to proceed *in forma pauperis* and a declaration of indigency, see Mot. 1 at 1, it appears to the Court that these materials were never filed. Plaintiff's fourth motion notes that the Court previously found him indigent, apparently referring to the Court's order dated September 9, 2016, dkt. 223, which granted defendant's motion for leave to file a direct appeal of his conviction *in forma pauperis*. See Mot. 4 at 2. Even if defendant was deemed to be eligible for *in forma pauperis* filing again, "*[i]n forma pauperis* status alone does not support a request to waive PACER fees." Katumbusi, 2014 WL 5698816, at *4. Accordingly, defendant has not shown how PACER fees will pose an unreasonable burden to him or why the automatic exemptions in the Fee Schedule are not sufficient to enable him to prepare his forthcoming Rule 60(b) motion. See also Raiser v. City of Temecula, No. ED CV 17-00217-RGK-RAO, 2018 WL 6219906, at *2 (C.D. Cal. June 22, 2018) ("In light of the automatic fee exemptions to the Electronic Public Access Fee Schedule and modest PACER fees, the Court finds that Plaintiff is not unreasonably burdened and has reasonable access to his case information."); Soper v. United Airlines, Inc., No. 8:23-CV-02325-FWS-ADS, 2024 WL 3915112, at *2 (C.D. Cal. July 3, 2024) ("[T]he court finds Plaintiff's reliance on his indigent status alone does not adequately show that PACER fees should be waived.").

Separately, the Court acknowledges that, in addition to the PACER motions filed on May 8, 2025 and May 30, 2025, defendant filed an "Emergency Notice Regarding PACER Access, Reply Filing, and Pending Motion" on July 2, 2025. Dkt. 308. The Court has directed defendant to respond to the issues raised in this notice at a hearing on July 14, 2025.

### III. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motions without prejudice.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |