TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
IRICEL E. PAYANO (Cal. Bar No. 349141)
Assistant United States Attorney
Post-Conviction and Special Litigation Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3899
Facsimile: (213) 894-0141
E-mail: Iricel.Payano@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KEITH GARTENLAUB,<br><br>Defendant. | CR No. 14-0173-CAS<br><br>GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B) |

Plaintiff, by and through its attorney of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Iricel E. Payano, hereby moves to dismiss defendant's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

/ / /

/ / /

/ / /

The government's motion is based on the attached memorandum of points and authorities and the records and files in this case and in related case CV No. 20-3711.

Dated: October 26, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

*/s/*

IRICEL E. PAYANO
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant seeks relief under Federal Rule of Civil Procedure 60(b) from a judgment, upheld by the Ninth Circuit, denying the § 2255 motion he filed in April of 2020. (Dkt. 237.)[1] Defendant's Rule 60(b) motion alleges one purported deficiency: the absence of a "testable habeas record" sufficient to support the denial of his first § 2255 motion. However, his purported "testable habeas record" prerequisite is merely a vehicle for relitigating underlying collateral claims, not an independent defect in the habeas proceeding. This motion is therefore a second or successive § 2255 motion, and because defendant lacks authorization to file it from the Ninth Circuit under 28 U.S.C. § 2255(h), the government respectfully requests that the motion be dismissed.

## II. RELEVANT FACTUAL BACKGROUND

### A. The Prior Proceedings

On September 6, 2012, a jury convicted defendant of knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). For this offense, he was sentenced to 41-months' imprisonment, followed by a lifetime term of supervised release. (Dkt. 215.) The Ninth Circuit affirmed the verdict on October 2, 2018, finding "(1) sufficient evidence to sustain [defendant's] conviction for knowing possession of child pornography; (2) that the district court did not commit plain error by failing to suppress the evidence from [defendant's] computer; (3) that the [Foreign Intelligence Surveillance Act] warrant was

[1] "Dkt." refers to the clerk's record in this case and is followed by a docket entry number.

supported by probable cause and (4) after conducting an in camera review of the [Foreign Intelligence Surveillance Act] materials, that disclosing those materials to [defendant] 'was not necessary to make an accurate determination of the legality of the search,' and therefore did not violate his due process rights." (Dkt. 290 citing United States v. Gartenlaub, 751 F. App'x 998 (9th Cir. 2018).)

On or about March 30, 2020, the Department of Justice's Office of the Inspector General ("OIG") issued a memorandum detailing preliminary findings of an audit which found deficiencies in 29 Foreign Intelligence Surveillance Act ("FISA") applications. Relying on that memorandum, on April 22, 2020, defendant filed a motion for relief pursuant to 28 U.S.C. § 2255. (Dkt. 254, hereafter referred to as the "first § 2255 motion".) In the first § 2255 motion, defendant raised two claims: (1) that awareness of the findings in OIG's memorandum would have led to a different outcome and (2) that the memorandum included "new evidence" which constituted a denial of his "right to put on a complete defense." (Id.) Before the Court ruled on the motion, the government submitted a supplemental filing, which included an OIG letter dated September 24, 2021. (Dkt. 277.) The OIG letter concluded that upon a "review of the information provided by [defendant], the criminal case documents, decisions of the District Court and Court of Appeals, and the FISA materials, the OIG concluded that no further investigation by the OIG in this matter is warranted." (Id.) On August 5, 2022, this Court denied the first § 2255 motion, holding all claims barred pursuant to law of the case doctrine and the Fourth Amendment claims additionally barred by Stone v. Powell, 428 U.S. 465 (1976). (Dkt. 279.)

### B. Defendant's § 2255 Appeal

In connection with the first § 2255 motion, the Ninth Circuit granted a Certificate of Appealability on the issue of "whether, in light of new evidence, the district court properly determined appellant's claims are barred by Stone v. Powell, 428 U.S. 465 (1976) or the law of the case doctrine." (Dkt. 287.) On December 5, 2024, the Appellate Court affirmed denial of the first § 2255 motion holding that defendant's claims were barred by the law of the case doctrine and finding that none of the doctrine's exceptions applied. (Dkt. 290.)

### C. The Present Motion

On August 13, 2026, defendant filed the present Rule 60(b) motion. (Dkt. 357, Defendant's Motion ("Def. Mot.")) In the motion, defendant claims that the habeas proceeding closed through procedural doctrines "without a record showing what the prior non-adversarial review and the OIG closure actually tested, compared, or resolved." (Def. Mot. at 13.) Defendant's allegations of perceived evidentiary and legal assumptions (id. at 19-20 and 21-22) are included to support the asserted record deficiency (id. at 21 and 23). Defendant requests "reopening . . . the § 2255 judgment . . . so the Court can determine . . . whether the procedural predicates used to close the habeas proceeding were supported by a reliable record." (Id. at 7.) In short, defendant requests the Court determine whether the denial of his first § 2255 motion is supported by a "testable habeas record." (Id. at 29.) After establishing such a record, defendant then asks the Court to determine "whether the prior procedural bars and assumptions" supporting the § 2255 judgment "remain reliable." (Id. at 30.)

## III. ARGUMENT

### A. Defendant's Rule 60(b) Motion Is a Disguised Second or Successive § 2255 Motion.

It is well-settled that § 2255 is the exclusive means by which a federal prisoner can bring a motion to attack his or her sentence and underlying conviction. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (stating that "[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention"). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) enacted restrictions on the abilities of federal prisoners to use § 2255. Relevant to this case, § 2255(h) limits "second or successive motions" to those which have been certified by a panel of the appropriate court of appeals as being supported by either (1) newly discovered evidence such that no reasonable fact-finder could find guilt or (2) a new rule of constitutional law applied retroactively by the Supreme Court. 28 U.S.C. § 2255(h).

Defendant files the instant motion not under § 2255 but rather under Federal Rule of Civil Procedure 60(b). Although Rule 60(b) is not explicitly covered by AEDPA's restrictions, a defendant may not "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA." Jones v. Ryan, 733 F.3d 825, 833 (9th Cir. 2013) (quoting Calderon v. Thompson, 523 U.S. 538, 547 (1998)). For this reason, if a defendant's Rule 60(b) motion is actually a "disguised" § 2255 motion, it is subject to AEDPA's restrictions. United States v. Washington, 653 F.3d 1057, 1059-60 (9th Cir. 2011).

To determine whether a Rule 60(b) motion is a disguised § 2255 motion, the Ninth Circuit applies the Supreme Court's test in Gonzalez v. Crosby, 545 U.S. 524 (2005). Washington, 653 F.3d at 1062. A valid Rule 60(b) motion is one that asserts a procedural defect in the habeas proceeding itself. Id. at 1063. On the other hand, if a motion advances substantive claims in a second attempt "to have the merits decided favorably," it is treated as a second or successive § 2255 petition. Id. Examples of such claims include, inter alia: new grounds for relief, attacks on the habeas court's decision on the merits, and challenges to the determination that petitioner had no grounds for relief. Id. (quoting Gonzalez, 545 U.S. at 532 n.4). Thus, the distinction turns on the substance of defendant's allegations and requested relief, not his characterization of them as procedural.

Here, defendant's motion advances one asserted deficiency, supported by ancillary allegations: the supposed absence of a "testable habeas record" on which the Court could deny defendant's first § 2255 motion. (See Def. Mot. at 13-14, 29.) However, the record development demanded by defendant requires re-treading issues already decided prior to trial and reaffirmed by the Ninth Circuit on appeal. For example, defendant specifically points to the FISA application materials as necessary components of a "testable habeas record." (See id. at 11-12.) According to defendant, after the Court assists in the creation of such a "testable habeas record" he would then request that it determine whether the "prior procedural bars and assumptions" underpinning the § 2255 judgment "remain reliable." (Id. at 30.) And, while defendant would have the Court believe that this is where the inquiry would end, such a conclusion

defies logic absent a subsequent reconsideration of the judgment. In substance, defendant seeks to reopen the very matters underlying his collateral claims, develop them further, and then obtain reconsideration of the judgment denying relief. His asserted prerequisite thus serves the renewed collateral attack rather than identifying an independent failure in the integrity of the habeas proceeding.

Gonzalez permits a challenge confined to an erroneous ruling that prevented merits review. 545 U.S. at 532 n.4. The government's objection is not that defendant questions the procedural bars, but that his requested remedy advances the underlying substantive claims themselves. Calling the desired evidentiary development a "testable" habeas record does not change that purpose. Defendant cannot avoid the successive-motion requirements by making renewed development of his collateral claims a purported condition of leaving the prior judgment intact. See id. at 531-32. Ultimately, the motion seeks another opportunity to substantiate the grounds for relief and obtain a different outcome and, as such, is exactly the type of "second chance" to have the merits decided in his favor that counts as a substantive claim under Gonzalez. Washington, 653 F.3d at 1063 ("[A] motion that does not challenge the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably, is raising a claim that takes it outside the purview of Rule 60(b)." (internal quotation marks omitted)).

**B. Defendant Failed to Obtain the Permission of The Ninth Circuit Court of Appeals to File a Successive § 2255 Motion.**

A second or successive § 2255 motion may be entertained by a district court only if a defendant obtains the permission of the court of appeals to file the motion with the district court. 28 U.S.C. § 2255(h); see also Ninth Cir. R. 22-3(a). As discussed above, defendant previously filed a § 2255 motion on April 22, 2020. (See dkt. 237.) Nevertheless, petitioner filed a second § 2255 motion directly with this Court. As such, he failed to comply with the procedural requirements for filing a second or successive § 2255 motion, and his motion must be dismissed. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).

**C. Defendant Could Not Satisfy the Standards for Filing a Successive § 2255 Motion.**

"When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h)." Washington, 653 F.3d at 1059-1060 (9th Cir. 2011). To meet the relevant criteria, a petitioner must establish that a second or successive § 2255 motion contains either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); United States v. Villa-Gonzalez, 208 F.3d 1160, 1164 (9th Cir. 2000). Defendant fails to meet either of these requirements.

First, defendant does not allege that his motion is based on a new rule of constitutional law. Second, defendant does not and cannot allege any "newly discovered evidence" relevant to his guilt on the offenses for which he was convicted. Indeed, the Ninth Circuit has already expressly stated that the "OIG's findings provide no new evidence relating to [defendant's] case." (Dkt. 290.)

Consequently, even if defendant had requested certification from the Ninth Circuit, such a request would have been denied.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court construe defendant's Rule 60 motion as a disguised motion under 28 U.S.C. § 2255, and dismiss it as procedurally barred.